**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

# MEMO ENDORSED

September 26, 2024

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

> This issue will be addressed at the conference scheduled for October 4, 2024. Defendant is directed to respond to this letter by October 2, 2024. SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: 9/27/24
> New York, New York

Re:   <u>Brous et al. v. Eligo Energy, LLC, et al.</u>, No. 1:24-CV-1260 (ER)

Dear Judge Ramos,

We represent the Plaintiffs and the proposed Class. Pursuant to Rule 2.A of the Court's Individual Rules, we write to raise a ripe discovery dispute concerning Plaintiffs' intended deposition of Defendant Eligo Energy NY, LLC ("Eligo") pursuant to Rule 30(b)(6). The Parties met and conferred regarding this dispute via exchanged letters and email correspondence, but have not resolved the issues. Plaintiffs attempted to meet and confer via teleconference at an agreed upon time on September 26, 2024, but Defendants' counsel refused to participate and unilaterally terminated the teleconference less than two minutes after it began.[1]

As the Court is aware, the Parties have spent the last two months on threshold discovery issues, including ESI-related issues. During a meet and confer on July 24, Eligo informed Plaintiffs that it had yet to designate an ESI liaison and was unsure if anyone at the company could assume that role.[2] *See* Ex. 1, p. 8. Plaintiffs advised that they intended to notice a 30(b)(1) deposition of Mike Sandler, identified via LinkedIn as Eligo's Chief Information Officer. *Id.* Plaintiffs also advised that the deposition would focus on Eligo's potential ESI sources and high-level inquiries intended to identify other sources of discoverable information. *Id.* at 3, 8. In response, Eligo suggested that Plaintiffs notice two distinct 30(b)(6) depositions: one concerning discovery issues, one concerning substantive issues. *Id.* Plaintiffs agreed to consider the proposal, provided it would

---

[1] Due to Eligo's multiple prior misrepresentations to the Court regarding the content of the Parties' conferrals (*see, e.g.*, ECF Nos. 51 and 53, where Eligo's counsel falsely represented that Plaintiffs' counsel did not identify specific issues that were ripe for the Court's attention), Plaintiffs' counsel notified Eligo by email on September 5, 2024, that future conferrals would be recorded. Plaintiffs' counsel reiterated at the outset of today's meet and confer that the meeting was being recorded to preserve a record of the discussion. Ignoring the fact that New York is a one-party consent state, Eligo's counsel stated that they did not consent to being recorded and, on that basis, refused to participate in the meet and confer.

[2] An "ESI liaison" is "a person with particular knowledge and expertise about the parties' electronic systems and the e-discovery process, who can be prepared to participate in informal resolution of ESI disputes between the parties and presentation of issues to the Court should the need arise." *Rules of the Trial Courts of the State of New York, Guidelines for Discovery of Electronically Stored Information*, https://www.nycourts.gov/LegacyPDFS/RULES/trialcourts/Ex%20A%20-%20Appendix%20A.pdf (last visited Sept. 26, 2024).

not restrict their ability to later notice a second 30(b)(6) deposition on substantive merits and class certification issues. *See id.* at 8.

On July 26, Plaintiffs rejected Eligo's proposal and instead issued a 30(b)(1) notice to Mr. Sandler. *See id.*; Ex. 2 (deposition notice of Mike Sandler). On August 2, Eligo informed Plaintiffs that "Mike Sandler no longer works for Eligo and has not for some time (he hasn't updated his LinkedIn)." *See* Ex. 1, p. 3. Instead, Eligo "suggest[ed] a 30(b)(6) depo on the IT issues and one on substantive issues, as we suggested on the call." *Id.* Plaintiffs ultimately agreed, with the understanding that conducting a 30(b)(6) deposition on threshold discovery issues would not limit their right to a separate 30(b)(6) on substantive issues. *See* Ex. 3, p. 2 (memorializing, without objection from Defendant, that "[t]he parties agreed that Plaintiffs could take an early 30(b)(6) deposition related to ESI and locations of potentially relevant information without prejudice to their later noticing a 30(b)(6) deposition on substantive merits and class certification issues"). Eligo agreed, and on August 20, Plaintiffs served two separate 30(b)(6) notices, detailing the topics for each and directing Defendants to identify 30(b)(6) witnesses by ten days prior to each deposition. *See* Exs. 4 & 5. Defendants raised no objections to either deposition notice. The Parties scheduled the first deposition for September 17 and the second for October 10. *Id.*

Then, and despite Plaintiffs' multiple prior requests that Eligo identify its witness, it was not until the afternoon before the first deposition—September 16—that Eligo revealed that Mr. Sandler would be its 30(b)(6) representative for all topics in the first deposition. On September 17, Plaintiffs deposed Mr. Sandler for five hours and ten minutes.

