

October 22, 2024

**MEMO ENDORSED**
at page 3

**Via ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

Re:   <u>Brous, et al. v. Eligo Energy, LLC, et al.</u>, No. 1:24-CV-1260 (ER)

Dear Judge Ramos,

Pursuant to Local Rule 37.2 and Your Honor's Individual Practice 2.A.i., Plaintiffs and the proposed class request a pre-motion conference concerning Defendants' stated intent to apply two categories of improper redactions to their forthcoming ESI productions: (1) redacting portions of responsive documents they unilaterally determine are not relevant; and (2) redacting personally identifiable information from documents other than large data compilations such as spreadsheets and data exports. As set forth below, the weight of authority rejects such redactions.

**Redactions For Relevance Are Improper.**

As Plaintiffs have repeatedly reminded Defendants, the case law is clear: relevancy redactions are improper. *See Trireme Energy Holdings, Inc. v. Innogy Renewables US LLC*, No. 20 Civ. 5015, 2022 WL 621957, at *2 3 (S.D.N.Y. Mar. 3, 2022) ("In this Circuit, the weight of authority goes against allowing a party to redact information from admittedly responsive and relevant documents based on that party's unilateral determinations of relevancy.") (citation omitted). Nonetheless, Defendants' counsel admitted during an October 10, 2024 conferral that they intend to do just that: redact all information they deem irrelevant from Defendants' forthcoming ESI production, including from business communications such as emails and chats. This is improper.

As numerous courts have noted, redactions for relevancy "breed suspicions and deprive the reader of context." *Id.* at 55; *see also Christine Asia Co. v. Alibaba Grp. Holding Ltd.*, 327 F.R.D. 52, 55 (S.D.N.Y. 2018) (same); *Al Thani v. Hanke*, No. 20 CIV. 4765, 2022 WL 1684271, at *2 (S.D.N.Y. May 26, 2022) ("It is a rare document that contains only relevant information and irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.") (cleaned up). Indeed, courts recognize that redacting otherwise discoverable documents is "fraught with the potential for abuse." *IDC Fin. Publ'g, Inc. v. Bonddesk Grp., LLC*, No. 15 Civ. 1085, 2017 WL 4863202, at *2 (E.D. Wis. Oct. 26, 2017) (citation omitted); *see also Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, No. 16 Civ. 02791, 2018 WL 1891116, at *1 (S.D.N.Y. Apr. 3, 2018) ("Although not unlimited, relevance, for the purpose of discovery, is an extremely broad concept.") (internal citation omitted). Relevance redactions are especially inappropriate where, like here, there is a protective order in place. *See* ECF No. 38 (protective order); *see also Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592 (CS) (JCM), 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("[R]edactions on grounds of non-responsiveness or irrelevance are generally impermissible, especially where, as here, a

confidentiality stipulation and order . . . is in place."); *Trireme Energy*, 2022 WL 621957, at *2 (same).

Defendants offer no reason to depart from this established rule. They do not claim the redactions are based on any valid privilege, nor make any effort to establish "'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id*., at *3 (cleaned up) ((quoting Fed. R. Civ. P. 26(c)(1)); *see also John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) ("[R]edactions of portions of a document are normally impermissible unless the redactions are based on a legal privilege.").

Moreover, Defendants' insistence on applying unnecessary and impermissible redactions across their ESI production is irreconcilable with their repeated protests about the "burden" of discovery in this important class action litigation in which tens of millions of dollars are at stake. Judging by the volume of discovery in cases similar to this one,[1] this case is likely to involve tens (if not hundreds) of thousands of documents, and it makes no sense for a party concerned about burden to embark on the expensive task of redacting thousands of documents for relevance, not least because "the parties' stipulated protective order addresses any concerns that Defendants may have regarding the confidential or sensitive nature of the information redacted from documents." *Trireme Energy*, 2022 WL 621957, at *2 (cleaned up). There is no legitimate basis for Defendants' relevance redactions and Plaintiffs respectfully request that the Court order them to cease applying such reactions before substantial document production is underway.

**Redactions of PII In Standalone Documents Are Improper and Unnecessary.**

Plaintiffs do not object to Defendants' stated intent to redact personally identifiable information such as names and contact information ("PII") from its forthcoming production of large data compilations such as spreadsheets and database exports. However, consistent with Defendants' misguided view that they can impose relevancy redactions, defense counsel informed Plaintiffs on October 9 that they also intend on redacting PII from all other types of documents and ESI Eligo will be producing. This would result in redacting customer PII from, for example, emails containing escalated customer complaints, emails from customers to Eligo's leadership, and inquiries from non-customer third parties. This too is improper and unnecessary.

As with relevancy redactions, excising PII on the basis of privacy concerns where there is a protective order in place is improper. *See id.* at *2 ("[U]nilateral redactions based on concerns about personal privacy or business sensitivity are routinely disallowed, particularly where a protective order is in place allowing the parties to designate that information 'confidential' and restrict its use[.]"); *Christine Asia Co.*, 327 F.R.D. at 54. Nor can Defendants meet the good cause standard discussed above. There is no credible argument that disclosure of the PII involved here would cause "annoyance, embarrassment, oppression, or undue burden or expense."

---

[1] For example, in *Mirkin v. XOOM Energy, LLC,* No. 18 Civ. 2949 (ARR) (RER) (E.D.N.Y.), a class action against a third-party energy supply company ("ESCO") like Defendants, the defendant ESCO produced over 32,000 documents. Similarly, in *Rolland v. Spark Energy, LLC*, No. 17-2680 (D.N.J.), the defendant ESCO produced 185,000 documents.

In fact, it bears noting that any privacy concerns are overblown given the type of information Eligo seeks to redact. Unlike sensitive data such as personal health information, the PII at issue here boils down to basic contact information. Courts recognize that disclosure of such information "does not involve revelation of personal secrets, intimate activities, or similar private information, which have been found to be serious invasions of privacy." *Youngblood v. Family Dollar Stores, Inc.*, No. 09 Civ. 3176, 2011 WL 1742109, at *4 (S.D.N.Y. Jan. 5, 2011) (cleaned up).

The information Eligo seeks to redact will prevent Plaintiffs from being able to assess the source and relevancy of the information connected with the redacted PII, and (as Eligo appears to intend) it will prevent Plaintiffs from being able to identify potential witnesses. Moreover, the delay occasioned by redacting such information from individual documents is entirely wasteful and will prejudice Plaintiffs' prosecution of this important consumer protection matter. Defendants' obstruction of routine discovery progress has already resulted in Defendants producing just 1,740 pages of responsive material over five months of discovery. Allowing Defendants to impose a burdensome, oft-rejected, and time consuming chokehold on discovery is unwarranted. Plaintiffs respectfully request that the Court not allow Defendants to so prejudice Plaintiffs in their pursuit of compensation for the tens thousands of consumers that were overcharged when Defendants violated their obligations to "less-informed consumers in providing something as universally necessary as utility services." *Stanley v. Direct Energy Servs., LLC*, 466 F. Supp. 3d 415, 430 (S.D.N.Y. 2020).

Respectfully Submitted

/s/ J. Burkett McInturff
    J. Burkett McInturff

*Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record via ECF

---

Plaintiffs' request to preclude redactions of irrelevant portions of responsive documents is denied without prejudice. Plaintiffs' request to preclude redactions of personally identifiable information is denied.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: November 7, 2024
New York, New York