**WATSTEIN TEREPKA** LLP

Ryan Watstein
Ryan@wtlaw.com
404-782-0695

March 12, 2025

**MEMO ENDORSED**
at page 2

<u>VIA ECF</u>

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

Re:   *Brous v. Eligo Energy, LLC*, 24 Civ. 1260 – Defendants' Letter Motion for a Protective Order Memorializing the Parties' No Contact Agreement

Dear Judge Ramos:

  We represent Defendants in the *Brous v. Eligo Energy* action and request that the Court grant a protective order to memorialize the parties' agreement on a discrete discovery issue. The parties have agreed that in exchange for Defendants agreeing not to redact irrelevant material from otherwise discoverable documents, Plaintiffs will not use any personally identifiable information (PII) that is exchanged in discovery to contact Eligo's former or current customers, who may be members of the putative class Plaintiffs seek to represent. Plaintiffs have further represented that they have not used any PII exchanged in discovery to contact former or current Eligo customers to date. There is no disagreement on the substance of the agreement; however, Plaintiffs refuse to join in a stipulation, jointly modify the protective order, or otherwise formally memorialize their agreement not to use PII to contact customers. There is no principled reason why the parties' no contact agreement should remain separate and outside of the public record, especially considering that the parties' protective order (ECF No. 38) regulates every other aspect of the parties' use of confidential information exchanged in discovery.

  Good cause exists for a protective order reflecting the parties' agreement. There is no disagreement regarding the substance of the agreement, and formal protective orders—not side agreements between the parties—typically govern how the parties may use information exchanged in discovery. *Nichols v. Noom*, another class action brought by the same lawyers representing the Plaintiffs in this case, demonstrates the issues with relying on informal assurances in the absence of a formal protective order. In *Noom*, the defendant produced unredacted data in reliance on opposing counsel's assurances that they "would not use the unredacted contact information to solicit additional plaintiffs to serve as class representatives." *Nichols v. Noom*, 2021 WL 4150184, at *1 (S.D.N.Y. Sept. 13, 2021). Opposing counsel nevertheless argued that it could still use this information to contact class members and justified any such contact by distinguishing between soliciting fact witnesses and additional class representatives. The Court rejected this distinction as "too cute by half," granted defendants a protective order, and ordered opposing counsel to refrain "from

---

**Atlanta**
1055 Howe  M   Road, 8th F oor
At anta, GA 30318

**Los Angeles**
515 S. F ower Street, 19th F oor
Los Ange es, CA 90071

**Miami**
218 NW 24th Street, 3rd F oor
M am , FL 33127

 www.wtlaw.com       Ryan@wtlaw.com       404-782-0695

using the confidential contact information of putative class members to contact such class members during the pre-certification phase of this case." *Id.* at *2, *4. As shown by *Noom*, informal no-contact agreements simply leave too much play in the joints for misunderstandings about the precise parameters of any contact with putative class members. Moreover, the court acknowledged in *Noom* that a no contact order was necessary because "some portion of the putative class might be disturbed and offended if they are contacted by Plaintiffs' counsel and solicited to help with a litigation they know nothing about and from which they may never benefit." *Id.* at 2.

Defendants attempted to memorialize this agreement in either a so-ordered stipulation or a consent letter-motion and sought confirmation that Plaintiffs had not use any PII disclosed so far to contact Eligo customers. Plaintiffs ultimately, however, refused to agree to either a stipulation or consent letter-motion and argued that entering a formal protective order would be unnecessary and needlessly burdensome. But neither of these arguments holds water. The parties entered into a protective order at the beginning of the case to memorialize how they may use data exchanged in discovery, and there is no reason why the parties' agreement should not be memorialized in the same way. Moreover, *Noom* shows that a protective order is a standard way to formalize limits placed on a party's use of PII. Moreover, Defendants' request is not burdensome; because there is no dispute on the substance, the Court need only endorse this request, just as it has done for the many consent letter-motions filed to date in this litigation.

Ultimately, the Court should grant Defendants a protective order memorializing the parties' no contact agreement, or in the alternative, modify the existing protective order to reflect the same. A proposed order to that effect is attached as Exhibit A.

Respectfully,

*/s/ Ryan Watstein*

Ryan Watstein

---

At this juncture, and in the absence of allegations of wrongdoing, Counsel's representations that "Plaintiffs have not used, and will not use, personally identifying information (`PII') produced in discovery to contact absent class members," Doc. 172, is sufficient to satisfy the Court that Counsel will act accordingly. Defendants' motion is denied without prejudice to refile if circumstances warrant.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: March 18, 2025
New York, New York