UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IRA BROUS *and* MICHELLE SCHUSTER, *individually and on behalf of all others similarly situated*,

       Plaintiffs,

– *against* –

ELIGO ENERGY, LLC *and* ELIGO ENERGY NY, LLC,

       Defendants.

**OPINION & ORDER**

24-CV-01260 (ER)

Ramos, D.J.:

  Ira Brous and Michelle Schuster (together, "Plaintiffs") brought this putative class action against Eligo Energy, LLC and Eligo Energy NY, LLC (collectively, "Eligo") alleging breach of contract and violation of various state consumer protection statues.[1] Doc. 1. Before the Court is Plaintiffs' motion to substitute Anne Brous as plaintiff in place of her husband Ira Brous, who passed after the complaint was filed, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure. Doc. 87. For the following reasons, the motion is GRANTED.

**I. BACKGROUND**

  **A. Factual**

  Eligo is a company that sells natural gas and electricity across the United States. Doc. 120 ¶ 2. Plaintiffs are New York residents who separately contracted with Eligo for their residential electricity supply. *Id.* ¶¶ 12, 16. Eligo thereafter supplied electricity to Plaintiffs until Plaintiffs cancelled their contracts in November of 2023. *Id.* Plaintiffs

---

[1] Specifically, Plaintiffs allege Eligo violated the following materially identical statutes: Connecticut Unfair Trade Practices Act § 42-110b; Illinois Consumer Fraud Act § 505/2; Maryland Consumer Protection Act § 13-303, *et seq.*; Michigan Consumer Protection Act § 445.903; New Jersey Consumer Fraud Act § 56:8-2; New York General Business Law § 349; Pennsylvania Unfair Trade Practices and Consumer Protection Law § 201-2(4); and District of Columbia Consumer Protection Procedures § 28-3904, *et seq.* Doc. 120 ¶ 228.

initiated this putative class action on February 20, 2024, on behalf of all Eligo customers in the United States (the "Class") and all Eligo customers in New York (the "Subclass"). Doc. 1 ¶¶ 106, 107.

Plaintiffs allege that "Eligo's deceptive and bad faith pricing practices [] have caused tens of thousands of commercial and residential customers" across the United States "to pay considerably more for their electricity and natural gas than they should otherwise have paid."  Doc. 120 ¶ 1.  They assert the following causes of action:  on behalf of the Class, breach of contract and violations of the Connecticut Unfair Trade Practices Act § 42-110b, the Illinois Consumer Fraud Act § 505/2, the Maryland Consumer Protection Act § 13-303, the Michigan Consumer Protection Act § 445.903, the New Jersey Consumer Fraud Act § 56:8-2, the Pennsylvania Consumer Protection Law § 201-2(4), and the District of Columbia Consumer Protection Procedures § 28-3904; and, on behalf of the Subclass, breach of contract and violations of New York General Business Law § 349.  *Id.* ¶¶ 143–256.

Plaintiff Ira Brous ("Brous") died on March 23, 2024.  Doc. 89 ¶ 2.  He left a will in which he appointed his wife, Anne Brous ("Mrs. Brous"), to serve as executor of his estate. *Id.* ¶ 3.  Mrs. Brous subsequently "undertook to act as the voluntary administrator of funds due to [Brous'] estate." *Id.* ¶ 4.  On August 22, 2024, a New York state Surrogate's Court authorized Mrs. Brous to collect and receive damages awarded as a result of Brous' claims in this case.  Doc. 89-1.

### B.  Procedural

Plaintiffs amended their complaint on November 13, 2024.  Doc. 120.  Plaintiffs filed a suggestion of death as to Brous on August 12, 2024, Doc. 45, and a motion to substitute Mrs. Brous as plaintiff in place of Brous on October 25, 2024, Doc. 88.  In support of the motion, Plaintiffs filed a certificate of voluntary administration issued to Mrs. Brous by the Surrogate's Court.  Doc. 89-1.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 25(a)(1) governs the substitution of a deceased party:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

To prevail on a motion for substitution, the movant must show that (i) the motion is timely; (ii) the decedent's claims survive his death; and (iii) the proposed substitute is a proper party.  *CFS 12 Funding LLC v. Wiesen*, No. 21-cv-9711 (PKC), 2023 WL 3817910, at *1 (S.D.N.Y. Jun. 5, 2023).  Where these requirements are met, the motion for substitution will generally be granted.  *See Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) ("[I]t is difficult to imagine a case where discretion might properly be exercised to deny a motion to substitute for a deceased plaintiff made within the rule's time limits.").

## III.  APPLICATION

Eligo does not dispute the timeliness of Plaintiffs' motion.  Doc. 130 at 10.  Rather, Eligo argues that aspects of Brous' claims do not survive his death and that Mrs. Brous is not a proper party.

