**FBFG** | Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

May 7, 2025

**Via ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

    Re: ***Brous, et al. v. Eligo Energy, LLC, et al.*, No. 1:24-CV-1260 (ER)**

Dear Judge Ramos,

On behalf of Plaintiffs and the proposed Class, we write pursuant to the Court's Individual Practice 2.A.ii to request a pre-motion conference on Plaintiffs' motion to amend the operative complaint.

In addition to conforming the complaint to reflect the Court's granting of Plaintiffs' motion to substitute Anne Brous for her late husband (ECF No. 192), Plaintiffs' proposed amended complaint seeks to narrow the proposed class definition to encompass only New York customers whose contracts contain a variable rate pricing term that matches the one in the Named Plaintiffs' contracts. Plaintiffs seek this relief to align their proposed class definition with the scope of discovery permitted by the Court, and to clarify that the claims and liability Eligo faces in this action do not overlap with proposed class claims it is currently facing in other federal courts in Pennsylvania and Ohio. The same plaintiff and defense counsel represent the parties in the Pennsylvania and Ohio cases.

Plaintiffs' proposed amended complaint is attached hereto as **Exhibit A**. A redline comparison showing the proposed changes to the operative complaint is attached hereto as **Exhibit B**. Prior to filing this application, Plaintiffs repeatedly made clear to Eligo that they will not seek to include any Eligo customers in more than one proposed class. Plaintiffs' counsel made this commitment multiple times in writing to Eligo, stated this on the record at the April 16 conference with Your Honor, wrote this in an April 24 Rule 26(f) report in *Orzolek v. Eligo Energy, LLC et al.*, Case No. 25 Civ. 00078 (E.D. Ohio), ECF No. 17 at 2–3, and wrote this in an April 25 Rule 26(f) report in *Bodkin et al. v. Eligo Energy LLC et al.*, No. 25 Civ. 96 (W.D. Pa.), ECF No. 33 at 3. During the May 2 Rule 16 conference in *Bodkin*, Plaintiffs' counsel also advised Judge Cathy Bissoon of these representations. When Eligo argued that our multiple commitments were insufficient, we asked if Eligo would consent to an amended complaint in this action. Eligo's counsel stated that it could not formulate its position without reviewing a proposed amended complaint.

That amendment was provided the next business day. When the parties discussed the proposed amendment during a May 7 meet and confer, Eligo refused to consent. Eligo made clear that it understands that Plaintiffs' proposed amendment eliminates any overlap—it limits the proposed class to only New York customers with identical variable rate pricing terms, while *Bodkin* and *Orzolek* are brought by Pennsylvania and Ohio customers whose purchases were governed by different pricing terms. Eligo's grounds for refusal are that it does not trust that we will not seek to expand *Brous* at a later date to overlap with *Bodkin* and *Orzolek*. That is not a sincere concern.

After all, the amended complaint moots Eligo's pending motion to "dismiss/strike," which seeks only that "Plaintiffs' out of state claims (i.e., those based on the laws of jurisdictions other than New York) must be dismissed." ECF No. 141 at 2. Eligo's motion maintains that customers outside of New York cannot participate in this case. *Id.* While Plaintiffs disagree with Eligo's legal basis, the Court should take note of Eligo's refusal to take "yes" for an answer. For these and the other reasons addressed below, the Court should allow Plaintiff to file their proposed amendment.

## I.     Relevant Background Regarding the Scope of the *Brous* Action

The pricing term in both Plaintiffs' contracts states that Eligo's variable rates "shall be calculated on a monthly basis in response to market pricing, transportation costs, and other market price factors." ECF No. 120 (First Amended Compl., "FAC") at ¶ 3. The FAC defines the proposed class as all U.S. residential and commercial customers "who were charged a variable rate for electricity or natural gas services by Eligo[.]" FAC at ¶ 128. Eligo has objected to the geographic scope of the class since this case began. *See* ECF No. 28 (Eligo motion to strike non-N.Y. class members from original Complaint); *see also* ECF No. 140 (same, for FAC). In May 2024, the Court limited discovery to New York customers only. *See* May 9, 2024 Minute Entry. Thereafter, on March 21, 2025, Plaintiffs sought to extend discovery to a limited set of contracts for customers in Washington, D.C., Illinois, Massachusetts, and Maryland, noting Plaintiffs needed discovery to include those non-N.Y. customers in any class in this action. ECF No. 174. Plaintiffs did "not seek discovery in this case regarding Eligo's sales in Pennsylvania or Ohio." *Id* at 1, n.1. Your Honor thereafter denied Plaintiffs' request for non-N.Y. discovery. Apr. 16, 2025 Hr'g. Tr. at 8:9.

