# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRA BROUS and MICHELLE SCHUSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELIGO ENERGY, LLC and ELIGO ENERGY NY, LLC,<br><br>Defendants. | Case No. 1:24-cv-01260-ER |

**DEFENDANTS ELIGO ENERGY, LLC AND ELIGO ENERGY NY, LLC'S OBJECTIONS AND SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendants Eligo Energy, LLC and Eligo Energy NY, LLC (collectively "Defendants") under Federal Rules of Civil Procedure 26 and 33, hereby supplement their responses to Plaintiffs' First Set of Interrogatories ("Interrogatory" individually, and collectively, "Interrogatories") as follows.

**Prefatory Statement**

Both Plaintiffs' complaint and their discovery requests have incurable, foundational defects. First, Plaintiffs assert that they—two New Yorkers who enrolled with Eligo NY for residential electricity services—have class standing to represent the claims of thousands of customers who enroll with different Eligo entities for different products at different scale. Plaintiffs cannot possibly claim to have class standing, not least because the terms of their contracts differ substantially from the terms of the dozens of other contracts at issue in this case. Forum also

Defendants and too remote from Defendants or this case. Moreover, such a definition goes well beyond the class definition of "residential and commercial customers in the United States who were charged a variable rate for electricity or natural gas services by Eligo." Plaintiffs' inclusion of "employees, partners, contractors," and "affiliates" could include third parties and other entities Defendants have no control over or no ownership relationship with, which renders this definition especially problematic. And by including "employees," which could include Defendants' attorneys in the definition, Plaintiffs' interrogatories necessarily implicate information protected by at least the attorney-client privilege and attorney work product doctrine. Defendants will not produce such information.

Further Defendants object to this Interrogatory because it violates Rule 33's limit on interrogatories, including discrete subparts.

Subject to the foregoing objections and without waiving the same, Defendants will not respond to this Interrogatory, including because Plaintiffs have exceeded the number of interrogatories permitted by the applicable rules.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections and without waiving the same, Defendants supplement their response as follows: In-house counsel Sara Erfani, Melissa Cole, and/or Alex Rozenblat exercised such responsibilities for the contracts and agreements between Eligo Energy NY, LLC and its New York electricity customers.

**6.     Identify all persons responsible for setting Defendants' variable rates, fixed rates, introductory rates, and promotional rates for electricity**

38

**and natural gas sold to New York customers, including, but not limited to, the identification of all persons responsible for deciding Defendants' margins.**

RESPONSE:

Defendants incorporate by reference the objections to Interrogatory No. 3 concerning personal jurisdiction, the lack of authority to issue interrogatories on behalf of Mr. Brous, the statute of limitations and relevant time period, out-of-state forum selection clauses, class action waivers, agreements to arbitrate, non-variable rate customers and the scope of the class definition, class standing, and discovery proceeding only as to the New York claims.

Defendants object to this Interrogatory as overbroad, unduly burdensome, disproportionate, confusing, irrelevant, not tailored to the needs of the case, and improper. For example, the Interrogatory seeks information concerning "fixed rates, introductory rates, and promotional rates," but Plaintiffs' class is limited to variable rate customers. Moreover, the Interrogatory seeks information concerning non-variable rate customers and information concerning margins, neither of which is relevant to the claims and defenses of the parties.

Defendants object to this Interrogatory as vague, confusing, and ambiguous to the extent it uses the terms such as "promotional rates," which are without adequate definition or explanation.

Defendants object to Plaintiffs' definition of "Defendants" as overbroad, harassing, irrelevant, unduly burdensome, and disproportionate to the needs of the

39

case because those definitions include not just the named Defendants, but also "both Eligo Energy, LLC and Eligo Energy NY, LLC, their officers, directors, employees, partners, contractors, corporate parent, subsidiaries, affiliates, or predecessors." The Interrogatories incorporating that definition thus seek, among other things, information about (and from) individuals and entities separate and distinct from Defendants and too remote from Defendants or this case. Moreover, such a definition goes well beyond the class definition of "residential and commercial customers in the United States who were charged a variable rate for electricity or natural gas services by Eligo." Plaintiffs' inclusion of "employees, partners, contractors," and "affiliates" could include third parties and other entities Defendants have no control over or no ownership relationship with, which renders this definition especially problematic.

Defendants object to this Interrogatory to the extent it prematurely solicits information relevant to the merits of the putative classes' potential claims. Before class certification, discovery is "limited to those aspects relevant to making the certification decision on an informed basis." *See* Fed. R. Civ. P. 23 (2003 Adv. Cmte. Notes). It is also Plaintiffs' burden to show a *prima facie* case for certification, which Plaintiffs have not done here, and cannot do.

Further Defendants object to this Interrogatory because it violates Rule 33's limit on interrogatories, including discrete subparts.

Subject to the foregoing objections and without waiving the same, Defendants will not respond to this Interrogatory, including because Plaintiffs have exceeded the number of interrogatories permitted by the applicable rules.

**SUPPLEMENTAL RESPONSE:**

Subject to the foregoing objections and without waiving the same, Defendants supplement their response as follows: Yuri Ashuev, Brandon Carr, Courtney Cook, Brian Feely, Scott Glotzbach, Alex Goldstein, Andrew LaPointe, Ken Pedotto, Maddy Peterson, Mike Sandler, Ian Scott, and Yannie Moraitis.

**7. Identify the document or version name and location of all contracts or agreements between Eligo and their New York customers regarding electricity and natural gas.**

**RESPONSE:**

Defendants incorporate by reference the objections to Interrogatory No. 3 concerning personal jurisdiction, the lack of authority to issue interrogatories on behalf of Mr. Brous, the statute of limitations and relevant time period, out-of-state forum selection clauses, class action waivers, agreements to arbitrate, non-variable rate customers and the scope of the class definition, class standing, and discovery proceeding only as to the New York claims.

Defendants object to this Interrogatory as overbroad, unduly burdensome, disproportionate, confusing, irrelevant, not tailored to the needs of the case, and improper. For example, the Interrogatory seeks information concerning the location of "all contracts or agreements" even though Plaintiffs' class definition concerns only Eligo's variable rate customers.

Defendants also object to this Interrogatory to the extent it improperly and prematurely solicits information relevant to the merits of the putative class(es)'s