

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

May 19, 2025

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

  Re: ***Brous v. Eligo Energy, LLC*, 24 Civ. 1260**
     **Defendants' Response to Plaintiffs' Untimely Request to File a Second Amended Complaint for an Improper Purpose Six Months after the Court-Ordered Deadline.**

Dear Judge Ramos:

  We write in response to Plaintiffs' untimely request to file a Second Amended Complaint. There is no legitimate basis for Plaintiffs' request, which comes more than six months after the parties' amendment deadline. The Court should reject Plaintiffs' request for two related reasons, both of which independently confirm that Plaintiffs cannot meet their burden to amend.

  First, the point of Plaintiffs' proposed amendment is to inflict yet more expense on Eligo. Without the amendment, discovery would be stayed in the overlapping *Bodkin* (WDPA) and *Orzolek* (SDOH) actions that Plaintiffs' counsel recently filed against Defendants. To this end, Judge Bissoon indicated she was prepared to stay *Bodkin* during a conference on May 2. Plaintiffs' counsel only temporarily averted this outcome by promising to amend their complaint here such that it would not overlap completely with *Bodkin*. That way, they could seek discovery into topics that Your Honor has already denied them, something they have already attempted to do in that case. *See, e.g.*, Ex. A, Plaintiffs' *Bodkin* Discovery Requests, RFP Nos. 10–12 (fixed rate discovery), 22–23 (complaint data), 28–30 (marketing materials). Permitting an amended complaint at this late juncture would undo the Court's management of discovery and cause other courts to expend even more effort in arriving at the same (or worse, inconsistent) decisions in the multiple overlapping cases that Plaintiffs have brought.

  Second, Plaintiffs' proposed amendment would deprive the parties of a ruling on the merits on Defendants' pending motion to dismiss. Defendants have, at great cost, briefed motions to dismiss both the original and amended complaint. And contrary to Plaintiffs' claims, their

---

**Atlanta**
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 www.wtlaw.com    Ryan@wtlaw.com    404-782-0695

proposed second amended complaint does not provide the same relief that a ruling on the motion to dismiss would. The motion to dismiss seeks a binding ruling on the proper scope of the class that would be persuasive precedent in the other cases where plaintiffs seek to pursue nationwide claims against Defendants. In contrast, the proposed second amended complaint seeks to avoid that ruling entirely, and it also keeps open the option of adding such claims back in later in the case: Plaintiffs "reserve the right, as might be necessary or appropriate, to modify or amend the definition of the Class and/or add Subclasses, when Plaintiffs file their motion for class certification." *Brous*, ECF No. 206-1 ¶ 130. Plaintiffs should not be permitted to amend their complaint to avoid a potentially adverse ruling. The Court should instead decide Defendants' motion to dismiss on the merits, and if it denies the motion, this Court should hear those non-New York claims pursuant to the Court's careful management of discovery to date.

Courts in this Circuit have repeatedly rejected this type of gamesmanship as "antithetical to the standards governing amendment set by the Federal Rules of Civil Procedure." *O'Rear v. Diaz*, 2025 WL 835018, at *4 (S.D.N.Y. Mar. 14, 2025) (denying motion to amend complaint filed after the court's scheduling order deadline). Plaintiffs seek to ignore this Court's scheduling order by arguing that their proposed amendment should be allowed "in the interest of justice" under Rule 15. But "[w]here the Court has issued a scheduling order, any motions to amend are governed by the stricter standard of Rule 16(b)," requiring Plaintiffs' to demonstrate good cause for their untimely request. *See Acosta v. Kennedy Children's Ctr.*, WL 70141, at *11 (S.D.N.Y. Jan. 10, 2025) (collecting cases). Even under Rule 15, of course, "[t]he court plainly has discretion, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Here, given its purposes, Plaintiffs' untimely request fails under either standard. *See O'Rear*, 2025 WL 835018, at *4 (denying motion to amend complaint filed after the court's scheduling order deadline under Rule 16 and Rule 15); *see also In re Int. Rate Swaps Antitrust Litig.*, 2018 WL 2332069, at *27 (S.D.N.Y. May 23, 2018) (same).

