

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

May 30, 2025

<u>VIA ECF</u>

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

    Re:    *Brous v. Eligo Energy, LLC*, 24 Civ. 1260

            **Joint Motion to Seal Limited Portions of Plaintiffs' Responses to Defendants' Letter Motion for Protective Order and Supporting Exhibits (ECF Nos. 213, 219)**

Dear Judge Ramos:

    We write regarding the provisionally sealed portions of Plaintiffs' response and supplemental response to Defendants' letter motion for protective order and their supporting exhibits (ECF Nos. 213, 219). Defendants have now had the opportunity to review the provisionally sealed information and contend that only the below information should remain sealed:

| ECF Nos. (Title) | Confidentiality Designation | Basis for Sealing |
|---|---|---|
| 213 (Response to Letter Motion for Protective Order) | The last sentence of the "Relevant Background" section about the Groove acronym.<br><br>The sentences preceding the citations to Exhibits A and C in the "Co-Founder Mark Friedgan" section.<br><br>The sentences preceding the citations to Exhibits A and G in the "Former | Information about Defendants' machine learning model and the data Defendants use to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |

**Atlanta**
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 www.wtlaw.com      Ryan@wtlaw.com      404-782-0695

|  | CEO and Co-Founder Alex Goldstein" section. |  |
|---|---|---|
| 213-1 (Exhibit A to Response to Letter Motion for Protective Order) | Entire Document – Slack chat about Groove model | Information about Defendants' machine learning model used to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |
| 213-2 (Exhibit B to Response to Letter Motion for Protective Order) | Entire Document – Defendants' Risk Policies and Procedures | Information about the data Defendants use to set variable rates, their internal operating policies and procedures, and their hedging strategies and limits, which is of a highly commercially- and competitively-sensitive nature. |
| 213-3 (Exhibit C to Response to Letter Motion for Protective Order) | Entire Document – Slack chat about Groove model | Information about Defendants' machine learning model used to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |
| 213-5 (Exhibit E to Response to Letter Motion for Protective Order) | Entire Document – Slack chat about rate setting and draft risk policy | Information about the data Defendants use to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |
| 213-7 (Exhibit G to Response to Letter Motion for Protective Order) | Entire Document – Email about rate setting and Groove model | Information about Defendants' machine learning model and the data Defendants use to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |
| 219-1 (Exhibit I to Supplemental Response to Letter Motion for Protective Order) | Entire Document – Spreadsheet about changing task assignments after business deal with third party | Information about Defendants' internal operations, reporting, hedging, and rate setting, which is of a highly commercially- and competitively-sensitive nature. |
| 219-2 (Exhibit J to Supplemental Response to Letter Motion | Entire Document – Slack chat about rate setting and Groove model | Information about Defendants' machine learning model and the data Defendants use to set variable rates, which is of a highly commercially- and competitively-sensitive nature. |

| | | |
|---|---|---|
| for Protective Order) | | |

      Allowing such information to be kept under seal will serve the interests of justice because it is non-public, proprietary, and highly sensitive commercial information, the public disclosure of which could reasonably be expected to injure Defendants. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace). Acknowledging this, the Court has already permitted the sealing of similar information in Defendants' previous motions to seal. *See, e.g.,* ECF Nos. 109, 178-80, 196, 203.

      Defendants thus ask that the information from the confidential testimony identified in the chart above be sealed for the duration set forth in the Protective Order. ECF No. 38 ("This Protective Order shall survive the termination of the litigation."). The remaining provisionally sealed information in Plaintiffs' response and supplemental response to Defendants' letter motion for protective order (ECF Nos. 213, 219) should be publicly filed.  Plaintiffs do not oppose this request.

                                                        Respectfully,

                                                         */s/ Ryan Watstein*
                                                         Ryan Watstein