

**MEMO ENDORSED**

Ryan Watstein
Ryan@wtlaw.com
404-782-0695

June 12, 2025

**VIA ECF**

Hon. Edgardo Ramos
United States District Court for the Southern District of New Y[ork]
40 Foley Square
Courtroom 619
New York, NY 10007

> Defendants' request to file a response to Plaintiffs' notice of withdrawal is granted. Defendants are directed to file a response by June 20, 2025.
>
> SO ORDERED.
>
> Edgardo Ramos, U.S.D.J.
> Dated: June 13, 2025
> New York, New York

Re: ***Brous v. Eligo Energy, LLC***, 24 Civ. 1260
    Letter Motion for Leave to File Response

Dear Judge Ramos:

      We represent Defendants in this dispute and write to request leave of Court to respond to Plaintiffs' Notice of Non-Opposition to Eligo's Motion to Dismiss/Strike Non-New York Claims (ECF No. 233).[1] While Defendants do not take issue with Plaintiffs' decision to withdraw their opposition to the motion, Plaintiffs' Notice of Withdrawal makes several assertions to which Defendants seek the opportunity to respond.

      Plaintiffs claim to have decided to withdraw their opposition to Defendants' motion to dismiss "upon consideration of the Court's guidance at the June 6, 2025 pre-motion conference, and to minimize the burden on the Court." *Id.* at 1. Regardless of the motivation for Plaintiffs' decision to withdraw their opposition, that withdrawal will not conserve judicial resources, for at least two reasons.

      The first is that, contrary to Plaintiffs' assumption, the withdrawal of their opposition does not relieve this Court of the duty to adjudicate Eligo's motion to dismiss on the merits. Under Second Circuit precedent, this Court must independently evaluate a motion to dismiss and cannot rubber-stamp such a motion merely because the Plaintiffs made a tactical decision to withdraw their opposition at the eleventh hour. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) (holding that dismissal based on the plaintiff's failure to respond to motion alone "was error"); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) ("Nothing in either the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond."); *Zona v. Arnot Health, Inc.*, 2022 WL 1128560, at *2 (W.D.N.Y. Apr. 15, 2022); *Haas v. Com. Bank*, 497

---

[1] Defendants evaluated whether it was permissible to file a response without seeking leave, but the Court's ECF system provides no means of filing a response to a notice of withdrawal.

---

**Atlanta**
75 14th Street NE, Ste. 2600
Atlanta, GA 30309

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 www.wtlaw.com      ryan@wtlaw.com      404-782-0695

F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322); *Strachn v. City of New York*, 2020 WL 6291428, at *1 (S.D.N.Y. Oct. 27, 2020). That means, to avoid reversible error, any dismissal order entered by this Court should address Eligo's motion on its merits and not rest solely on the fact that Plaintiffs haven't opposed the motion.[2] So this Court should "adjudicate" Eligo's motion to dismiss, just as it said it would. *See* ECF No. 230 (order stating that "[t]he pending motion to dismiss will be adjudicated by this Court.").

The second reason why Plaintiffs' procedural machinations will create more work for federal courts is that it will force Judge Cathy Bissoon, who is presiding over the copycat class action Plaintiffs' counsel filed in Pennsylvania, to decide the same issues. *See Bodkin v. Eligo Energy, et al.*, Case No. 2:25-cv-00094-CB (W.D. Pa.) (Bissoon, J.). *Bodkin*, like this case, is a putative nationwide class action against Eligo. There, Plaintiffs' counsel are opposing a motion to stay in deference to this earlier-filed case. Almost immediately after filing their Notice of Withdrawal here, Plaintiffs' counsel filed a notice in *Bodkin* arguing that the withdrawal of their opposition "makes it unlikely that Eligo's [motion to dismiss] will be adjudicated on the merits" by this Court. *See* Ex. 2 hereto (Notice of Filing, Doc. 49, *Bodkin v. Eligo Energy, et al.*, Case No. 2:25-cv-00094-CB (E.D. Pa. June 9, 2025)). Plaintiffs also argued that any decision rendered by this Court on the motion to dismiss would not be "binding" on Judge Bissoon. *Id*. So, here again, Plaintiffs are arguing that the withdrawal of their motion to dismiss in this case will mean Judge Bissoon will need to decide those same issues from scratch in *Bodkin*.

Plaintiffs also err by urging the Court to "grant Plaintiffs leave to amend the operative complaint to conform it with the Court's ruling on the Motion [to Dismiss]," based on Plaintiffs' expectation that the motion to dismiss will now be granted. Doc. 233 at 1. This is putting the cart before the horse. As noted above, this Court must first decide the motion to dismiss (Doc. 140) on its merits, rather than allow Plaintiffs to amend now, based on their subjective "expectations" as to how the Court might rule. And if the Court decides to grant the motion to dismiss – which it certainly should – that decision will moot Plaintiff's request for leave to amend the complaint. That's because the non-New York claims Plaintiffs now wish to remove from their complaint are exactly what the Defendants moved to dismiss. So if the Court grants the motion to dismiss, there will be no reason to grant Plaintiffs leave to amend their complaint to remove claims that will have already been dismissed as a matter of law.

At bottom, Plaintiffs are playing this Court against the *Bodkin* court and litigating key issues where they believe they are most likely to get the result they want. That is why Plaintiffs opposed Eligo's motion in this case, up and until the point that this Court issued two orders Plaintiffs deemed to be unfavorable to them, and only then withdrew their opposition. But that withdrawal won't conserve any judicial resources; for the reasons stated above, it will require two federal courts to duplicate efforts.[3]

---

[2] A proposed order to that effect is attached for the Court's convenience.

[3] Defendants are not opposed to a ministerial amendment of the First Amended Complaint's caption to clarify that Ms. Anne Brous has substituted in for her husband, Mr. Ira Brous. But the substantive removal of Plaintiffs' non-New York claims should occur only via a decision on the motion to dismiss, and not otherwise.

Accordingly, Defendants respectfully request that the Court (1) allow Defendants to file a response to Plaintiffs' Notice of Withdrawal, similar to the arguments made in this letter, (2) enter an order granting Defendants' unopposed partial motion to dismiss or strike the non-New York claims, if it decides that such dismissal is warranted, on the merits, and (3) deny Plaintiffs' motion for leave to amend as moot.

Respectfully,

*/s/ Ryan Watstein*
Ryan Watstein