

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

June 13, 2025

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

Re:   *Brous v. Eligo Energy, LLC*, 24 Civ. 1260 – Defendants' Letter Motion for a Brief Extension of the Fact Deposition Deadline to Accommodate Ramsey Brous' Deposition

Dear Judge Ramos:

We represent Defendants in this action and write to ask the Court to grant a two-week extension of the current deadline for fact witness depositions (June 20, 2025) to accommodate one additional deposition: that of Ramsey Brous, the son of Ira and Anne Brous. During Anne Brous' deposition, which was held yesterday, June 12, it was belatedly revealed to Defendants that Ramsey Brous has played a material role in this case and is a critically important witness for several reasons. Defendants would have known that much earlier, but Plaintiffs' counsel delayed Anne Brous's deposition for six months, even filing a motion to quash her deposition in the Northern District of New York—something she testified yesterday she did not know.

Anne Brous also testified that her son Ramsey was the driving force behind this litigation from the very beginning.  It was Ramsey Brous, and not his parents, who first communicated with Plaintiffs' counsel during 2023 about the possibility of his parents asserting claims against Eligo. In fact, Ramsey selected counsel and introduced them to his parents. But for Ramsey, neither Ira nor Anne Brous would ever have become involved with a lawsuit against Eligo.

Ramsey Brous was also responsible for the termination of his parents' account with Eligo. Ms. Brous testified that Ramsey impersonated his father Ira on multiple customer service calls to Eligo during late 2023, during which Ramsey not only terminated his parents' contract with Eligo, but also requested a copy of the customer contract that is attached to Plaintiffs' complaint and on which this lawsuit is based.

Prior to Ms. Brous' deposition, Plaintiffs never disclosed Ramsey's critical role as the "ghost plaintiff" who caused his parents to file suit against Eligo. Amazingly, Plaintiffs never even submitted initial disclosures on behalf of Ira or Anne Brous until today (about 20 minutes ago), and so they did not identify Ramsey as a witness at the outset of the case. Months then ticked by, during which (as the Court is well

---

| **Atlanta** | **Los Angeles** | **Miami** |
| :---: | :---: | :---: |
| 1055 Howell Mill Road, 8th Floor | 515 S. Flower Street, 19th Floor | 218 NW 24th Street, 3rd Floor |
| Atlanta, GA 30318 | Los Angeles, CA 90071 | Miami, FL 33127 |

 www.wtlaw.com      Ryan@wtlaw.com      404-782-0695

aware) Plaintiffs filed a long series of offensive discovery motions but never bothered to supplement their own disclosures to identify Ramsey Brous. It was only when Defendants finally deposed Ms. Brous yesterday on June 12 – after months of stalling and obstruction by Plaintiffs, including earlier moving to quash her deposition without even telling Ms. Brous – that Ramsey's role was finally made clear. Following Ms. Brous's testimony yesterday, it is clear why Plaintiffs refused to permit her deposition earlier and didn't serve initial disclosures identifying Ramsey.

Ramsey Brous' deposition is all the more critical because, as Ms. Brous testified, she knows essentially nothing about this case. She was not familiar with the allegations or claims made in the complaint. Nor has she even attempted to oversee this litigation for the benefit of the class she supposedly seeks to represent. Ms. Brous testified that she relies on her son Ramsey to fulfill all those duties, thus making Ramsey the real plaintiff-in-interest. His mother Anne is a mere bystander who was put up to being a named Plaintiff in a putative class action by her son.

Defendants sought to reach an agreement with Plaintiffs to take this one deposition after the fact deposition deadline had passed (which will be only the third deposition Defendants have taken in the case, to Plaintiffs nearly ten). Plaintiffs refused to even respond to three separate emails from Defendants. Defendants therefore ask the Court to extend the deadline for fact depositions an additional two weeks to accommodate Ramsey Brous's deposition (and only Ramsey Brous's deposition) during the week of June 23 or the following week. As background, there are two other depositions in the *Brous* litigation scheduled for next week, which is a four-day week, and a core member of Defendants' litigation team is out on a pre-planned vacation. Furthermore, Defendants require time to prepare for the deposition of a witness who was first meaningfully disclosed yesterday.

Respectfully,

*/s/ Ryan Watstein*
Ryan Watstein