**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**Via ECF**                                              June 16, 2025

Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    ***Brous et al. v. Eligo Energy, LLC, et al.*, No. 1:24-cv-1260 (ER)**

Dear Judge Ramos,

Plaintiffs regret that the Court has been asked to intervene in a precipitous dispute of Defendants' making. There is no dispute – Plaintiffs do not oppose holding the deposition of Ramsey Brous after the June 20, 2025 deadline to complete fact depositions. Nor is there any need for the Court to be burdened even with a consent motion. The parties could easily have agreed that neither would contest the admissibility of the belated deposition simply because it was held after the deadline, without unnecessary motion practice.

Plaintiffs would have explained this to Defendants' out-of-state counsel had they acted in good faith and conferred with Plaintiffs. Instead, Defendants filed their precipitous letter motion Friday afternoon, even though they only first sought Plaintiffs' agreement at 10:04 p.m. on Thursday evening. Notably, Defendants' counsel did not bother to pick up the phone to call, nor did they inform Plaintiffs that they would immediately file their letter even if Plaintiffs had not yet responded until 3:35 p.m. on a Friday afternoon in June. Nor did Defendants share their letter before filing it.

It is worth noting that Defendants are wrong to say that Plaintiff Brous delayed the disclosure of the fact that Ramsey Brous has relevant knowledge. Plaintiff Brous disclosed in her interrogatory responses on May 13, 2025 that her son Ramsey Brous had relevant information regarding Plaintiffs' claims. Prior to May 13, the parties had not exchanged any discovery regarding the individual Brous claims. This was because the parties had agreed to hold this discovery in abeyance while the Court decided Plaintiffs' motion to substitute Anne Brous as the executor of the estate of her late husband, Plaintiff Ira Brous. May 13 was the parties agreed-to date for exchanging discovery for the Brous claims following the Court's granting of the substitution motion. Defendants could have sought Ramsey Brous's deposition at any time in the five weeks that then remained before the close of fact depositions.

And Defendants' contention that it is Plaintiffs' fault that there was no discovery regarding Ira or Anne Brous before the Court granted the motion to substitute is insincere. After Ira Brous passed away, it was Defendants who took the position that it was improper to proceed with discovery regarding the Brous account, going so far as to redact information regarding the Brous account from documents they produced.

It seems that Defendants have created this dispute so that they can, once again, misleadingly malign Plaintiffs and their counsel. Defendants have done so because they have no substantive

arguments justifying denial of Plaintiffs' forthcoming motion for class certification, or on the merits of Plaintiffs' claims. Plaintiffs won't burden the Court responding to Defendants' diatribe, which is entirely based on misleading characterizations of this litigation and Ms. Brous's deposition. Suffice it to say Defendants are wrong on the law and facts, as will be clear when certification and dispositive motions are briefed.

Thank you for the Court's attention to this matter.

Dated: June 16, 2025

Respectfully submitted,

By: */s/ D. Greg Blankinship*
D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

CC: All Counsel of Record via ECF