UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IRA BROUS** and **MICHELLE SCHUSTER**, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>**ELIGO ENERGY, LLC** and **ELIGO ENERGY NY, LLC**,<br><br>                    Defendants. | Civil Case No.: 1:24-cv-01260 (ER) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF WITHDRAWAL OF OPPOSITION TO THE MOTION TO DISMISS/STRIKE NON-NEW YORK CLAIMS**

Pursuant to the Court's June 13, 2025 order, (Doc. 235), Defendants respectfully submit this response to Plaintiffs' Notice of Withdrawal of Opposition to Defendants' Motion to Dismiss or Strike the Non-New York Claims from the First Amended Complaint (ECF No. 233). While Defendants do not oppose Plaintiffs' withdrawal of their opposition, Plaintiffs are wrong about the implications of that withdrawal from several perspectives.

Chief among those is Plaintiffs' contention that because they have withdrawn their opposition, this Court need not "adjudicate" Eligo's motion to dismiss. Although Plaintiffs did not say that in their notice of withdrawal in this Court, they did make that argument before Judge Cathy Bissoon, who is presiding over the copycat class action Plaintiffs' counsel is seeking to pursue against Eligo in the Western District of Pennsylvania, *Bodkin v. Eligo Energy, et al.*, Case No. 2:25-cv-00094-CB (W.D. Pa.)(Bissoon, J.). Almost immediately after withdrawing their opposition to the motion to dismiss here, Plaintiffs' counsel filed a notice in *Bodkin* arguing that the withdrawal of their opposition "makes it unlikely that Eligo's strike motion will be adjudicated on the merits." *See* Ex. 1 hereto (*Bodkin* plaintiffs' Notice of Filing). The Plaintiffs have echoed

that sentiment here by asking the Court to grant them leave to amend their complaint now, before any ruling on the motion to dismiss, based on their "expectation that the Motion [to Dismiss] will now be granted." Doc. 233 at 1.

Plaintiffs' "expectation" that this Court will grant Eligo's Motion on an "unadjudicated" basis, merely because Plaintiffs have withdrawn their opposition, is ill-founded. That is because, under Second Circuit precedent, this Court must independently evaluate a motion to dismiss and cannot rubber-stamp such a motion merely because the Plaintiffs made a tactical decision to withdraw their opposition at the eleventh hour. *See McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000) (holding that dismissal based on the plaintiff's failure to respond to motion alone "was error"); *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983) ("Nothing in the Federal Rules of Civil Procedure or the Civil Rules of the Southern District requires a court to grant a motion by default simply because the nonmoving party fails to respond."); *Zona v. Arnot Health, Inc.*, 2022 WL 1128560, at *2 (W.D.N.Y. Apr. 15, 2022); *Haas v. Com. Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall*, 232 F.3d at 322); *Strachn v. City of New York*, 2020 WL 6291428, at *1 (S.D.N.Y. Oct. 27, 2020). Any dismissal order entered by this Court should address Eligo's motion on its merits and not rest solely on the fact that Plaintiffs haven't opposed the motion.[1] In other words, this Court should "adjudicate" Eligo's motion to dismiss, just as it said it would. *See* ECF No. 230 (order stating that "[t]he pending motion to dismiss will be adjudicated by this Court.").

Plaintiffs also err by arguing that their "expectation" that the motion to dismiss will be granted entitles them to leave of court to amend their complaint. As Eligo argued in opposition to Plaintiffs' pre-motion letter, Plaintiffs' request for leave came long after the deadline for

---

[1] A proposed order to that effect is attached for the Court's convenience as Exhibit 2.

amendments had passed, and Plaintiffs have not addressed, much less met, the "good cause" standard that governs their request for leave to amend. *See* Doc. 222 at 2. And in any case, the Court's ruling on Eligo's Motion to Dismiss will likely moot Plaintiffs' request for leave to amend. If the Court grants the motion to dismiss – which it certainly should – there will be no reason for Plaintiffs to amend their complaint to remove claims this Court will have dismissed as a matter of law.

This Court should also consider the procedural gamesmanship that infects Plaintiffs' last-minute withdrawal of their opposition to the Motion to Dismiss. In their notice, Plaintiffs say they have withdrawn their opposition "upon consideration of the Court's guidance at the June 6, 2025 pre-motion conference, and to minimize the burden on the Court." *Id.* at 1. That is an odd thing for Plaintiffs to say now, after they briefed their opposition to Eligo's motion to dismiss not once, but twice, and then refused to withdraw their opposition even when the Court pressed them to do just that during the June 6, 2025 conference. *See* Ex. 1 hereto (June 6, 2025 Tr., 14:13-16:1). In any event, Plaintiffs' withdrawal will not further any goal of judicial economy. Even if this Court were to decide the motion on an "unadjudicated" basis, as Plaintiffs seem to urge, that would only mean Judge Bissoon would have to decide the same motion in *Bodkin*. That is precisely why Plaintiffs' counsel have already argued that a dismissal order entered by this Court will have no precedential value in *Bodkin*. *See* Ex. 1 hereto. So, Plaintiffs' gambit won't save this Court or Judge Bissoon any work; it is far more likely to burden both courts with the duty to rule on similar (if not identical) motions.

At bottom, Plaintiffs are playing this Court against the *Bodkin* court and litigating key issues where they believe they are most likely to get the result they want. That is why Plaintiffs opposed Eligo's motion to dismiss up to and until the point that this Court issued two orders that Plaintiffs deemed to be unfavorable to them, and only then withdrew their opposition. Similarly,

3

Plaintiffs' counsel are already seeking nationwide discovery in *Bodkin,* which, if granted, would effectively undo this Court's multiple rulings restricting discovery to New York.

Here again, this Court's forthcoming decision on the motion to dismiss is likely to moot Plaintiffs' motion for leave to amend, and there is no reason for this Court to address that motion for leave before it decides the motion to dismiss.[2] Accordingly, Defendants respectfully request that the Court (1) enter the attached proposed order granting Defendants' unopposed partial motion to dismiss or strike the non-New York claims, if it decides that such dismissal is warranted on the merits, and (2) deny Plaintiffs' motion for leave to amend as moot.

Dated: June 20, 2025

Respectfully submitted,

/s/ Ryan D. Watstein
Ryan D. Watstein (*pro hac vice*)
David Meadows (*pro hac vice*)
Abigail Howd (*pro hac vice*)
Leo P. O'Toole
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
dmeadows@wtlaw.com
ahowd@wtlaw.com
lotoole@wtlaw.com

*Attorneys for Defendants Eligo Energy, LLC and Eligo Energy NY, LLC*

---

[2] Defendants are not opposed to a ministerial amendment of the First Amended Complaint's caption to clarify that Ms. Anne Brous has substituted in for her late husband, Mr. Ira Brous. But the substantive removal of Plaintiffs' non-New York claims should occur only via a decision on the motion to dismiss, and not otherwise.