# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

---

**TINA BODKIN** and **THOMAS BODKIN**,
on behalf of themselves and all others
similarly situated,

                      Plaintiffs,

                   v.

**ELIGO ENERGY, LLC** and **ELIGO
ENERGY PA, LLC**,

                    Defendants

Civil Case No.: 2:25-cv-00094-CB

---

## <u>NOTICE OF FILING IN *BROUS V. ELIGO ENERGY, LLC ET AL.*, NO. 1:24-CV-01260-ER</u>

      Plaintiffs respectfully submit this Notice to alert the Court to key information that was omitted from Defendants' Notice of Supplemental Authority (ECF No. 48, "Defendants' Notice").

      ***First***, Defendants filed their Notice ***after*** the New York plaintiffs had already withdrawn their opposition to Eligo's motion to strike the non-New York claims in *Brous v. Eligo Energy, LLC*, No. 1:24-cv-1260-ER (S.D.N.Y.) (*Brous* ECF No. 233, the "Notice of Withdrawal"). The Notice of Withdrawal is attached hereto as Exhibit A. Defendants' Notice purports to inform the Court that Judge Ramos intends to adjudicate Eligo's motion to strike non-New York claims but omits the critical fact that the *Brous* plaintiffs no longer contest that motion.

      ***Second***, as the Court will recall, both the Plaintiffs here and the *Brous* plaintiffs have sought to amend their complaints to eliminate any potential overlap between the proposed classes in each case. Defendants' Notice, however, fails to mention that at the June 6 pre-motion conference on the *Brous* plaintiffs' anticipated motion to amend their complaint (the subject of Defendants' Notice), the *Brous* court observed that granting the motion to strike would achieve essentially the same result. *See* Ex. B, June 6, 2025 Hr'g Tr. 16:7-9 ("[E]ssentially, if I were to

grant the [Defendants'] motion [to strike non-New York claims], [Plaintiffs] would be precisely where you want to be right now with respect to your proposed motion [to amend the complaint].").

*Third*, the *Brous* plaintiffs' withdrawal of their opposition to Eligo's motion to strike non-New York claims (made after the *Brous* court advised that it intended to rule on Defendants' motion to strike) makes it unlikely that Eligo's strike motion will be adjudicated on the merits. Even if it is, however, the *Brous* court made clear on June 6 that any opinion as to the merits would not be binding on this Court, and Eligo's counsel expressly conceded the same:

> THE COURT: Again, I am not understanding, Mr. Meadows, [how] anything that I say concerning this forum would bind another court concerning a completely different set of facts, completely different forum selection clauses in these contracts. Just because they can't bring it here doesn't mean they can't bring it in Ohio or Pennsylvania. Am I wrong about that?
>
> MR. MEADOWS: It wouldn't be binding, [Y]our Honor, if you were to grant our motion to dismiss.

Ex. B at 10:16-24; *see also id.* at 14:4-5 ("THE COURT: What Mr. Meadows wants is an advisory opinion from this Court that he can then use in other jurisdictions to say look what Ramos did.").

Dated: June 9, 2025

**WITTELS MCINTURFF PALIKOVIC**

By:  */s/ J. Burkett McInturff*
J. Burkett McInturff* (NY I.D. No. 4938684)
Jessica L. Hunter (PA I.D. No. 321951)
305 Broadway, 7th Floor
New York, New York 10007
Tel: (917) 775-8862
jbm@wittelslaw.com
jlh@wittelslaw.com

**FINKELSTEIN BLANKINSHIP
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship* (NY I.D. No. 4828265)
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Filing was filed and served on all counsel of record via CM/ECF this 9th day of June 2025.


/s/ J. Burkett McInturff
J. Burkett McInturff

# Exhibit A

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**IRA BROUS** and **MICHELLE SCHUSTER,**
on behalf of themselves and all others similarly
situated,

                              **Plaintiffs,**

                                **v.**

**ELIGO ENERGY, LLC** and **ELIGO
ENERGY NY, LLC,**

                             **Defendants.**

Civil Case No.: 1:24-cv-01260-ER

## NOTICE OF WITHDRAWAL OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS/STRIKE NON-NEW YORK CLAIMS

PLEASE TAKE NOTICE that, upon consideration of the Court's guidance at the June 6, 2025 pre-motion conference, and to minimize the burden on the Court, Plaintiffs hereby withdraw their opposition (ECF No. 152) to Defendants' Motion to Dismiss/Strike Plaintiffs' Amended Complaint (ECF No. 140, the "Motion").

