# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IRA BROUS** and **MICHELLE SCHUSTER**, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>   v.<br><br>**ELIGO ENERGY, LLC** and **ELIGO ENERGY NY, LLC**,<br><br>      Defendants. | Civil Case No.: 1:24-cv-01260 (ER)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS OR STRIKE THE FIRST AMENDED COMPLAINT** |

  Before the Court is Defendants' motion to dismiss or strike all out-of-state claims from Plaintiffs' First Amended Complaint (ECF No. 140). Plaintiffs have withdrawn their opposition to the motion (ECF No. 233). Accordingly, the motion is unopposed. The Court has nevertheless undertaken to independently evaluate the motion, as required by Second Circuit precedent. *See, e.g.*, *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). In doing so, the Court has considered the well-pled allegations in Plaintiffs' First Amended Complaint, and documents incorporated by reference into (or which are integral to) that Complaint. Based on that record, the Court concludes as follows:

  1. The named Plaintiffs allege that they are residents of New York. As such, the named Plaintiffs, lack class standing to assert claims on behalf of Eligo customers who were residents of other states because Plaintiffs' New York-based contracts materially differ from the contracts of non-New York customers. Indeed, at a June 6, 2025 telephonic hearing, Plaintiffs' counsel conceded that Eligo's New York contracts differ materially from those Eligo used in other

states. Thus, Plaintiffs' claims are dismissed to the extent they purport to have been brought on behalf of Eligo customers outside New York.

2. The named Plaintiffs lack statutory standing to assert claims under the consumer protection statutes of states other than New York, because those Plaintiffs neither resided in nor suffered any injury in any of those other states. Count VI is therefore dismissed in its entirety.

3. By virtue of the forum selection clauses in their Eligo contracts, the out-of-state residential putative class members agreed to resolve any disputes in their respective home states and not in New York.

4. The Court lacks personal jurisdiction over the non-New York claims because there is no nexus between this forum and the claims of non-New Yorkers regarding electricity and natural gas supplied outside of New York by non-New York companies not named in the Amended Complaint.

Accordingly, Plaintiffs' First Amended Complaint is dismissed in part without leave to replead.

SO ORDERED this ____ day of _____, 2025.

                                                         _____
                                                         Hon. Edgardo Ramos, U.S.D.J.