**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

<u>Via ECF</u>

Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

June 26, 2025

**MEMO ENDORSED**
at page 2

Re:   <u>*Brous et al. v. Eligo Energy, LLC, et al.*</u>, **No. 1:24-cv-1260 (ER)**

Dear Judge Ramos,

Pursuant to the Court's Individual Rule 1.A, Plaintiffs write to provide a status update regarding forthcoming discovery-related motion practice and to request the Court's guidance as to measures for reducing Your Honor's workload in this complex litigation, including referral of certain issues to the assigned Magistrate Judge Gary Stein.

Discovery is ongoing, and in the past two weeks the parties declared impasse on several matters and may reach additional impasses in the coming weeks. These include issues regarding privilege assertions, the adequacy of document and data productions, and responses to written discovery. Based on the outcome of a meet and confer that was held on Tuesday, Plaintiffs anticipate filing at least one Local Rule 37.2 discovery letter next week and believe that others may follow if the parties do not substantially move off their current positions as the conferral process proceeds.

Plaintiffs are mindful that Your Honor already has three live issues on this case's docket. Your Honor is presently overseeing Defendants' motion to strike the non-New York claims from this case (ECF No. 140), Plaintiffs' forthcoming motion to file an amended complaint to conform it to the case's current posture (June 6, 2025 Minute Entry), and Plaintiffs' renewed motion for complaint-related discovery based on a newly-obtained whistleblower declaration (ECF No. 240).

Plaintiffs are also mindful that this litigation has required more of Your Honor's time and attention than the Court's other cases, and that this action is, by any measure, a large and complex case. Plaintiffs are thus writing to provide the Court with advance notice of the forthcoming discovery-related motion practice and to suggest the Court consider implementing one or more of the following strategies outlined in the Southern District's Pilot Project for Complex Civil Cases. *See In re Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York*, Standing Order M10-468 (S.D.N.Y. Nov. 14, 2014) (the "Pilot Project"):

1. **Referral To Magistrate Judge Stein:** The Pilot Project outlines four options for involving magistrate judges that the Court may find suitable here: (1) referral for general pre-trial supervision, (2) referral for specific non-dispositive motions or disputes, (3) referral for discovery disputes for a specific time period, and (4) referral for discovery disputes requiring prompt attention at any time when Your Honor is not available. *Id.* at 30. With the October 17 discovery deadline still months away, the Court may find one or more of these options helpful.

2. **Monthly In-Person Discovery Conferences Preceded By "Agendas" In Lieu Of Discovery Motions:** The Pilot Project outlines a procedure whereby the Court calendars

in-person conferences every three to four weeks and the parties provide their "agenda" of discussion topics four days before each conference. *Id.* at 29. The agenda replaces the Rule 37.2 discovery letter and only outlines the issues to be raised at the conference. *Id.* Thereafter, "[t]he parties may jointly seek to adjourn the conference with the Court by telephone call 48 hours in advance of a scheduled conference, if the parties agree that there are no issues requiring Court intervention." *Id.* Your Honor has previously expressed interest in resolving discovery disputes in person and noted approvingly that such a mechanism would be minimally burdensome to the Court. *See* Oct. 4, 2024 Hr'g Tr. at 29:20-24 (Your Honor noting that in-person conferences "impose[] absolutely zero burden on the Court. . . . In fact, I was contemplating doing that in any event given the tenor of the conversations between the parties."). The undersigned has also found such conferences to be helpful in our firms' other complex cases in this District and others.

3. **Staggered Local Rule 37.2 Discovery Letters:** To avoid addressing multiple discovery motions simultaneously, the Court could direct a staggered schedule for raising outstanding discovery disputes. Under this timeline, the parties would file discovery letter motions, if any, every two weeks, ensuring that issues are raised with predictable pacing.

Plaintiffs thank the Court for the resources it has already devoted to this litigation. Plaintiffs also understand that the Court desires to lessen this case's use of Your Honor's resources. While these three proposals represent Plaintiffs' best effort to satisfy that desire, we are of course amenable to any procedure the Court wishes to pursue. Plaintiffs asked Defendants to join this letter, but Defendants declined.

We thank the Court for its ongoing attention to this matter.

Dated: June 26, 2025

Respectfully submitted,

By: /s/ D. Greg Blankinship
D. Greg Blankinship
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
Fax: (914) 824-1561
gblankinship@fbfglaw.com

J. Burkett McInturff
**WITTELS MCINTURFF PALIKOVIC**
305 Broadway, 7th Floor
New York, New York 10007
Tel: (917) 775-8862
Fax: (914) 775-8862
jbm@wittelslaw.com

*Counsel for Plaintiffs and the Proposed Class*

---

Defendants are directed to respond by July 1, 2025.

SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: June 27, 2025
New York, New York

2