UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IRA BROUS** and **MICHELLE SCHUSTER**, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**ELIGO ENERGY, LLC** and **ELIGO ENERGY NY, LLC**,<br><br>Defendants. | Civil Case No.: 1:24-cv-01260-ER |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Erin Kelley
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff
Tiasha Palikovic
Jessica L. Hunter
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (914) 775-8862
jbm@wittelslaw.com
tpalikovic@wittelslaw.com
jlh@wittelslaw.com

Dated:   June 27, 2025

i

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ............................................................................................ 4

LEGAL STANDARD ....................................................................................................... 7

ARGUMENT ..................................................................................................................... 9

    I.    Plaintiffs Have Established Good Cause For Amendment Under Rule 16 ..................... 9

    II.    Plaintiffs Satisfy The "Liberal" And "Permissive" Standard Under Rule 15 .............. 11

CONCLUSION ................................................................................................................ 13

# **TABLE OF AUTHORITIES**

**CASES**

*AT&T Corp. v. Atos IT Solutions and Servs., Inc.*,
   714 F. Supp. 3d 310 (S.D.N.Y. Feb. 1, 2024) ......................................................................... 10

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993) ................................................................................................... 12

*Boyd v. Pinnacle Athletic Campus, LLC*,
   2022 WL 419348 (W.D.N.Y. Feb. 11, 2022) ......................................................................... 10

*Callahan v. Cnty. of Suffolk*,
   96 F.4th 362 (2d Cir. 2024) ..................................................................................................... 8

*City of New York v. FedEx Ground Package Sys., Inc.*,
   No. 13 Civ. 9173 (ER), 2018 WL 4521209 (S.D.N.Y. Sept. 21, 2018) ................................... 8

*Delgado v. Donald J. Trump for President, Inc.*,
   2025 WL 522484 (S.D.N.Y. Feb. 18, 2025) ........................................................................... 10

*Domingez v. City of New York*,
   No. 21 Civ. 2302 (DEH), 2025 WL 621878 (S.D.N.Y. Feb. 26, 2025) .............................. 7, 8

*Dominguez v. Walsh*,
   No. 22 Civ. 6443 (KMK), 2023 WL 6199861 (S.D.N.Y. Sept. 22, 2023) ............................. 11

*Enzymotec Ltd. v. NBTY, Inc.*,
   754 F. Supp. 2d 527 (E.D.N.Y. 2010) ...................................................................................... 9

*Foman v. Davis*,
   371 U.S. 178 (1962) ................................................................................................................. 8

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
   304 F.R.D. 170 (S.D.N.Y. 2014) ............................................................................................ 11

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007) ..................................................................................................... 8

*Leo v. Siemens Med. Sols. USA, Inc.*,
   No. 25 Civ. 415 (JGLC), 2025 WL 1591891 (S.D.N.Y. June 5, 2025) ................................. 13

*Lin v. Joedy*,
   214 F. Supp. 3d 207 (W.D.N.Y. 2016) ................................................................................... 10

*Obermeier v. Ne. Work & Safety Boats, LLC*,
   No. 3:23 Civ. 46 (SVN), 2025 WL 1598988 (D. Conn. June 6, 2025) .................................... 8

*Obermeier v. Northeast Work & Safety Boats, LLC*,
  No. 3:23 Civ. 46, 2025 WL 1598988 (D. Conn. June 6, 2025) ................................................ 10

*Olaf Sööt Design, LLC v. Daktronics, Inc.*,
  299 F. Supp. 3d 395 (S.D.N.Y. Oct. 26, 2017) ............................................................................ 9

*Pearlstein v. Blackberry Ltd.*,
  No. 13 Civ. 7060 (TPG), 2017 WL 4082306 (S.D.N.Y. Sept. 13, 2017) ................................. 12

*Sacerdote v. New York University*,
  9 F.4th 95 (2d Cir. 2021) ...................................................................................................... 7, 8

*Scott v. Chipotle Mexican Grill, Inc.*,
  300 F.R.D. 193 (S.D.N.Y. 2014) ................................................................................................ 8

*Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*,
  283 F.R.D. 142 (S.D.N.Y. 2012) ................................................................................................ 9

*United Coal Co., LLC v. Xcoal Energy and Resources*,
  No. 23 Civ. 5709 (ER), 2024 WL 4533349 (S.D.N.Y. Oct. 21, 2024) ....................................... 8

