

**WATSTEIN**
**TEREPKA** LLP

Ryan Watstein
Ryan@wtlaw.com
404-782-0695

July 1, 2025

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

Re:     ***Brous v. Eligo Energy, LLC*, 24 Civ. 1260**
        **Defendants' Response to Plaintiffs' Status Update Letter (Doc. 241)**

Dear Judge Ramos:

We write in response to Plaintiffs' letter of June 26, 2025 (Doc. 241). There, Plaintiffs gave notice that they intend to file so many additional "discovery related motion[s]" in the near future that they deemed it necessary to suggest "measures for reducing Your Honor's workload" before those motions hit the docket. *Id*. at 1. Defendants agree with Plaintiffs' statement that "this litigation has required more of Your Honor's time and attention than the Court's other cases" and share a desire to reduce the Court's workload. *Id*. Unfortunately, Plaintiffs have both misdiagnosed the cause of this outsized demand for judicial resources while proposing remedies that will only make the affliction worse. Rather than construct new procedures to deal with an unnecessary deluge of new motions, the better course is for the Court to limit the abusive motion practice altogether. It can and should accomplish this by entering an order barring Plaintiffs from filing more discovery-related motions without first obtaining leave of Court to do so. Then, to the extent the Court deems any such motions worthy of being heard, it should decide the motions in due course under normal procedures.

There is an exceedingly simple reason why this case has demanded so much of the Court's time and attention—Plaintiffs' abuse of discovery generally and, more particularly, motions to compel. Even before filing their June 26, 2025 letter, Plaintiffs had filed approximately *15 letter motions to compel*, many raising multiple issues.[1] The sheer extent of that motion practice is as extraordinary as it is unjustified. The Court

---

[1] If anything, this understates the litigiousness of Plaintiffs' counsel in their effort to force Eligo into a non-merits-based settlement. In addition to filing approximately 15 discovery motions here, Plaintiffs' counsel have also filed motions to quash deposition subpoenas in the Northern and Western Districts of New York. That includes their effort to stop the deposition of Anne Brous, who is now a named Plaintiff in this case.

---

**Atlanta**
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 **www.wtlaw.com**           **Ryan@wtlaw.com**           **404-782-0695**

not only denied the vast majority of Plaintiffs' letter motions but, in late 2024, expressly warned Plaintiffs' counsel that their repeated filing of lengthy motions to compel was "close to an abuse" of the Court's procedures. Nov. 7, 2024 Hearing Tr. 2:15-3:2 (stating "never in any case of any size have I ever gotten that deluge of letters on one day" at a hearing for "five or six letters from Plaintiffs' counsel, all involving different discovery issues, and each at least three pages long, many with exhibits that went into the hundreds of pages" and asking Plaintiffs to "[p]lease refrain from doing that in the future"). But that warning has gone unheeded. Throughout this year, Plaintiffs have continued to file multi-issue letter motions and on several occasions have re-raised issues the Court had previously decided against them. In fact, Plaintiffs' latest letter motion is a "renewed motion" for documents about Eligo's customer complaints (Doc. 240), even though the Court denied a prior motion to compel production of the same documents because Plaintiffs represented the issue had been resolved. Doc. 164 (terminating Doc. 69 based on Plaintiffs' counsel's representation that the dispute had been resolved).

Now, months after Eligo completed its production of more than 20,000 documents and after Plaintiff took more than eight depositions of Eligo personnel, Plaintiffs warn that even more motions to compel are forthcoming, spanning "privilege assertions, the adequacy of document and data productions, and responses to written discovery," and perhaps other issues too. Doc. 241 at 1. These new motions will be so numerous, according to Plaintiffs, that they now urge the Court to construct new procedures just to deal with the sheer volume of filings. None of Plaintiffs' proposals, however, addresses the root problem of their serial filing of baseless motions and abuse of the discovery process. Nor would any of these measures be effective, even if adopted (which they should not be). If anything, Plaintiffs' proposals, which are addressed in order below, would increase the burden on the Court and its staff.

