**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

July 3, 2025

**Via ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:      *Brous et al. v. Eligo Energy, LLC, et al.*, **No. 1:24-cv-1260 (ER)**

Dear Judge Ramos,

Pursuant to Rule 1.E of Your Honor's Individual Practices, Plaintiffs write to request a four-week extension of the expert discovery deadlines, as well as the remaining deadlines set forth in the May 16, 2025 Civil Case Discovery Plan and Scheduling Order.[1] This is the first contested motion to revise the Scheduling Order. Plaintiffs regret having to bring this as a contested motion, but Defendants Eligo Energy, LLC and Eligo Energy NY, LLC (collectively, "Eligo") have refused to extend the courtesy of consenting to this request. Eligo withheld its consent hoping to obtain an improper tactical advantage, including by forcing Plaintiffs to prematurely produce expert reports when Eligo has not even produced the data and documents it agreed to produce and that the experts need.

**There Is Good Cause To Extend The Remaining Deadlines By Four Weeks**

An extension is warranted because Plaintiffs' multiple experts need additional time to complete their expert reports. The good cause required for the modest four-week extension of the Scheduling Order is easily met here. *See* Fed. R. Civ. Pro. 16(b)(4).

First, and most importantly, Eligo has not yet produced the data and documents it agreed to produce, which the experts will rely upon. Eligo did not produce customer-level data until May 18, 2025—a production that Eligo represented would be its last. On June 5, 2025, Plaintiffs pointed out that Eligo had failed to produce periodic reports that reflect Eligo's cost to purchase hedges on their wholesale electricity purchases; Plaintiffs anticipate that Eligo will claim these hedging costs are properly considered under its contracts with class members. Accordingly, Plaintiffs requested that Eligo produce those documents. After Eligo's counsel ignored this request and four subsequent follow-ups for 19 days, Eligo agreed to provide a supplemental production with the missing documents.

Likewise, on June 11, 2025, Plaintiffs pointed out that Eligo's customer-level data did not identify the service zones for many customers; identifying service zones is necessary because the costs

---

[1] Plaintiffs' request for a four-week extension of the deadline to serve expert reports would necessarily require moving the deadlines for rebuttal expert reports, expert depositions, and the motion for class certification. The proposed revised civil case discovery plan and scheduling order is attached as Exhibit 1.

Eligo incurred to supply customers with electricity differs by zone. Plaintiffs also pointed out that the customer-level data was missing a date identifying when the customer enrolled with Eligo, which is needed to determine which version of Eligo's contract applied to which customer. Accordingly, Plaintiffs requested that Eligo produce that data. After Eligo's counsel ignored this request for nearly two weeks, the parties finally conferred on June 24, 2025, and Defendants agreed to produce this important data.

Although Plaintiffs have diligently pursued these critical materials for four weeks, as of yesterday, Eligo refused to even say when it anticipates producing them. Even if that data (which covers more than six years and accounts for tens of thousands of customers) and documents were produced today, Defendants' experts would not have sufficient time to analyze them in time to meet the July 25, 2025 deadline.

Second, Plaintiffs' counsel have personal and professional conflicts that make completing the expert reports by July 25 difficult. Several attorneys at both firms have pre-planned vacations at the beginning of July, and both firms have had and will have substantial briefs due in other cases. Plaintiffs' counsel explained this to Eligo's counsel, to no avail.

Third, one of Plaintiffs' experts has been away for two weeks, making completion of that report by July 25 a challenge.

**Eligo Discourteously Refused To Consent To This Extension Because It Seeks Improper Strategic Advantages**

Eligo refused to consent to this requested extension, claiming that a four-week extension "is excessive," and "beyond what professional courtesy demands." *See* e-mail from Mr. Meadows dated July 2, 2025, attached as Exhibit 2, at 1–2. Eligo concedes that its position is not based on the needs of the case, the current status of discovery, or Plaintiffs' diligent efforts to prosecute their claims. Rather, Eligo freely admits that it refused Plaintiffs' request because Plaintiffs recently notified the Court that they anticipate filing additional discovery-related motions. *Id.* at 1. Because Plaintiffs plan to file discovery motions, Eligo is only willing to agree to a two-week extension. *Id.* But that is not a valid basis to evaluate the reasonableness of Plaintiffs' request or to oppose a modification of the Scheduling Order.

