# EXHIBIT 2

| | |
|---|---|
| **From:** | David Meadows |
| **To:** | Greg Blankinship; Daniel Martin; Leo O"Toole; Ryan Watstein; Abigail Howd |
| **Cc:** | Luke Kopetsky; Tiasha Palikovic; Ethan Roman; Andrey Belenky; Daniel Kieselstein; Burkett McInturff |
| **Subject:** | Re: Summary of June 25 Meet & Confer |
| **Date:** | Wednesday, July 2, 2025 2:41:03 PM |

Greg, a month-long extension to multiple deadlines is beyond what professional courtesy demands. That is especially so here when you have already told the court that you intend to use the additional time to pepper the docket with motions to compel, in addition to the 15-plus motions Plaintiffs have already filed. So, while we are willing to extend professional courtesies, we also have to observe our duties to protect our clients from what has already been an unreasonably expensive case – or more accurately, cases.

If you will agree not to file additional motions to compel, that would impact our decision on this extension. If you won't agree to that, the best I can offer is our agreement to a 2-week extension.

David

**From:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Date:** Wednesday, July 2, 2025 at 1:35 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>
**Cc:** Luke Kopetsky <LKopetsky@fbfglaw.com>, Tiasha Palikovic <tpalikovic@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>
**Subject:** RE: Summary of June 25 Meet & Confer

[Warning – external]

David, we have agreed to every single extension you have requested, including recently for a 2 week extension on a 3 page letter on an issue we had already briefed. Not only do we have personal and professional conflicts that necessitate the requested extra time, but we don't even have the complete set of data Eligo has agreed to provide. We will be litigating against each other for quite some time – I urge you to reconsider your decision and grant us the professional courtesy of this requested extension. I am sure the Court will also appreciate our cooperation on this.

Thanks
Greg

**From:** David Meadows <dmeadows@wtlaw.com>

**Sent:** Wednesday, July 2, 2025 12:24 PM
**To:** Daniel Martin <DMartin@fbfglaw.com>; Leo O'Toole <lotoole@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>; Burkett McInturff <jbm@wittelslaw.com>
**Subject:** Re: Summary of June 25 Meet & Confer

Daniel, we're concerned that 4 weeks is excessive. We can agree to 10 days as a courtesy.

David

---

**From:** Daniel Martin <DMartin@fbfglaw.com>
**Date:** Wednesday, July 2, 2025 at 12:06 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>
**Subject:** RE: Summary of June 25 Meet & Confer

[Warning – external]

Counsel,

Following up on the below, attached is a proposed motion for a four-week extension of the remaining deadlines in the Scheduling Order. We would like to get this on file tomorrow—please let us know if you assent to the motion.

Thanks,

Dan

**Daniel J. Martin, Esq. | Counsel**
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 729-6157
www.fbfglaw.com

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Sent:** Monday, June 30, 2025 4:48 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>; Daniel Martin <DMartin@fbfglaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Summary of June 25 Meet & Confer

Leo,

Does July 16 at 10:00 still work for your side to take Ramsey Brous's deposition?

Also, please let us know if Defendants consent to extending the deadline for serving expert reports by four weeks from July 25 to August 22. This would also kick out the other dates in the scheduling order by the same four weeks.

Thanks,

Burkett


**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Friday, June 27, 2025 1:00 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Summary of June 25 Meet & Confer

Hi Burkett, Unfortunately, Friday the 18th doesn't work for us. Can you please provide some other dates when Mr. Brous is available?
Best,
Leo

**Leo O'Toole**
WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Friday, June 27, 2025 at 9:11 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Daniel Martin <DMartin@fbfglaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Summary of June 25 Meet & Confer

[Warning – external]

Leo,

How about July 18 at 10:00 AM in Ithica for Ramsey Brous's deposition?

Thanks,

Burkett

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Thursday, June 26, 2025 3:54 PM
**To:** Daniel Martin <DMartin@fbfglaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Burkett McInturff <jbm@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Summary of June 25 Meet & Confer

Daniel,

First, I think there may be an issue with your discovery vendor. As a courtesy, we've attached the documents that you're saying are illegible, and they appear fine on our end. Also, we've attached an updated version of DEF000003 with the Brous cells unredacted.

Second, starting Ramsey's deposition on the 17th at 2pm doesn't work for us. Can you please provide days when Ramsey is available starting at either 9 or 10 in the morning?

