

Ryan Watstein  
Ryan@wtlaw.com  
404-782-0695

July 11, 2025

**VIA ECF**

Hon. Edgardo Ramos  
U.S. District Court for the Southern District of New York  
40 Foley Square  
Courtroom 619  
New York, NY 10007

      Re:    *Brous v. Eligo Energy, LLC*, 24 Civ. 1260  
             Defendants' Response to Plaintiffs' Renewed Letter Motion for Complaint-Related Discovery (Doc. 240)

Dear Judge Ramos:

      We write in opposition to Plaintiffs' renewed motion to compel discovery concerning complaints made by Eligo customers over a nearly eight-year period (Doc. 240). Plaintiffs call their motion a "renewed" one because they brought the same motion twice before, and the Court denied it both times. Plaintiffs now take a third bite at the same apple, this time claiming that "newly discovered" evidence justifies reconsideration. But the Plaintiffs are wrong, and the Court should deny Plaintiffs' motion.

**I.    This Court Has Twice Denied Plaintiffs' Motion for Discovery of Customer Complaints, and There Is No Reason to Reach a Different Result the Third Time Around.**

      Plaintiffs admit that the Court previously denied their request for complaint-related discovery in an oral ruling on April 16, 2025. What Plaintiffs don't mention is that the April 16 oral ruling was the *second* time the Court denied a motion by Plaintiffs for the discovery of customer complaints and related documents.

      Plaintiffs previously moved to compel complaint-related discovery in October 2024 (Doc. 69) and later supplemented that request (Doc. 83). Eligo opposed the motion, explaining that the requested discovery was irrelevant and disproportionate to the needs of the case. Doc. 104. At a hearing on February 7, 2025, the Court asked whether Plaintiffs' motion for complaint-related discovery remained pending, and **Plaintiffs' counsel represented that the motion was resolved**. *See* Doc. 164. Later that day, and based on Plaintiffs' counsel's representation, the Court terminated the motion via a written order. *Id.* (stating that

---

**Atlanta**  
1055 Howell Mill Road, 8th Floor  
Atlanta, GA 30318

**Los Angeles**  
515 S. Flower Street, 19th Floor  
Los Angeles, CA 90071

**Miami**  
218 NW 24th Street, 3rd Floor  
Miami, FL 33127

 www.wtlaw.com      Ryan@wtlaw.com      404-782-0695

"[b]ased on the representations by counsel during today's conference, the prior pending discovery disputes have been resolved" and terminating the motion appearing at Doc. 69).

Plaintiffs later tried to rescind their representation that the issue had been resolved by filing a "limited renewal" of their motion for complaint-related discovery on March 21, 2025. Doc. 174. The Court denied that motion too during an oral hearing held on April 16, 2025. Doc. 240-2. That makes Plaintiffs' current motion their third bite at this particular apple and their second motion for reconsideration related to complaint-related discovery.[1]

Plaintiffs' serial filing of motions for reconsideration is plainly improper. As this Court has stated, "[a] party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Asia TV USA Ltd. v. Total Cable USA LLC*, 2018 WL 2435175, at *1 (S.D.N.Y. May 30, 2018). Moreover, "[t]he standard for granting a motion for reconsideration is strict because reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Id.* Here, Plaintiffs' repeated efforts to relitigate motions they have lost makes a mockery of the interests in finality of this Court's orders and conservation of its resources, not to mention the costs it has foisted onto Eligo.

Plaintiffs attempt to justify their latest motion for reconsideration based on "newly discovered evidence" in the form of a declaration of former Eligo employee Elizabeth Stone. But that lone declaration is speculative, false, and doesn't support reconsidering either of the Court's prior orders denying complaint-related discovery.

Although Plaintiffs call Ms. Stone's declaration "new evidence," they offer no facts to support that characterization. They don't say when they first heard of Ms. Stone, or how and when they first contacted her, or why they could not have presented her testimony before either of the Court's prior rulings denying complaint-related discovery. That alone is fatal to Plaintiffs' effort to seek reconsideration based on Ms. Stone's declaration. *Id.* at *1 (stating that "[t]o obtain relief from judgment based on newly discovered evidence, the movant must demonstrate that the newly discovered evidence could not have been discovered 'with reasonable diligence' prior to the court's ruling.")

If anything, the circumstances suggest that Ms. Stone's testimony has been available to Plaintiffs for quite some time, and they made a tactical decision to stall disclosure of her declaration until the deadline for fact witness depositions was about to expire. Plaintiffs made no mention of Ms. Stone or her declaration until June 19, 2025, when they emailed Eligo's counsel to reveal her declaration and say that Ms. Stone "does not wish to be contacted by any Defendant." Ex. 1 hereto (Email dated June 19 from Burket McInturff). Plaintiffs sent that email the day before the deadline for fact witness depositions. Moreover, Plaintiffs left Ms. Stone off of the supplemental initial disclosures that they served just a few days earlier.

---

[1] Repeated motions for reconsideration – though not styled as such –have become a habit for Plaintiffs. *See, e.g.*, Doc. 174 (renewing request for non-New York discovery previously denied at a May 9, 2024 hearing); Doc. 241 (re-requesting in-person discovery conferences previously denied at Doc. 115).

None of those facts are consistent with any notion that the Plaintiffs exercised ordinary diligence to obtain or present Ms. Stone's testimony before the Court denied Plaintiffs' previous motions.

For the same reasons, the Court should not excuse Plaintiffs for their admitted non-compliance with Local Rule 6.3, which requires a motion for reconsideration to be filed within 14 days of the order in question. Plaintiffs attempt to brush their tardiness aside as a mere "procedural impropriety" and say that "it would have been impossible to comply" with Local Rule 6.3's deadline because Plaintiffs received Ms. Stone's declaration only seven days before filing their letter motion. Doc. 240 at 2-3, n. 2. Here again, however, Plaintiffs don't say that they didn't know of Ms. Stone well before that time, or even that they couldn't have obtained her declaration much earlier. Their letter motion is entirely silent on the key issue of whether they could have presented Ms. Stone's declaration much earlier has they exercised ordinary diligence.

## II.    Complaint-Related Discovery Remains Irrelevant and Disproportionate

Plaintiffs' motion also fails on the merits, if the Court is inclined to consider them again. For reasons Eligo explained when it opposed this motion the first and second times, complaint-related discovery is not relevant and would be disproportionate to the current needs of this case. Plaintiffs' claims challenge Eligo's methodology for setting variable rates for electricity. Individual customer complaints will shed no light on that core issue. And Eligo's rate-setting methodology has already been the subject to extensive discovery. Indeed, parties have spent months negotiating ESI search terms, resulting in Eligo's review of over 100,000 documents and production of more than 20,000. Plaintiffs took ten depositions of Eligo employees, including top executives. There is no justification for imposing more document production costs and burdens on Eligo now, after document production and fact depositions have concluded.

Considering Plaintiffs' abandonment of their prior motion, their untimely disclosure of Ms. Stone, the irrelevance of the requested discovery, and the disproportionate burden of reopening discovery, the Court should deny Plaintiffs' renewed motion in full.

Respectfully,

*/s/ Ryan Watstein*
Ryan Watstein