Reversing course, Eligo now claims Plaintiffs have less than two hours to depose its yet-to-be-identified 30(b)(6) designee(s) for the second deposition—effectively combining the two distinct 30(b)(6) depositions that Eligo itself suggested. Eligo's position contravenes the Parties' agreement and the Federal Rules of Civil Procedure.

The Rules entitle Plaintiffs to conduct a seven-hour deposition for each 30(b)(6) witness that Eligo designates as knowledgeable on the noticed topics. *See* Fed. R. Civ. P. 30(d) advisory committee's note to 2000 amendment ("[F]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition."); *see also Woelfle v. Black & Decker (U.S.) Inc.*, No. 18-CV-486, 2020 WL 1180749, at *2 (W.D.N.Y. Mar. 12, 2020) (denying protective order motion to limit total Rule 30(b)(6) time to seven hours and holding that "Rule 30(d)(1) clearly and specifically places a seven-hour default time limit on individual depositions; it does not reference the total time spent in deposition. Hence, Plaintiff is entitled to allot seven hours of time for each witness deposition."); *Mobile Telcoms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2015 U.S. Dist. LEXIS 192764, at *15–16 (N.D. Tex. July 15, 2015) ("Although Plaintiff has already deposed two 30(b)(6) corporate witnesses, Plaintiff need not seek leave for additional 30(b)(6) deposition testimony on topics different from those previously noticed.").

Further, the Parties specifically agreed that proceeding with two distinct 30(b)(6) depositions would not limit Plaintiffs' rights provided under the Rules. Yet Eligo now wrongly claims that Plaintiffs cannot elicit the full 30(b)(6) testimony they noticed on August 20 (which topics Eligo

did not object to), because Plaintiffs used five hours on the first 30(b)(6) deposition. The Court should reject such sharp tactics.

And in any event, the Court has discretion to direct that the Rule 30(b)(6) deposition noticed for October 10 be permitted to last a full seven hours. *See Tri-Star Pictures, Inc. v. Unger*, 171 F.R.D. 94, 101–03 (S.D.N.Y. 1997) (granting motion to allow second Rule 30(b)(6) deposition and noting that "the availability of a second deposition is left to the discretion of the trial court" (quotation omitted)). Here, the first deposition focused on ESI issues, and the only reason Plaintiff issued the first Rule 30(b)(6) notice was because Eligo otherwise declined to identify a person knowledgeable of its electronic record systems. In fact, Eligo designated Mr. Sandler as the representative for the first ESI Rule 30(b)(6) deposition even though it previously claimed he has not been employed "for some time." Plaintiffs' second Rule 30(b)(6) deposition is focused on substantive issues. Accordingly, there is no undue burden in requiring Eligo to prepare a witness for all designated topics. Indeed, Eligo has already agreed to do so; the only issue is how long the deposition will take. A few extra hours of deposition time in a multi-million-dollar class action is hardly disproportionate given that Eligo has already agreed to prepare its witness on all noticed topics.

Considering Eligo's current position, which contradicts the Parties' agreement and Rule 30, Plaintiffs ask that the Court direct Eligo to allow the Rule 30(b)(6) deposition noticed for October 10 to proceed up to the full seven hours permitted under the rules.

Thank you for the Court's attention to this matter.

Dated: September 26, 2024                               Respectfully submitted,

                                                  By:   */s/ D. Greg Blankinship*
                                                        D. Greg Blankinship
                                                        Erin Kelley
                                                        **FINKELSTEIN, BLANKINSHIP,**
                                                        **FREI-PEARSON & GARBER, LLP**
                                                        One North Broadway, Suite 900
                                                        White Plains, New York 10601
                                                        Tel: (914) 298-3281
                                                        Fax: (914) 824-1561
                                                        gblankinship@fbfglaw.com
                                                        ekelley@fbfglaw.com

                                                        J. Burkett McInturff
                                                        Tiasha Palikovic
                                                        Jessica L. Hunter
                                                        **WITTELS MCINTURFF PALIKOVIC**
                                                        305 Broadway, 7th Floor
                                                        New York, New York 10007
                                                        Tel: (917) 775-8862
                                                        Fax: (914) 775-8862

                                                   jbm@wittelslaw.com
                                                   tpalikovic@wittelslaw.com
                                                   jlh@wittelslaw.com

                                                 *Attorneys for Plaintiffs and the Proposed Class*

CC: All Counsel of Record via ECF