### A.  Survival of Claims

"To determine whether a claim survives a party's death under Rule 25(a)(1), courts must look to the law of the State whose substantive law governs the cause of action."  *Loguidice v. Gerber Life Insurance Co.*, No. 20-cv-3254 (KMK), 2023 WL 6162925, at *2 (S.D.N.Y. Sept. 21, 2023) (internal quotation marks and citation omitted).  Brous' claims—breach of contract and violations of New York General Business Law ("GBL")—arise under New York law.  Doc. 88 at 8.  The New York survivorship statute states: "No cause of action for injury to person or property is lost because of the death of

3

the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts Law § 11-3.2.

Courts applying this statute have found that contract and GBL claims constitute injury to property and therefore survive the death of the injured party. *See Loguidice*, 2023 WL 6162925, at *2 (collecting cases demonstrating survivorship of GBL claims); *see also Karoon v. Franklin, Weinrib, Rudell & Vassallo, P.C.*, No. 09-cv-6362 (DLC), 2010 WL 2143671, at *7 (S.D.N.Y. May 27, 2010) ("A decedent's executor or administrator can maintain a cause of action for breach of contract that decedent would have had."). Accordingly, Brous' claims survive his death.

Eligo does not challenge this reading of case law, but contends that such survivorship does not extend where, as here, the claims involve punitive damages and injunctive relief. Doc. 130 at 9–10.

Eligo relies on *Todd v. A Team Security Inc*, No. 20-cv-1568 (VMS), 2021 WL 11636881 (E.D.N.Y. Sep. 9, 2021) for the proposition that "actions which are penal in nature do not survive the death of a party." *Id.* at 10. Eligo argues that, because punitive damages and injunctive relief have been found to be penal in nature, such claims do not survive death. *Id.* But, as *Todd* makes clear, the limit on penal actions applies only to federal claims where the underlying statute "is silent as to whether a cause of action survives a plaintiff's death." *Todd*, 2021 WL 11636881 at *2 (citation omitted). For state law claims, "federal courts must apply state survival statutes." *Id.* at *3 (citation omitted).

Eligo also argues that Mrs. Brous has not "met her burden to prove that the out-of-state claims survived [Brous'] death." Doc. 130 at 9. The only authority Eligo cites in support is *Wang v. Griffin*, No. cv040199068S, 2004 WL 2095110 (Conn. Super. Ct. Aug. 18, 2004), in which the court addressed the survivorship of Connecticut Unfair Trade Practices Act ("CUTPA") claims. *Id.*; *Wang*, 2004 WL 2095110, at *2. Because Connecticut's survivorship statute has an explicit carveout for "any civil action upon a

4

penal statute," the question was whether CUTPA was a penal statute. *Wang*, 2004 WL 2095110, at *2. The court decided that "CUTPA is a remedial, not a penal, statute, and that such an action survives." *Id.* at *4.

Moreover, to satisfy Rule 25(a), Mrs. Brous need only prove that Brous' individual claims survive; the inquiry does not extend to claims Brous brought on behalf of others but did not himself have. *See Roe v. City of New York*, No. 00-cv-9062 (RWS), 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003) ("The substitute is thus not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent."). Because Brous did not have out-of-state claims, Mrs. Brous had no burden to prove that such claims survived his death.

### B. Proper Party

As a representative "lawfully designated by state authority to represent the decedent's estate," *Loguidice*, 2023 WL 6162925, at *4, Mrs. Brous is a proper party for substitution. Doc. 134 at 5. Eligo does not challenge "[Mrs. Brous'] substitution as to [Brous'] individual claims," but argues "it is improper for her to substitute in as a putative class representative." Doc. 130 at 1 n.1. Specifically, Eligo argues it is improper because "[Mrs. Brous'] has not established the required personal knowledge to ever be considered adequate or typical, two essential elements of class certification." *Id.* at 5. The Court disagrees.

Rule 25(a) is a procedural device allowing litigation to continue on a decedent's behalf. *Roe*, 2003 WL 22715832, at *3. The substituted party "need not have standing in his personal capacity, but rather stands in the shoes of the decedent." *Id.* Thus, "[Mrs. Brous] need not personally meet the requirements of being a class representative in order to substitute for [Brous'] in this litigation." *Id.*; *see Adler v. Bank of America, N.A.*, No. 13-cv-4866 (VB), 2015 WL 2330171, at *2 (S.D.N.Y. Mar. 24, 2015) (declining to consider arguments related to class certification in deciding motion for substitution).

5

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion to substitute is GRANTED.  The Clerk of the Court is respectfully directed to terminate the motion, Doc. 87.

It is SO ORDERED.

Dated:    April 22, 2025
           New York, New York

_____<br>EDGARDO RAMOS, U.S.D.J.