## II.    Relevant Background Regarding the Pennsylvania and Ohio Actions

In addition to the Plaintiffs in this matter, Plaintiffs' counsel also represent Eligo customers in Pennsylvania (Tina and Thomas Bodkin) and Ohio (Thomas Orzolek). As Your Honor knows, after the Court limited discovery here to New York customers, the Bodkins sued Eligo Energy LLC (a Defendant here) and Eligo Energy PA, LLC (a non-party here) in the Western District of Pennsylvania on January 21, 2025 (the "Pennsylvania Action"). Mr. Orzolek then sued Eligo Energy LLC (again, a Defendant here) and Eligo Energy OH, LLC (a non-party) in the Southern District of Ohio on January 30, 2025 (the "Ohio Action").

The Pennsylvania Action is assigned to the Hon. Cathy Bissoon.  The pricing term at issue in that case is Eligo's promise to calculate variable rates "based upon PJM wholesale market conditions and an adder of $0.01 per kWh will be applied." *Bodkin* ECF No. 1 (Compl.) ¶ 3. The Ohio Action is assigned to the Hon. Sarah D. Morrison. The pricing term at issue there specifies that variable rates are "based on 100% renewable energy (through use of Renewable Energy Certificates) and will continue as a monthly variable rate that may be periodically adjusted to market conditions." *Orzolek* ECF No. 1 (Compl.) ¶ 3.

In the Ohio Action, Eligo's counsel—who also represents Defendants here—moved for a stay on the basis of the "first-filed" rule, which allows courts to stay cases that are "nearly identical" to a previously-filed case in another district. *See Orzolek* Motion to Dismiss or Stay, ECF No. 11. Eligo argues that Mr. Orzolek and his proposed class are subsumed by the proposed class in the case before Your Honor. *Id.* Eligo has also given notice in the Pennsylvania Action that it intends to make a similar first-filed motion there. *See Bodkin* 26(f) Report, ECF No. 33. Moreover, at a May

2, 2025, case management conference in the Pennsylvania Action, Judge Bissoon expressed concern that she could not properly oversee a case whose proposed class was nominally encompassed by the proposed class definition here—even though discovery in Your Honor's case has been limited to New York customers and the contracts at issue here differ materially from those in the Pennsylvania Action. Judge Bissoon directed the parties to file a status report by Friday, May 9, advising whether Eligo intends to proceed with its stay motion, *see Bodkin* ECF No. 36, while encouraging the parties to discuss whether amended pleadings might be used to cure any overlap between the Pennsylvania Action and this case.

### III. Argument

Rule 15(a)(2) instructs that courts should "freely give leave" to amend "when justice so requires." Whether to grant a motion to amend is in the district court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962). While leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and citation omitted), "[t]his is a permissive standard, since there is a 'strong preference for resolving disputes on the merits.'" *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18 Civ. 5448 (ER), 2020 WL 2115409, at *3 (S.D.N.Y. May 4, 2020) (citing *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011)).

As Your Honor's discovery rulings have made clear, the scope of this action is limited to Eligo customers in New York. Plaintiffs Brous and Schuster here cannot litigate claims concerning Eligo's conduct towards non-N.Y. customers without obtaining discovery into the same. Plaintiffs respect the Court's rulings but oppose Eligo's efforts to block non-N.Y. customers from litigating their claims in *any* court. It is not fair for Eligo to claim to Your Honor that non-N.Y. customers cannot be included in this case yet seek to stay the Pennsylvania and Ohio actions on the feigned concern that the proposed class definition here includes non-N.Y. customers. An amendment limiting the proposed class in this case to New York customers covered by a single variable rate pricing term resolves two important issues. First, the amendment aligns the scope of the pleadings with that of the discovery permitted by this Court. Second, it provides Pennsylvania and Ohio customers a fair opportunity to litigate their claims.

This type of amendment is particularly justified "given that courts frequently allow plaintiffs to seek certification of narrowed classes" even *without* "amending their complaint, and given that district courts are tasked with ensuring class definitions are properly tailored," it "would not make sense to prohibit a plaintiff from narrowing their class definition, especially when they are seeking leave to do so." *Gold v. Lumber Liquidators Inc.*, Case No. 14 Civ. 5373, 2017 WL 2688077, at *4 (N.D. Cal. June 22, 2017).

Thus, Plaintiffs submit that leave to amend the complaint to conform the operative pleading to the Court's discovery rulings is proper and in the interests of justice. And of course, allowing the amendment will necessarily moot Eligo's pending motion to dismiss/strike. ECF No. 140.

Plaintiffs respectfully request that Your Honor schedule a pre-motion conference on Plaintiffs' anticipated motion to amend, or in the alternative, grant Plaintiffs leave to file the amended complaint attached as **Exhibit A** without need for further briefing.

Respectfully Submitted,

/s/ D. Greg Blankinship
D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com

J. Burkett McInturff
Tiasha Palikovic
Jessica L. Hunter
**WITTELS MCINTURFF PALIKOVIC**
305 Broadway, 7th Floor
New York, New York 10007
Tel: (917) 775-8862
Fax: (914) 775-8862
jbm@wittelslaw.com
tpalikovic@wittelslaw.com
jlh@wittelslaw.com

*Counsel for Plaintiffs and
the Proposed Class*

cc: All Counsel of Record via ECF