**Plaintiffs' Counsel Have Failed to Demonstrate Good Cause to File Their Untimely Amendment Under Rule 16**

Just as in *O'Rear v. Diaz*, "[f]ar from being justified by good cause," Plaintiffs' counsel's "gambit to amend now to circumvent the federal forum that [they] chose and in which this case has long been litigated, and to subvert the present schedule, epitomizes gamesmanship." *O'Rear*, 2025 WL 835018, at *4. *O'Rear v. Diaz* is particularly instructive here. There, after months of discovery, the plaintiff filed an untimely request to amend her complaint to dismiss a federal claim so that she could seek dismissal of her federal case to pursue her state-law claims in state court. *See id.* at *3-4. In denying that request, the court recognized that there was no basis for "plaintiff to amend a complaint long after the deadline to do so has passed, let alone to do so as a means to avoid a forum choice which, in light of a series of adverse rulings, the plaintiff has now apparently come to rue." *Id.* at *3.

The same is true here. To be clear, Plaintiffs' counsel are not seeking to streamline anything with their proposed belated amendment. Quite the opposite. They purport to abandon the majority of their claims in this case to try their luck in other forums, attempting to escape this Court's adverse discovery rulings and avoid a substantive decision on Eligo's pending motion to dismiss.

On top of that, they reserve the right to amend their class definition at a later date, should it become advantageous to them. Just as in *O'Rear,* "as the circumstances make apparent, and as [Plaintiffs] effectively admit[], [their] proposal now to dismiss [their non-New York claims] to enable an attempted escape from federal court is motivated in part by the Court's decisions adverse to [them]" *Id.* at *4. Accordingly, just as in *O'Rear*, the Plaintiffs' untimely motion for leave to amend "is readily denied for want of good cause." *See id.*; *accord In re Int. Rate Swaps Antitrust Litig.,* 2018 WL 2332069, at *27 (denying motion to amend as gamesmanship where "plaintiffs' counsel kept mum until virtually the last possible minute").

**Plaintiffs' Motion For Leave Also Fails Under Rule 15.**

*O'Rear* equally makes clear that this type of gamesmanship "is readily denied" under Rule 15 on the grounds of undue delay and prejudice. *See* 2025 WL 835018, at *4. Plaintiffs' attempt to abandon the majority of their claims after a year of litigation "reflects a lack of appreciation, or perhaps denial, of the scale of work that the proposed amendment would moot." *In re Int. Rate Swaps Antitrust Litig.,* 2018 WL 2332069, at *22 (denying leave to amend after seven months of discovery because it would "effectively overrule" the Court's discovery plan and "require counsel to start negotiate anew the expended universe of discovery issues."). Eligo has already spent more than a million dollars in this litigation, including having to file two motions to dismiss Plaintiffs' non-New York claims and opposing over a dozen discovery motions, which this Court has largely denied. The prejudice of such a waste of resources has been repeatedly recognized in this Circuit. *See, e.g.*, *AEP Energy Servs. Gas Holding Co.*, 626 F.3d at 727 (denying motion to amend due to "the length and complexity of these proceedings, and the late stage of litigation at which the motion was made."); *Outlaw v. City of N.Y.*, 2024 WL 4825955, at *6 (S.D.N.Y. Nov. 19, 2024) (same); *In re Int. Rate Swaps Antitrust Litig.*, 2018 WL 2332069, at *27–28 (same).

Having already consumed considerable amounts of Eligo's and this Court's resources, Plaintiffs cannot simply cut bait now near the end of fact discovery to shop another forum for the sake of inflicting more discovery and increasing their settlement leverage. Just as in *O'Rear*, granting Plaintiffs' counsel "leave to amend at this stage, . . . in favor of the later initiation of [other cases in Pennsylvania and Ohio], would disserve the interests of justice" by (1) blow[ing] up the carefully designed case management plan, including its deadlines governing fact discovery"; (2) "reward brazen forum-shopping"; and (3) "cause disruption and delay." *O'Rear*, 2025 WL 835018, at *4. Accordingly, as *O'Rear* and numerous courts in this Circuit have held, Plaintiffs' motion "readily" fails under Rule 15 and must be denied. *See id.*; *accord Outlaw*, 2024 WL 4825955, at *6 ("Authorizing this would incentivize others similarly to disregard these rules."); *In re Int. Rate Swaps Antitrust Litig.*, 2018 WL 2332069, at *27–28 (denying amendment under Rule 15 and Rule 16).

Plaintiffs' untimely motion to amend is the latest maneuver in months of gamesmanship, attempting to pursue the same claims in multiple courts. Their motion fails under Rule 15 and 16, and the Court should hold Plaintiffs and their counsel to the forum that they have chosen for this dispute.

    Respectfully,
    */s/ Ryan Watstein*
    Ryan Watstein