Given Plaintiffs' expectation that the Motion will now be granted, Plaintiffs respectfully request that the Court also grant Plaintiffs leave to amend the operative complaint to conform it with the Court's ruling on the Motion. Plaintiffs would also amend the caption and otherwise conform the complaint to the Court's April 22, 2025 ruling allowing the substitution of Anne Brous for Plaintiff Ira Brous, who passed away on March 23, 2024. These proposed amendments to the operative complaint are reflected in Plaintiffs' proposed Second Amended Class Action Complaint, docketed at ECF No. 207-1.

Dated: June 9, 2025

**WITTELS MCINTURFF PALIKOVIC**

By:     /s/ J. Burkett McInturff
J. Burkett McInturff
Jessica L. Hunter
305 Broadway, 7th Floor
New York, New York 10007
Tel: (914) 775-8862
jbm@wittelslaw.com
jlh@wittelslaw.com

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Erin Kelley
1 North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

*Attorneys for Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Withdrawal of

Plaintiffs' Opposition to Defendants' Motion to Dismiss/Strike Non-New York claims was filed and

served via ECF this 9th day of June 2025 upon all counsel of record.


/s/ J. Burkett McInturff
J. Burkett McInturff

Exhibit B

P668BROC

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   IRA BROUS, *et al.*,

4           Plaintiffs,

5       v.                    24 Cv. 1260 (ER)

6   ELIGO ENERGY, LLC, *et al.*,

7           Defendants.        Conference

8   ------------------------------x

9                       June 6, 2025
                        10:00 a.m.
10
    Before:
11
                          HON. EDGARDO RAMOS,
12
                        District Judge
13
                          APPEARANCES
14
    WITTELS McINTURFF PALIKOVIC
15      Attorneys for Plaintiffs
    BY:  J. BURKETT McINTURFF
16
    WATSTEIN TEREPKA LLP
17      Attorneys for Defendants
    BY:  DAVID MEADOWS
18

19

20

21

22

23

24

25

1          (The Court and all parties appearing telephonically)

2          (Case called)

3          THE DEPUTY CLERK:  Counsel, please state your name for

4    the record, starting with counsel for plaintiff.

5          MR. McINTURFF:  Good morning, your Honor.  This is

6    Burkett McInturff, from Wittels McInturff Palikovic, on behalf

7    of plaintiffs and proposed class.

8          THE DEPUTY CLERK:  Counsel for defendants.

9          MR. MEADOWS:  Good morning.  This is David Meadows of

10   Watstein Terepka for the defendants.

11         THE COURT:  Good morning to you both.

12         This matter is on for a conference.  I note for the

13   record it is being conducted by phone.  I further note, given

14   my history with these litigants, that I only have a half hour

15   for this matter, so please conduct yourselves accordingly.

16         We are here at the request of plaintiffs for leave to

17   file a motion to amend.  I have to say I am a little confused

18   as to what is going on here, Mr. McInturff.  What is it you're

19   trying to do?

20         MR. McINTURFF:  Sure, your Honor.  Let me situate

21   things here.

22         So, as the Court recalls, this is a consumer

23   protection class action alleging that Eligo overcharged people

24   on their utility bills, and that they did this by

25   misrepresenting the way they would calculate customers' monthly

1    rates.  This conduct affected tens of thousands of households

2    and the alleged damages is in the many, many millions of

3    dollars.

4              Now, the core of the case is that we allege that

5    Eligo's representations in its form customer contract breaches

6    the contract and violates state consumer protection law.  So

7    that makes the Eligo form contract one of the most important

8    documents in the case.

9              Now, when we first started, Eligo made a motion to

10   strike any non-New York class members from the proposed class

11   definition.  That was back in May of last year.  And they filed

12   a motion to strike, and they did it on two grounds.  They said

13   the contracts outside of New York were different, and they said

14   that people outside of New York have forum selection clauses

15   that require them to bring claims in their respective state.

16   Our response to that, if your Honor will recall, in May, this

17   is all premature.  We need to get into discovery before we can

18   make that determination.  At that time in May your Honor

19   limited discovery in the case to New York discovery only.