*United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
  567 F. Supp. 3d 429 (S.D.N.Y. 2021) ......................................................................................... 8

*Zimpfer v. Hilbert Coll.*,
  No. 21 Civ. 231 (LGF), 2021 WL 6846275 (W.D.N.Y. Dec. 2, 2021) .................................... 10

**RULES**

Fed. R. Civ. P. 15 ................................................................................................................................ 8

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure and this Court's June 6, 2025 Order authorizing the filing of this Motion, Plaintiffs Michelle Schuster and Anne Brous, on behalf of the estate of deceased Plaintiff Ira Brous (together, "Plaintiffs"), by and through their attorneys, hereby submit this Memorandum of Law in Support of Their Motion to File a Second Amended Complaint ("Motion"). Plaintiffs' proposed amended complaint is attached as **Exhibit A** to the Notice of Motion, ECF No. 246-1, with a redline comparison to the operative complaint attached as **Exhibit B**, ECF No. 246-2.

## INTRODUCTION

This Motion never needed to be filed, and it certainly should not be opposed. It has been forced on the Court by Defendants' unwillingness to accept "yes" for an answer on its pending motion to strike non-New York claims from this case. This defense strategy is as transparent as it is classic: gum up the works in the hopes of evading (or at least substantially delaying) accountability for the fact that Defendants levied tens of millions in overcharges on the electricity bills of unsuspecting utility customers. In fact, Defendants' opposition to an amended complaint has more to do with its efforts to delay the other class actions it is facing in federal courts in Pennsylvania and Ohio. The Court should have none of this, and Plaintiffs should promptly be permitted to file their proposed Second Amended Class Action Complaint (the "SAC"). Allowing the SAC here will moot Eligo's pending motion to strike non-New York claims and will let the Pennsylvania and Ohio cases proceed unburdened by Eligo's gamesmanship.

By way of brief background, on January 6, 2025, Defendants Eligo Energy, LLC and Eligo Energy NY, LLC (together "Eligo") moved to preemptively strike the claims of non-New York customers from the proposed nationwide class defined in this case's operative complaint. ECF No. 141. Plaintiffs opposed Eligo's motion to strike, but not because Plaintiffs had staked out an

immovable position regarding which customers from which states would be encompassed in any eventual Rule 23 class certification motion. *See* ECF No. 152. Instead, and consistent with a legion of caselaw from this Circuit and beyond, Plaintiffs took the position that it was simply premature for the Court to make determinations about class eligibility based on the pleadings and the set of (incomplete) documents attached to Eligo's motion. *Id.* at 2–3. As has been held in class litigations across the nation, questions about the scope of a proposed class almost always are better left to the Rule 23 stage when such questions can be informed by a robust discovery record. *Id*.

Though Eligo's motion to strike is still *sub judice*, the Court had previously limited discovery to only New York claims. Shortly after Eligo began producing ESI, on March 21, Plaintiffs moved to expand discovery to four additional non-New York jurisdictions. ECF No. 174. At the April 16 hearing on that discovery motion, the Court sided with Eligo and rejected Plaintiffs' application to seek discovery on non-New York claims. Apr. 16, 2025 Hr'g Tr. at 8:9. Without discovery into out-of-state claims, Plaintiffs face slim prospects of certifying a class that extends beyond Eligo's New York sales. Plaintiffs have accepted the Court's directive, and the proposed SAC (which simply conforms the proposed class definition to the Court's discovery order) merely reflects the reality that Eligo urged—and the Court established—on April 16.

There is thus no legal basis for Eligo to oppose Plaintiffs filing the SAC. In fact, the SAC reflects Eligo's preferred scope of discovery. Plaintiffs have also demonstrated the requisite diligence and good cause for amendment required by Rules 15 and 16. Plaintiffs presented their proposed amendment to the Court less than one month after the Court's April 16 ruling denying discovery into non-New York claims. The amendment also will not occasion more discovery or delay of case deadlines, and Eligo suffers no prejudice whatsoever. Again, the proposed SAC gives Eligo the New York-only class it seeks via its pending motion to strike.