1. **Referral to Magistrate Judge Stein.** At this late stage of the case, referring new motions to Judge Stein would be highly inefficient and prejudicial to Defendants. Your Honor has already devoted significant time and effort to considering, hearing, and resolving more than 15 of Plaintiffs' discovery motions, gaining substantial familiarity with the parties, the claims, and the course of discovery. That experience and depth of knowledge will be critical in efficiently ruling on Plaintiffs' new and forthcoming motions, particularly given Plaintiffs' habit of rehashing the same issues through successive motions over and over again. Reassigning these discovery matters now would not only require Judge Stein, who has no previous involvement, to quickly familiarize himself with a complex and protracted record, but would also risk duplication of effort on matters with which Your Honor is already familiar. And even if Judge Stein did take up such a task, it still would not lessen the burden on the Court because Plaintiffs would likely appeal any adverse ruling and recommendations to Your Honor for a final decision.

2. **Monthly In-Person Conferences.** Plaintiffs previously requested periodic, in-person conferences with the Court to address discovery matters. Doc. 78. The Court denied that request. Doc. 115. There is no reason to change that decision now. Here again, reserving the Court's time

---

Plaintiffs' counsel have also filed additional class actions against Eligo in Pennsylvania and Ohio. In all, this campaign against Eligo has now spanned five separate federal district courts before which Plaintiffs have filed dozens of discovery-related and other motions. Whatever one might call this strategy, it plainly displays no concern whatsoever for the conservation of judicial resources.

2

for this case on a monthly basis might embolden Plaintiffs to create even more discovery disputes than they already plan to raise. The far more efficient solution, as discussed below, is to prohibit Plaintiffs from filing new motions without first obtaining leave of Court.

3. **Staggered Discovery Letters**. As a sign of just how many discovery disputes Plaintiffs would like to raise, they suggest that the Court order a new, "staggered" procedure under which Plaintiffs would file discovery letter motions "every two weeks, ensuring that issues are raised with predictable pacing." Doc. 241 at 2. It is hard to see how this suggestion would reduce the Court's workload. It is far more likely to do the opposite, because to adopt the suggestion would be to tacitly approve of Plaintiff's apparent plan to file new discovery letter motions on a bi-weekly basis. And emboldening Plaintiffs to engage in *more* motion practice is the last thing anyone should do.

This Court is not the first to be overburdened by Plaintiffs' counsel's tactic of overusing motions to compel to pressure a defendant to settle meritless claims. At least two other courts have ordered Plaintiffs' counsel to obtain leave of court before filing new motions. *Chow v. SentosaCare*, 2020 WL 13076003, at *2 (E.D.N.Y. May 29, 2020) (noting Plaintiffs' counsel's resort to "repetitive motion practice . . . as a default means of resolving disputes" and prohibiting them from filing further discovery motions "without first obtaining leave of Court"); *Donin v. Just Energy Grp. Inc*., Dkt No. 17-05787 (E.D.N.Y. Dec. 16, 2019 text-only order) (denying Plaintiffs' counsel's motion to strike as improper and lamenting the "private quibbling and inability to cooperate about basic issues in discovery," and ordering that "parties and their counsel may no longer file letters to the Court or call the Court's chambers without first obtaining leave to do so"). Here, Plaintiffs' counsel has engaged in even more abusive behavior by filing a wildly excessive number of discovery letter motions. Neither the Court's denial of most of those letter motions, nor its express admonition that Plaintiffs' motion practice was "close to an abuse" has deterred Plaintiffs from further larding the Court's docket with discovery disputes. The time has come—for both the sake of the Court and Defendants—to put a stop to it. The Court should enter an order barring the filing of any discovery motion by Plaintiffs without first obtaining leave of Court, just as the *Chow* and *Donin* courts did.

Respectfully,

*/s/ Ryan Watstein*
Ryan Watstein