Any contention that Plaintiffs are seeking this additional time just to file more motions to compel is baseless. Plaintiffs of course only bring motions their counsel deem meritorious and in the interests of the class (who are owed tens of millions of dollars as a result of Eligo's deceptive scheme and rampant price gouging). There are more than three months left in the discovery schedule; a four-week extension will not result in any more or less motion practice. Plaintiffs have also been candid with Eligo and the Court about the fact that they will be bringing additional motions to compel given Eligo's intransigence on various issues that should not be contested.

Eligo's true reason for withholding consent is obvious: its counsel hopes that Plaintiffs' experts will not have time to produce thorough and complete reports, including because they will not have time to analyze the data and documents Eligo has yet to produce.

That Eligo's counsel would seek this type of improper advantage is particularly disappointing, given the repeated courtesies Plaintiffs' counsel have extended Eligo's counsel. Indeed, Eligo has filed motions for 20 deadline extensions totaling more than 200 days of additional time beyond what is provided under the governing procedural rules. (By contrast, Plaintiffs have sought extensions on their deadlines on only four occasions for a total of 38 days of additional time.) Although Eligo's extensions make up over 40% of the 440 days that this action has been pending, Plaintiffs opposed none of those requested extensions.[2]

Tellingly, Eligo did not view a four-week extension as "excessive" when the parties needed to complete depositions that Eligo had repeatedly delayed—in that context, it was willing to submit a joint motion to modify the Scheduling Order. *See* ECF 221. Nor did Eligo have concerns about the reasonableness of the 3.5-month Scheduling Order extension the parties jointly sought to accommodate Eligo's inordinate delay in producing documents. *See* ECF 160. Although Eligo produced over 80% of the documents in this case after that scheduling order modification was adopted, Plaintiffs have adhered to the deadlines established by the Court.

Plaintiffs have repeatedly extended professional courtesies to Eligo and its counsel. For Eligo to now claim that a four-week extension "is beyond what professional courtesy demands" is disingenuous and disappointing. Plaintiffs respectfully request that the Court reject Eligo's gamesmanship and grant the Motion.

The following is the list of the original deadlines and requested new deadlines:

| Event | Original Deadline | Requested New Deadline |
|---|---|---|
| Service of any further interrogatories, including expert interrogatories | 9/19/2025 | 10/17/2025 |
| Service of expert reports | 7/25/2025 | 8/22/2025 |
| Service of rebuttal expert reports | 9/12/2025 | 10/10/2025 |
| Completion of expert depositions | 10/17/2025 | 11/14/2025 |
| Completion of all discovery | 10/17/2025 | 11/14/2025 |
| Moving papers for a motion for class certification | 10/10/2025 | 11/7/2025 |
| Answering papers in opposition to the motion for class certification | 11/21/2025 | 12/19/2025 |
| Reply papers in support of the motion for class certification | 12/12/2025 | 1/9/2026 |

Thank you for the Court's consideration of this request.

---

[2] Only two motions were not filed with Plaintiffs' affirmative consent—in both cases Eligo filed before Plaintiffs had an opportunity to meaningfully consider the requests. *See* ECF 72 at 2 (conceding that Eligo requested an extension only a few hours earlier); ECF 237 at 1 (stating that Plaintiffs did not oppose the requested extension and noting that Eligo first requested it after 10:00 p.m. the night before filing).

Dated: July 3, 2025                     Respectfully submitted,

By:     */s/ D. Greg Blankinship*
        D. Greg Blankinship
        Daniel J. Martin
        **FINKELSTEIN, BLANKINSHIP,**
        **FREI-PEARSON & GARBER, LLP**
        One North Broadway, Suite 900
        White Plains, New York 10601
        Tel: (914) 298-3281
        Fax: (914) 824-1561
        gblankinship@fbfglaw.com
        dmartin@fbfglaw.com

        J. Burkett McInturff
        Tiasha Palikovic
        Jessica L. Hunter
        **WITTELS MCINTURFF PALIKOVIC**
        305 Broadway, 7th Floor
        New York, New York 10007
        Tel: (917) 775-8862
        Fax: (914) 775-8862
        jbm@wittelslaw.com
        tpalikovic@wittelslaw.com
        jlh@wittelslaw.com

        *Attorneys for Plaintiffs and the Proposed Class*