Best,
Leo

Leo O'Toole
WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

**From:** Daniel Martin <DMartin@fbfglaw.com>
**Date:** Thursday, June 26, 2025 at 2:27 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>
**Cc:** Greg Blankinship <gblankinship@FBFGLaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Burkett McInturff <jbm@wittelslaw.com>, Tiasha Palikovic <tpalikovic@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Summary of June 25 Meet & Confer

[Warning – external]

David,

I'm writing with our summary of yesterday's meet and confer regarding data-related issues, Plaintiffs' proposed stipulation, and Eligo's May 14 response to Plaintiffs' Second Set of Requests for Production.

Separately, can you please reproduce DEF093223 (Brous Welcome Packet.pdf) and DEF093272 (Eligo Energy Mail - Check from Eligo Energy LLC to Ira Brous has expired.pdf)? As produced, the documents are mostly/entirely illegible. Also, it does not appear that Eligo produced an account history spreadsheet for the Brous account that's comparable to what was produced for Ms. Schuster (DEF000003)—can you please either produce that file or point us to where it can be found in Eligo's production?

If any of the below contradicts your understanding, please let us know.

Thanks,

Dan


**Outstanding Data-Related Issues**

With respect to customer-level data prior to February 2018, you said Eligo will consider

our contention that the discovery rule and/or continuing violation doctrine tolled the proposed class's claims for the time prior to February 2018, and that you expected to be able to get back to us by the end of this week.

Regarding Groove data, you represented that Eligo has no additional data it has not produced.

You agreed to supplement the customer-level data provided in DEF093282 to include the ISO zone for each customer. With respect to our request for a field identifying the enrollment date for each class member, you stated that Eligo will provide data in the "executed_date" field, which you represented is the best available data Eligo has for enrollment date. Please add this data to the revised customer-level data spreadsheet.

You also said that Eligo cannot provide a key that will enable us to understand the numeric figures used in the columns denoting ISO zones, rate codes, and load profiles in the GROOVE training files produced at DEF093345–DEF093354.

**Corporate Entity Discovery Stipulation And Plaintiffs' 2<sup>nd</sup>RFPs**

Eligo believes the process of responding to Plaintiff's proposed June 2 stipulation regarding the relationship between the two Defendants in this matter is too expensive and not likely to result in agreement. You advised that while you would not contest many facts covered by Plaintiffs' June 2 proposed stipulation at summary judgment or at trial—for example, that the parent company employed the individuals referenced in RFP Nos. 15–17—you were not willing to formalize even those clearly uncontested facts through stipulation unless Plaintiff agreed to forego all other discovery sought by Plaintiffs' 2nd RFPs, even if that discovery did not seek to identify the employer of the individuals referenced in RFP Nos. 15–17.  Plaintiffs rejected this proposal as overly narrow.

As a counterproposal, Plaintiffs offered to work out a stipulation based on the proposed stipulated facts in defense counsel's May 14 email and then work with defense counsel to address their concerns with any outstanding RFPs that were not mooted by the items referenced defense counsel's May 14 email. You rejected that proposal because Eligo believes that the meet and confer process would too expensive. You also stated that Plaintiffs' need for the discovery sought by Plaintiffs' 2nd RFPs was largely mooted by the deposition of former Eligo CEO Ken Pedotto. While Mr. Pedotto did make several key admissions, we do not believe his deposition moots the requested discovery.

Unfortunately, Eligo's positions leave us no choice but to involve the Court. On the one hand, you've told us that you would not dispute many of the facts Plaintiffs seek to establish through their 2nd RFPs or their proposed June 2 stipulation. On the other,

you're unwilling to work with Plaintiffs to get to the bottom of the facts that you will not stipulate to—even though doing so would materially reduce both Eligo's discovery burden and the breadth of disputes before the Court. As discussed, we are now going to file a motion to compel Eligo to respond to the discovery sought in Plaintiffs' 2nd RFPs (and 3rd Rogs that were previously discussed). For the RFPs Plaintiffs proactively offered to narrow, the parties determined that the best path forward would be for Plaintiffs to move to compel on the narrowed proposals and Eligo could thereafter respond to those proposals. After we file our motion, we are of course open to further conferral regarding these topics if Eligo changes its position.

**Daniel J. Martin, Esq. | Counsel**
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
One North Broadway, Suite 900
White Plains, NY 10601
Tel: (914) 729-6157
www.fbfglaw.com

---

**Please consider the environment before printing this e-mail.**

**Confidentiality Notice**

**This email and the information contained herein and attachments hereto are legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this email is not the intended recipient, you are hereby notified that any forwarding, dissemination, distribution or copying of this email and/or its attachments, or the taking of any action in reliance on the contents thereof is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply email, delete the email and any attachments and destroy all copies of the original message.**

**Thank you..**

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

This message has originated from an **External Source**. Please use proper judgment and caution when opening

attachments, clicking links, or responding to this email.