20             So then we started discovery.  It took us a little

21   while.  We didn't really start getting documents until three

22   months ago.  We have gotten 85 percent of the documents in this

23   case, over 26,000 documents, in the last 90 days.  That is when

24   discovery really got underway.

25             We then came back to the Court in May, last month we

1   came back to your Honor, and we said, Look, we largely agree

2   with Eligo.  We agree the contracts outside of New York are

3   different, but we think that there are four jurisdictions that

4   are pretty close.  They are close enough to where, your Honor,

5   we can certify a class for people from these four other

6   jurisdictions.

7            Now, your Honor denied that request.  That wasn't our

8   desire, but your Honor denied that request.  That request

9   related to, and this is important, that request related to four

10  jurisdictions——Washington, D.C., Illinois, Massachusetts, and

11  Maryland——because we had identified that the contracts in those

12  states, we believed in good faith that the contracts in those

13  states could potentially be included in the class that we

14  intend to certify in this action.

15           Mr. Meadows successfully argued that they were too

16  different, and your Honor agreed and again limited discovery to

17  New York.  So at this point in the case, the only discovery we

18  have gotten, and the only discovery that is on the horizon, is

19  New York discovery.

20           So, Eligo still has a motion pending to strike, asking

21  the Court to strike all non-New York claims from the case.  We

22  are essentially, at this point we are essentially agreeing with

23  Eligo.  We are saying, okay, we will limit it to New York and

24  we will further limit it to contracts that are identical to the

25  ones of the named plaintiffs.

1          Now, we wouldn't normally need to amend the complaint

2     to do that.  In the normal course, one would be able to agree

3     to that and we would move forward.  But here, because we have

4     been retained by other customers of Eligo in different

5     jurisdictions, we have cases in Pennsylvania and Ohio, but the

6     contracts in those cases are different.  And what Eligo is

7     doing is they are trying to stay discovery in Pennsylvania and

8     Ohio by arguing to the courts there that the Pennsylvania and

9     Ohio claims are in this case.

10          So, what we are trying to do, your Honor, we are just

11     trying to clarify that this case is about New York so that the

12     Pennsylvania and Ohio cases can proceed.  And we are

13     essentially telling Eligo, yes, you're now right, especially

14     based on the Court's order about the scope of discovery, you're

15     now right, this case in New York is only going to be about New

16     York.  But Eligo won't take yes for an answer.  Instead, in

17     Pennsylvania and Ohio, they are telling the judges there that

18     Pennsylvania and Ohio are included in this case.  But they

19     can't have it both ways.

20          So, what we are trying to do with this amendment,

21     really, is to make it clear to everybody, to this Court, to the

22     courts in Ohio and Pennsylvania, which we have told several

23     times, I have put it on the record in both cases, I have

24     written to Eligo, I have told defense counsel, Mr. Meadows,

25     that we are not intending to pursue Ohio or Pennsylvania claims

1    in this case, and that in Ohio and Pennsylvania we are not

2    intending to pursue claims in the other case.  But what is

3    really going on here, your Honor, is Eligo is trying to prevent

4    customers from Pennsylvania and Ohio from litigating anywhere

5    because they have been successful in barring them from this

6    case and now they are trying to bar them in the other case.

7    And I will add, we agree with Eligo, we agree that the

8    Pennsylvania and Ohio contracts are different.  So we can't

9    litigate their claims here.  So our proposed amended complaint

10   moots their motion.

11          And I will just add that they are saying that this is

12   too late, we missed the deadline to amend, but that is not true

13   and it's not accurate.  We have gotten -- we entered into an

14   original amendment deadline in May of last year with the

15   understanding that they would be producing documents so that we

16   would amend in November.  And we amended in November and cured

17   some of the issues they had with the complaint at that time.

18   But then they chose to refile a motion to dismiss, take out

19   non-New York claims, and after they filed that motion they

20   produced 26,000 documents.

21          So we have only recently gotten the bulk of discovery

22   in this case.  And discovery is not over.  We are still doing

23   depositions.  Eligo just issued additional discovery just

24   yesterday.  So we are not too late.  We are not changing the

25   scope of the case one bit.  We are actually conforming the

1   pleading to what your Honor has ordered and to what Eligo has

2   said this case is about.