Eligo's claim of prejudice—that allowing amendment enables non-New York customers with different contracts to litigate their claims in other states—is completely irrelevant to the governing standards under Rules 15 and 16. Eligo's true purpose is delay. Eligo is seeking delay by taking entirely inconsistent positions about where its customers can litigate their claims. Here, Eligo claims non-New Yorkers must sue in their respective home states. Yet in Pennsylvania and Ohio, Eligo has told two separate federal judges (Judge Cathy Bissoon of the Eastern District of Pennsylvania and Judge Sarah Morrison of the Southern District of Ohio) that claims by customers in those states are being litigated here and thus must be stayed under the "first-to-file" rule.

To be sure, the undersigned has committed multiple times—in writing and on multiple court records—that no Eligo customer included in one case will have their claims adjudicated by another. *See* ECF No. 206 at 1 (chronicling the undersigned's record commitments). We offered to file amended complaints in each case (including the SAC here) that make this commitment unmistakably clear. When Judge Cathy Bissoon pressed Eligo's counsel on why an amended complaint here would not satisfy Eligo's supposed concerns about potentially overlapping actions, counsel stated that it needed to first review the proposed amendments. *Id.* Proposed amended complaints were provided the next business day, yet Eligo changed positions again. *Id.* Eligo now refuses to consent to the SAC's filing by feigning concern that Plaintiffs cannot be trusted to be true to their word. *Id.* Eligo's "concerns" are insincere.

Moreover, Eligo's argument that Plaintiffs seek to "cut bait near the end of fact discovery to shop another forum" is meritless. *See* ECF No. 222 at 2. Eligo successfully argued in this Court that the claims of non-New York customers cannot be included in the class that will be certified here. But this does not mean that customers from Pennsylvania and Ohio (who are subject to different contracts than the ones at issue here) cannot sue in their home states. As all parties now

3

agree, this Court is not the proper forum for those non-New York claims. The Court should allow an amended complaint that reflects that consensus.

## FACTUAL BACKGROUND

Plaintiffs allege that Eligo significantly overcharged tens of thousands of variable rate electricity customers on their utility bills, in violation of the pricing term in their form customer contract and New York consumer protection law. First Am. Class Action Compl. ("FAC"), ECF No. 120, ¶ 10. These claims have since been substantiated by a whistleblower that confirms Eligo disregarded its New York contracts and preyed on its customers. ECF No. 240-1. Specifically, the whistleblower—a former employee with first-hand knowledge of Eligo's improper conduct—confirmed that "Eligo's variable rates were essentially made up and were set with the goal of getting as much money as possible from consumers," that "[r]ates were not tied to Eligo's supply costs or the wholesale cost of energy in any way," that Eligo's "methods were predatory," and "Eligo's variable rate strategy took advantage of customers' ignorance about how much Eligo paid for the energy supply it was reselling to customers" *Id.* ¶¶ 5–6, 13.

In the operative complaint, Plaintiffs proposed a class that encompassed all Eligo variable rate consumers in the United States. FAC ¶ 128. Rather than answering the FAC, Eligo filed a motion to strike all non-New Yorkers from the proposed class. Eligo made four arguments: (i) that non-New York customers' contracts differ materially from the New York contracts; (ii) that the named Plaintiffs lack "statutory standing" to pursue claims under non-New York consumer protection statutes; (iii) that non-New York customers agreed to forum selection clauses mandating resolution of disputes in other states; and (iv) that this Court lacks personal jurisdiction over non-New York claims. *See generally* ECF No. 141. Eligo's motion makes no claim as to the sufficiency of any claims under 12(b)(6), other than that the named Plaintiffs are not entitled to assert those

same claims for non-New York customers. *Id.* While Plaintiffs opposed Eligo's motion as premature (ECF No. 152 at 2–3), after this Court's April 16 refusal to expand discovery to non-New York claims, Apr. 16, 2025 Hr'g Tr. at 8:9, Plaintiffs withdrew their opposition to Eligo's motion, ECF No. 233. Like the SAC, Plaintiffs' withdrawal of their opposition reflects the Court's decision to limit this case to New York claims.