3          And what is most concerning to us is that Eligo,

4   because they are taking these different positions in different

5   courts, they are using this as a basis to refuse to engage in

6   settlement talks.  Because in the Western District of

7   Pennsylvania there is a mandatory mediation process, and we

8   have picked a former magistrate judge, Judge Lenihan, of the

9   Western District of Pennsylvania, to be the mediator in our

10  class action settlement talks, which we were required to do it,

11  we were required to pick a mediator.  But Eligo is not

12  scheduling settlement talks because they are trying to stay the

13  Pennsylvania case because they are telling the Pennsylvania

14  court that your Honor is presiding over Pennsylvania, when we

15  all here know that your Honor is presiding over just New York.

16         So we are trying to clean this up and move forward,

17  and we are trying to keep the case conforming with what your

18  Honor has ruled.  And I will say for the last time, Eligo won't

19  take yes for an answer.  We are agreeing about the nature of

20  the contracts outside of New York.  We are agreeing to limit

21  the scope of the proposed class to New York.  And they are

22  opposing this amendment.  What they are trying to do is just

23  lock us up in Pennsylvania and Ohio and that's not fair.

24         THE COURT:  Let me ask you a question, Mr. McInturff.

25         So, you said a number of times that you're looking to

1    limit this case to just New York, is that right?

2              MR. McINTURFF:  That's correct, your Honor.

3              THE COURT:  So, you're not including going forward, if

4    you prevail, with D.C., Massachusetts, Illinois, and I forget

5    the other one, correct?

6              MR. McINTURFF:  Correct.  And neither Pennsylvania nor

7    Ohio.  So the class that we are going to seek to certify in

8    this case will include only customers in New York.

9              THE COURT:  Okay.

10             Mr. Meadows, do you have a good reason why I shouldn't

11   allow that?

12             MR. MEADOWS:  Yes, your Honor.  It's that what the

13   plaintiffs are proposing here is not so much that they are

14   going to limit the class in this case to New York so much as it

15   is they want to transfer those claims to a different court,

16   namely, the Western District of Pennsylvania, before Judge

17   Bissoon, where they are hoping to essentially undo the rulings

18   that you have made in this case.  You have been presiding over

19   this case, which, as we speak, remains a nationwide class

20   action on behalf of every Eligo variable rate customer.  The

21   plaintiffs are now pursuing the same nationwide class action

22   before Judge Bissoon.

23             Now, this amendment, this supposed effort on the part

24   of the plaintiff to limit this case to a New York class only,

25   absolutely comes seven months after the deadline for amendment.

P668BROC

```
 1   Under the scheduling order, all amendments were supposed to
 2   have been made by mid-November of last year.  And, in fact, Mr.
 3   McInturff said a few times we won't take yes for an answer to
 4   the scope of the class in this case.  Well, that's not true, in
 5   part because not only have the plaintiffs filed a very late
 6   motion for leave to amend, but they have done so after twice
 7   opposing our motion to dismiss, in which they have argued that
 8   it's perfectly within their rights to assert out-of-state
 9   claims and assert a nationwide class action in this case.
10        So, we have gone through the extreme trouble, expense,
11   and burden of briefing a motion twice, only to have them, at
12   the very last minute, try to amend to take the non-New York
13   claims out of this case.  But what they are trying to do is get
14   a new judge to preside over them because——and I think both
15   their letter motion and Mr. McInturff's argument hints at
16   that——they don't like the discovery rulings you have made in
17   this case.
18        As you know, it's been a tremendous burden both on the
19   defendant and certainly on you and your staff to preside over
20   and decide, I think we are up to about 15 discovery motions
21   here.  Many of those, especially lately, have not gone the
22   plaintiffs way, as Mr. McInturff admitted, because not only
23   have you limited discovery to New York, but you have granted
24   protection as to a couple of our former executives and made
25   some other rulings that they respectfully disagree with.  And
```