When the Court first opened discovery in this action on May 9, 2024, it restricted discovery to New York only. *See* May 9, 2024 Minute Entry ("Discovery with respect to the New York claims will proceed."). Then it took Eligo nearly a year to start producing ESI, with over 85% of Eligo's productions made during or after February 2025—well after the November 13, 2024 deadline for Plaintiffs to amend their complaint. June 6, 2025 Hr'g Tr. at 3:20–24. Shortly after Eligo began its February productions, Plaintiffs sought on March 21 to expand discovery to just four additional jurisdictions—Washington, D.C., Illinois, Massachusetts, and Maryland. *See* ECF No. 174. Notably, Plaintiffs did "not seek discovery in this case regarding Eligo's sales in Pennsylvania or Ohio." *Id.* at 1, n.1.

Eligo opposed Plaintiffs' request to expand discovery into non-New York claims. ECF No. 182. Eligo argued that "the non-New York discovery Plaintiffs seek is not only irrelevant to their New York claims, but, if granted, would materially and unjustifiably expand the scope, burden and cost of Eligo's ongoing document production and forthcoming depositions." *Id.* at 2. Eligo further contended that "[t]here is simply no reason for the Court to revise its entirely correct May 9 order now, and it should decline to do so." *Id.* At the April 16 hearing on this discovery motion, the Court sided with Eligo and refused to expand discovery beyond New York claims. Apr. 16, 2025 Hr'g Tr. at 8:9.

Just three weeks later, on May 7, Plaintiffs filed a pre-motion letter seeking leave to file the SAC and narrow the scope of the proposed class to only New York customers. ECF No. 206. Even though the proposed SAC would essentially give Eligo the relief it seeks via its pending motion to strike (a New York-only class), Eligo oddly opposed Plaintiffs' application. ECF No. 222. At the June 6 hearing on Plaintiffs' letter, the undersigned Plaintiffs' counsel reiterated that the SAC would limit the scope of the class to New York. *See* June 6 Hr'g Tr. at 4:23-25; 5:10–16; 6:7–10; 7:14-15, 20–21. The Court likewise pressed Eligo to explain why it would oppose an outcome that it had previously requested:

> MR. McINTURFF: [T]he class we are going to seek to certify in this case will only include customers in New York.
>
> THE COURT: Okay. Mr. Meadows, do you have a good reason why I shouldn't allow that?

*Id.* at 8:6–11; *see also id.* at 16:4–5 ("THE COURT: What Mr. Meadows wants is an advisory opinion from this Court that he can then use in other jurisdictions and say look what Ramos did."). At that hearing, the Court granted Plaintiffs' application to file the instant Motion. *See* ECF No. 230 (granting leave).

The "other jurisdictions" reference the Court made at the June 6 hearing arises from the fact the undersigned also represents Eligo customers in Pennsylvania, in an action overseen by Judge Cathy Bissoon, *Bodkin et al. v. Eligo Energy, et al.*, No. 2:25 Civ. 94 (W.D.P.A.), and in Ohio, in an action assigned to Judge Sarah Morrison, *Orzolek v. Eligo Energy, et al.*, No. 2:25 Civ. 78 (S.D. Ohio) (with *Bodkin*, the "Non-New York Actions"). Defense counsel here also represents Eligo in those actions.

As Plaintiffs have previously advised this Court, Judge Bissoon also encouraged the undersigned to file an amended complaint here to ensure that the proposed class in *Bodkin* is not

6

subsumed, even nominally, by the proposed class here. *See* ECF No. 206 (advising the Court of Judge Bissoon's guidance); *see also Bodkin* ECF No. 45 at 7 ("On May 2, 2025, this Court directed the parties to try to address Eligo's supposed concerns about the boundaries between this case and *Brous* and encouraged the parties to consider whether amended complaints could be used to cure any alleged overlap.").

In both Non-New York Actions, Eligo has moved to stay under the "first-to-file" rule, which allows courts to stay cases that are "nearly identical" to a previously-filed case in another district. *See Orzolek* ECF No. 21; *Bodkin* ECF No. 44. Even though Eligo already persuaded Your Honor that non-New York claims belong elsewhere, Eligo now seeks to convince Judges Bissoon and Morrison that their cases will in fact be litigated before Your Honor. Eligo bases its duplicitous claim on the fact that the operative complaint here proposes a nationwide class.

Eligo's position is completely insincere. Eligo knows that this Court has limited this case to New York, yet Eligo is pointing Judges Bissoon and Morrison to the current class definition and claiming Pennsylvania and Ohio customers will have their claims adjudicated here. Eligo's real goal is not to have these claims litigated in the proper forum but to prevent them from being litigated at all. Plaintiffs' proposed SAC will hopefully end Eligo's delay tactics by clarifying the pleadings and making it undeniable that only New York claims are being litigated in this action.