P668BROC

| | |
|---|---|
| 1 | they have already tried to get the discovery you have denied |
| 2 | them in the newly filed case in the Western District of PA. |
| 3 | THE COURT:  Mr. Meadows, why aren't they entitled to |
| 4 | do that?  If I make a determination in this case, if I grant |
| 5 | your motion to dismiss, I am not, I don't think, precluding |
| 6 | them from bringing an action in the appropriate forum, right? |
| 7 | MR. MEADOWS:  That's correct, your Honor.  But if you |
| 8 | were to grant our motion to dismiss, it would be persuasive |
| 9 | precedent, at least in another court, that plaintiffs lack |
| 10 | class and statutory standing to bring a nationwide class action |
| 11 | against all Eligo nationwide customers.  And that is in part |
| 12 | what the plaintiffs are seeking to avoid.  Why have they fully |
| 13 | briefed and opposed our motion twice and now all of a sudden |
| 14 | claim they want to give us the relief we have sought after |
| 15 | briefing twice?  It's because they want to avoid that ruling. |
| 16 | THE COURT:  Again, I am not understanding, Mr. |
| 17 | Meadows, anything that I say concerning this forum would bind |
| 18 | another court concerning a completely different set of facts, |
| 19 | completely different forum selection clauses in these |
| 20 | contracts.  Just because they can't bring it here doesn't mean |
| 21 | they can't bring it in Ohio or Pennsylvania.  Am I wrong about |
| 22 | that? |
| 23 | MR. MEADOWS:  It wouldn't be binding, your Honor, if |
| 24 | you were to grant our motion to dismiss.  But, as I said, it |
| 25 | would be persuasive precedent that, for example, because we now |

P668BROC

 1    have a nationwide class action in the Western District of

 2    Pennsylvania, if we went to that court and said, Judge Ramos

 3    ruled in New York that New York-based plaintiffs can't

 4    represent out-of-state plaintiffs in a nationwide class action,

 5    and so too can't Pennsylvania residents represent Illinois and

 6    Washington, D.C. residents who have completely different

 7    contracts and facts and circumstances.  And so that ruling, if

 8    you were to issue it, would certainly help us defeat a

 9    nationwide class action in other courts.  So I think that's the

10    primary issue there.

11              THE COURT:  Let me ask, is that what they are doing in

12    the Western District of Pennsylvania, they are attempting to

13    certify a nationwide class action?

14              MR. MEADOWS:  Their proposed class in the Western

15    District of Pennsylvania right now is a nationwide class

16    action.  It's not just Pennsylvania claims on behalf of

17    Pennsylvania customers, it's much, much broader than that.

18    It's essentially the claims they have tried to certify here and

19    gain discovery here, which you have denied, they are now moving

20    in Pennsylvania.  And as I have said, they have already served

21    discovery requests that would cover all of the discovery you

22    have denied them in this case.

23              And to circle back to your question, why can't they do

24    this, why can't they dismiss these claims here?  And again, for

25    one, because this is so far past the deadlines for amendments,

P668BROC

1   and because it comes after you have spent a tremendous amount

2   of time and effort to preside over this case, they have got to

3   show good cause for this amendment.  And not only have they not

4   done so, they have not even tried.  Their letter motion does

5   not even mention the good cause standard.

6        I will refer you to Judge Engelmayer's case, which we

7   have cited in our papers, he issued it just two months ago,

8   very similar set of circumstances, where a plaintiff sought

9   leave to amend and take claims out in an effort to defeat

10  federal jurisdiction, after the court had invested a lot of

11  time and resources in ruling on a variety of motions in the

12  case, and Judge Engelmayer said, No, it's not good cause to try

13  to undo all of my rulings and essentially forum shop by

14  amending your complaint so you can refile the same claims

15  somewhere else.

16       Now, your decision on the motion to dismiss of course

17  is pending, it hasn't yet been issued.  If you deny the motion

18  to dismiss, all of the non-New York claims will remain in this

19  case.  The plaintiffs have a forum; it's the forum they chose

20  from the beginning.  So, at an absolute minimum, what we told

21  the judge in the Western District is you should stay that case

22  until Judge Ramos rules on the motion to dismiss.  Your control

23  should not be wrestled away because plaintiffs come home to

24  roost.  Again, they certainly shouldn't be allowed to file this

25  amendment seven-plus months after the deadline has passed under

1    binding Second Circuit precedent.

2            THE COURT:  Mr. McInturff, what happens if I grant the

3    motion to dismiss that's currently pending?

4            MR. McINTURFF:  What happens is then this case is

5    limited to New York, just as we are agreeing to do right now.

6    The only difference is, if you were to grant the motion, you

7    would be agreeing with Eligo that on the pleadings they are

8    able to strike non-New York customers from the case.  And that

9    is the issue we opposed on the motion, and this really goes to

10   the heart of what Mr. Meadows is arguing.  We said, look,

11   everybody, this is on the pleadings.  We can't make a

12   determination about the scope of this case until we get

13   discovery, so it's premature.  If you read our papers, our

14   argument is this is all premature because we haven't gotten

15   discovery.  Well, now we have gotten discovery, and we agree

16   with Eligo.  We agree that in this case only New York can be

17   litigated, especially because of your Honor's discovery ruling

18   about the scope of discovery.  But we are not trying to

19   transfer this case to another court.  What we are doing is we

20   are taking the New York piece and litigating it in New York,

21   and the customers in the different states, they have different

22   contracts.