## **LEGAL STANDARD**

"Under the Federal Rules of Civil Procedure, the standard for amending the pleadings depends on when the amendment is sought." *Domingez v. City of New York*, No. 21 Civ. 2302 (DEH), 2025 WL 621878, at *4 n.6 (S.D.N.Y. Feb. 26, 2025) (citing *Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021)). Where, as here, the deadline to amend the complaint set by the Court's scheduling order has passed, Plaintiffs must show good cause to amend.

7

"Whether good cause exists turns on the diligence of the moving party." *Callahan v. Cnty. of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024). "The Court can also consider whether allowing amendment of the complaint at a particular stage of litigation would prejudice the defendant." *Obermeier v. Ne. Work & Safety Boats, LLC*, No. 3:23 Civ. 46 (SVN), 2025 WL 1598988, at *3 (D. Conn. June 6, 2025) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)). "Normally, mere allegations that an amendment will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021) (cleaned up and citation omitted). While the burden of demonstrating good cause rests with the movant, the burden of demonstrating prejudice rests with the non-movant. *Id.* (citing *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014)).

As this Court has noted, "the 'good cause' standard is permitted but not mandated when a party seeks to amend its pleadings after the deadline set in the scheduling order." *United Coal Co., LLC v. Xcoal Energy and Resources*, No. 23 Civ. 5709 (ER), 2024 WL 4533349, at *3 (S.D.N.Y. Oct. 21, 2024) (citation omitted). Alternatively, the Court may apply the "liberal and permissive standard of Rule 15(b)[,]" under which "denial of leave to amend has been held proper only upon a showing of undue delay, bad faith, dilatory motive, or futility." *Domingez*, 2025 WL 621878, at *4 n.6 (citing *Sacerdote*, 9 F.4th at 115). Under this standard, "[t]he Court should freely give leave to a party to amend its pleading when justice so requires." *City of New York v. FedEx Ground Package Sys., Inc.*, No. 13 Civ. 9173 (ER), 2018 WL 4521209, at *3 (S.D.N.Y. Sept. 21, 2018) (quoting Fed. R. Civ. P. 15(a)(2)). Absent some reason for doing so, denying leave to amend is an abuse of the district court's discretion. *Id.* at *3 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Under either standard, Plaintiffs' proposed amendment should be allowed.

8

## ARGUMENT

### I. Plaintiffs Have Established Good Cause For Amendment Under Rule 16

Plaintiffs have clearly established the requisite diligence and good cause for an amendment. First, Plaintiffs moved quickly to amend after the Court denied Plaintiffs' motion to expand discovery beyond New York. Before that time, Plaintiffs expected that the Court would agree that customers in other jurisdictions with contracts that are similar to the ones applicable to Plaintiffs (Washington, D.C., Illinois, Massachusetts, and Maryland) could have their claims adjudicated at the class action trial in this case. When the original November 2024 deadline to amend arrived, Plaintiffs did not know that the Court would embrace Eligo's view and definitively limit discovery to New York claims only. Plaintiffs' amendment thus does not rest on information that Plaintiffs knew, or could have known, in advance of the original November 2024 amendment deadline. Second, Plaintiffs' proposed amendment does not require additional discovery or adjustment of any case deadlines; to the contrary, the SAC conforms the scope of the proposed class to the scope of discovery the Court has permitted. Plaintiffs' motion, which would result in the same relief sought by Defendants' motion to strike, does not prejudice Eligo in any way.