23           Mr. Meadows is not accurate when he is saying that we

24   are going to somehow transfer this case to some other

25   jurisdiction, and we are trying to swap out the judges or

P668BROC

1    something like that.  That is not what we are trying to do.

2    The contracts are different in the different jurisdictions.

3    Eligo was arguing that before we got all the discovery.  We now

4    agree.  Your Honor has twice limited discovery in this case to

5    New York because of Eligo's arguments.  If you go back and look

6    at the transcript, Mr. Meadows was arguing these contracts are

7    incredibly different from state to state.  We agree.  So this

8    is really just a ploy to keep Pennsylvanians and Ohio customers

9    from litigating anywhere.  We are not trying to play games.

10   Eligo is playing games.  The contracts are different.  We know

11   that now.  Discovery is underway.  We got a bunch of documents

12   in the last 90 days.

13           THE COURT:  Mr. McInturff, so let me ask you this.  So

14   what happens if you withdraw your opposition to the motion to

15   dismiss?

16           MR. McINTURFF:  The only issue we are talking about is

17   the advisory ruling that Mr. Meadows is requesting.  He wants

18   to use a ruling in this case saying that no plaintiff in any

19   case can bring a claim beyond their specific state.  And our

20   position in the case is the same as our position here, which is

21   it's premature to do that on the pleadings.  We need discovery

22   to occur and then we can make a thoughtful decision.

23           So, for example, in Pennsylvania, which has a totally

24   different contract, it's a completely different contract, it's

25   a completely different formula than in New York, we have said,

P668BROC

```
 1          the proposed Pennsylvania class is limited to people that have

 2          that contract.  So, by definition, the Pennsylvania class is

 3          not going to include anybody in New York.  But it may, because

 4          we don't have discovery outside of New York, there may be the

 5          same clause in some other state.  So we are saying, just like

 6          we did here, we are saying we don't know what discovery is

 7          going to show, you can't strike on the pleadings an allegation

 8          that potentially there are customers in other states.  But

 9          that's not at issue anymore because we agree with Eligo.

10                  So, we don't want to say enter the motion, your Honor,

11          because, as Mr. Meadows said, they want an advisory opinion in

12          the other state, so they can take it to the other state and

13          say, by definition, we can strike these customers from the

14          complaint.  We are not trying to do anything that we will not

15          be able to do at the Rule 23 stage.  We just need the time to

16          take the discovery so that we can then, after the Rule 23

17          stage, make the appropriate motion.  Eligo is jumping the gun

18          and they are stalling settlement talks in Pennsylvania and

19          stalling Pennsylvania and Ohio customers in this case.  So the

20          easy thing to do is deny their motion as moot and let us amend

21          the complaint and that keeps the status quo.

22                  THE COURT:  So you're not willing to pull back your

23          opposition to the motion, is what I am hearing?

24                  MR. McINTURFF:  Simply because it's premature.  It

25          should be denied as moot, and we should be allowed to file the
```

P668BROC

1   second amended complaint.

2           THE COURT:  It's amazing that you people continue to

3   create more and more work for me.  You're exactly right, Mr.

4   McInturff.  What Mr. Meadows wants is an advisory opinion from

5   this Court that he can then use in other jurisdictions to say

6   look what Ramos did.  And essentially, if I were to grant the

7   motion, you would be precisely where you want to be right now

8   with respect to your proposed motion.  It's an outrageous set

9   of circumstances, but you can make your motion.  Your motion

10  will be due in three weeks, response due three weeks

11  thereafter, and reply will be due a week after that.

12          Ms. Trotman, can we get the dates?

13          THE DEPUTY CLERK:  Yes.  The motion is due June 27,

14  the opposition is due July 18, and the reply is due July 25.

15          MR. McINTURFF:  Thank you, your Honor.

16          MR. MEADOWS:  Thank you, your Honor.

17          THE COURT:  We are adjourned.

18          (Adjourned)

19

20

21

22

23

24

25