*First*, Plaintiffs sought leave to amend just three weeks after the Court denied Plaintiffs' request to take discovery of non-New York claims. This is well within the established timeframe for diligent action. *See Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 398 (S.D.N.Y. Oct. 26, 2017) (diligence satisfied where "Plaintiff filed the instant motion to amend within a few months" of reviewing relevant evidence); *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 148–49 (S.D.N.Y. 2012) (finding diligence and permitting amendment filed two months after facts learned in discovery); *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (same); *Obermeier v. Northeast Work & Safety Boats, LLC*,

9

No. 3:23 Civ. 46, 2025 WL 1598988 , at *4 (D. Conn. June 6, 2025) (one month); *Zimpfer v. Hilbert Coll.*, No. 21 Civ. 231 (LGF), 2021 WL 6846275, at *2 (W.D.N.Y. Dec. 2, 2021) (three months); *Boyd v. Pinnacle Athletic Campus, LLC*, 2022 WL 419348, at *4–*5 (W.D.N.Y. Feb. 11, 2022) (six months).[1]

Prior to the Court's April 16, 2025 Order limiting discovery to New York, Plaintiffs believed in good faith that non-New York claims in at least four other jurisdictions could reasonably fall within the proposed class. Although the Court initially limited discovery to New York claims at the May 9, 2024 conference, that ruling was made orally at defense counsel's request in the final moments of a telephonic hearing—without briefing or argument from Plaintiffs' counsel. As a result, both parties reasonably understood that the Court's limitation of discovery was subject to revision as the litigation progressed. For example, here is what Eligo has written about the Court's May 9 directive regarding New York discovery: "[Judge Ramos] bifurcated class discovery to begin with New York claims, while providing for discovery in other states . . . at a later time." See *Bodkin* ECF No. 44 at 5.

When Eligo finally started producing ESI in February 2025, Plaintiffs promptly evaluated that discovery and in early March sought leave to expand discovery to those four non-New York jurisdictions, which the Court ultimately denied at the April 16 hearing. It was not until April 16 that the Court definitively precluded Plaintiffs from obtaining discovery outside of New York. Three weeks later, Plaintiffs filed that proposed amendment.

---

[1] Likewise, where Courts have not found diligence, it was due to delays vastly longer than the timeframe here. See *Delgado v. Donald J. Trump for President, Inc.*, 2025 WL 522484, at *2 (S.D.N.Y. Feb. 18, 2025) (no diligence where information underlying amendment was available for "more than a year" prior to motion); *AT&T Corp. v. Atos IT Solutions and Servs., Inc.*, 714 F. Supp. 3d 310, 323 (S.D.N.Y. Feb. 1, 2024) (14 months); *Lin v. Joedy*, 214 F. Supp. 3d 207, 219 (W.D.N.Y. 2016) (five years).

10

***Second***, the SAC does not prejudice Eligo at all. "Undue prejudice speaks to whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed." *Dominguez v. Walsh*, No. 22 Civ. 6443 (KMK), 2023 WL 6199861, at *1 (S.D.N.Y. Sept. 22, 2023); *see also Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014) (applying prejudice analysis in Rule 16 inquiry). Plaintiffs' proposed amendment will not require additional discovery—to the contrary, the SAC conforms the scope of the class to the scope of discovery that Eligo successfully sought. Nor would the proposed amendment affect any other deadlines or delay resolution of this case. Eligo cannot claim prejudice from memorializing the status quo.

As to Eligo's complaint that this amendment will increase its discovery burden in other cases, that is neither relevant nor accurate. If Eligo's motion to strike (which Plaintiffs no longer oppose) is granted, Eligo's first-to-file motions in the other cases should fail by necessity. Thereafter, Eligo will have to conduct the discovery ordered by those other courts, a fact not relevant to the prejudice inquiry here. *See SAP Aktiengesellschaft v. i2 Techs., Inc.,* 250 F.R.D. 472, 474 (N.D. Cal. 2008) (discovery burden in separate litigation irrelevant to prejudice analysis). And significantly, Eligo's opposition to the SAC ignores that the Federal Rules of Civil Procedure give Judges Bissoon and Morrison ample tools to address any concerns about the scope of discovery in those other actions. Plaintiffs have thus met the requirements of Rule 16.

## II.     Plaintiffs Satisfy The "Liberal" And "Permissive" Standard Under Rule 15

Plaintiffs' motion likewise meets Rule 15's "liberal and permissive" standard. It involves no undue delay, bad faith, futility, or an imposition of prejudice on Eligo. ***First***, Plaintiffs' proposed amendment was filed only three weeks after the Court's April 16 ruling—hardly a delay. Further, "mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis

11

for a district court to deny the right to amend." *Pearlstein v. Blackberry Ltd.*, No. 13 Civ. 7060 (TPG), 2017 WL 4082306, at *2 (S.D.N.Y. Sept. 13, 2017) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)). Eligo cannot demonstrate that Plaintiffs are acting in bad faith, nor that the proposed amendment causes any prejudice, let alone undue prejudice. Thus, Plaintiffs' motion should not be denied because of undue delay.

**Second**, Eligo cannot show this amendment is made in bad faith. Its purpose is simple: to conform the class scope to the Court's April 16 ruling. Indeed, all parties and the Court agree that the claims of non-New York customers are not part of this case. Both Plaintiffs and Eligo have asked the court to exclude them, and all agree that those customers may pursue claims elsewhere:

> THE COURT: Mr. Meadows, why aren't they entitled to [litigate their claims elsewhere]? If I make a determination in this case, if I grant your motion to dismiss, I am not, I don't think, precluding them from bringing an action in the appropriate forum, correct?
>
> MR. MEADOWS: That's correct, your Honor.

June 6, 2025 Hr'g Tr. at 10:3–7.

Despite defense counsel's statement to the Court, Eligo now seeks to trap non-New York claims in jurisdictional limbo: arguing to other courts that non-New York claims belong here but telling this Court that they belong elsewhere.[2] Plaintiffs' amendment avoids that clearly unfair result.

---

[2] *See Bodkin* ECF No. 33 at 6 ("[T]he class proposed here is entirely subsumed by the class proposed in *Brous*, and Defendants disagree that Plaintiffs have notified the *Brous* court that they 'do not intend to seek certification of the class that is pled in this action[.]'"); *see also Bodkin* ECF No. 44 at 1 ("[T]here is a pending motion to dismiss in *Brous* specifically addressing whether the case should include a Pennsylvania class. In such circumstances, the first-filed rule counsels staying *Bodkin* to allow *Brous* to address that motion, as well as the pending issues of certification and discovery regarding the various proposed overlapping classes in these two cases."); *Orzolek* ECF No. 11 at 3 ("The *Orzolek* putative class is merely a subset of the *Brous* putative class. . . .

(*Footnote continued on next page*)

12

***Third***, questions of futility do not come into play here, as the amendment does not propose a new or revised claim and Eligo's current motion to strike does not attack the substance of any pending claim. *See Leo v. Siemens Med. Sols. USA, Inc.*, No. 25 Civ. 415 (JGLC), 2025 WL 1591891, at *2 (S.D.N.Y. June 5, 2025) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss.").

***Fourth***, as explained above, Eligo suffers no undue prejudice from the proposed amendment. Instead, Eligo is using this Court and taxing its resources, not to further its defenses in this case, but to improperly influence the proceedings in Pennsylvania and Ohio. Even though Eligo already persuaded Your Honor that non-New York claims belong elsewhere, Eligo now seeks to convince Judges Bissoon and Morrison that their cases should be litigated before Your Honor. Eligo is basing its "first-to-file" claim on the fact that the operative complaint here proposes a nationwide class. Because the SAC would narrow the class definition to New York claims only and exclude the customers encompassed by the cases assigned to Judges Bissoon and Morrison, Eligo opposes the SAC's filing. That is not prejudice. It is gamesmanship.

Thus, Plaintiffs' amendment cannot be said to suffer from undue delay, bad faith, futility, or impose undue prejudice on Eligo. It is proper under Rule 15.[3]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to File a Second Amended Complaint.

---

The *Orzolek* action asserts no new claims and simply repleads the same breach of contract claim that is already being litigated in *Brous*.").

[3] The proposed SAC also reflects that the Court granted Anne Brous's motion to be substituted in as a plaintiff representing the estate of her late husband, Ira Brous. Eligo does not oppose this amendment. ECF No. 239 at 4 n.2. As the Court will recall from having worked on Ms. Brous's substitution motion, Eligo's opposition there was also without merit. ECF No. 192.

13

Dated: June 27, 2025                           Respectfully submitted,

**WITTELS MCINTURFF PALIKOVIC**

/s/ J. Burkett McInturff
J. Burkett McInturff
Jessica L. Hunter
Tiasha Palikovic
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Telephone: (914) 775-8862
jlh@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Erin Kelley
1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NEW YORK 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

*Counsel for Plaintiffs, the Proposed Class, and Anne Brous*

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 27, 2025, the foregoing was served via ECF on all counsel of record.

                                          By:   /s/ J. Burkett McInturff
                                                        J. Burkett McInturff