# EXHIBIT 1

| | |
|---|---|
| **Subject:** | RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin |
| **Date:** | Thursday, June 19, 2025 at 5:37:54 PM Eastern Daylight Time |
| **From:** | Burkett McInturff <jbm@wittelslaw.com> |
| **To:** | Tiasha Palikovic <TPalikovic@wittelslaw.com>, Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com> |
| **Attachments:** | image002.png, image003.png, Stone Decl..pdf |

[Warning – external]

Counsel,

Attached is the declaration of Elizabeth Stone.  Ms. Stone is represented by Peter Limperis of Miller, Pitt, Feldman & McAnally, P.C.

Ms. Stone can only be contacted through counsel, and she has advised that she does not wish to be contacted by any Defendant, its current or former employees or owners, or any persons or entities acting by though or in concert with any of them.

Thank you,

Burkett

---

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Sent:** Thursday, June 19, 2025 2:05 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>; Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Counsel,

I am attaching an updated version of the spreadsheet, which now includes Tab "7 – Third Parties". Please note that we added Column Q, which lists all third parties associated with the document.

Thanks,

Tiasha

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Date:** Thursday, June 19, 2025 at 8:32 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Ah, indeed I did. Apologies for that and here it really is now.

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Date:** Thursday, June 19, 2025 at 5:45 AM
**To:** Tiasha Palikovic <TPalikovic@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Tiasha, I think you left off the attachment here.
Best,
Leo


**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Date:** Wednesday, June 18, 2025 at 6:08 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>

**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

<span style="color:red">[Warning – external]</span>

Counsel,

Thank you for your time yesterday. Below please find our memorialization of the parties' conferral, set forth beneath each topic in my June 6 email **in blue**. Please let us know if you disagree with any of our notes and please provide your position as soon as possible and, as agreed, no later than next Thursday.

Thanks,

Tiasha

---

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Date:** Wednesday, June 11, 2025 at 11:45 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Hi Leo,

We are available any time Tuesday morning, but have a hard stop at 11:00 ET. How about 10:00am? Also, please let us know your availability for a meet and confer this Friday, as requested in Dan's email.

Thanks,

Tiasha

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Date:** Wednesday, June 11, 2025 at 11:04 AM
**To:** Tiasha Palikovic <TPalikovic@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein

<djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Hi Tiasha, We can M&C next Tuesday morning.  Let us know if there's a time then that works for you.
Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Date:** Friday, June 6, 2025 at 7:35 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

Leo,

We write to request a Local Rule 37.2 meet and confer concerning your May 23 supplemented privilege log. We have noted a number of deficiencies that persist with this log and render it difficult or impossible to assess Eligo's claims of privilege. These deficiencies, many of which expressly violate Local Civil Rule 26.2, include the following:

Many of the logged documents still do not have a date associated with them (e.g. DEF046458, DEF046459, DEF046460, DEF073577, DEF073581);
Eligo represented that it provided dates where dates were available from a document's metadata. Eligo does not believe it has an obligation to supply dates for any documents where dates are missing but not available from metadata. Eligo further explained that Plaintiff could "infer" the date of documents that have no date set forth on the log by checking to see whether the document is part of a family in Plaintiff's document review database and infering the date from other members of the family. Eligo also questioned why a date is necessary in order to assess privilege. Plaintiff responded by noting that the Local Rules require a date, that there were 141 documents that did not have any dates listed, and that Plaintiff cannot infer dates from the family relationship because such an

inferral may not be correct and because many documents are not parts of families. Eligo also represented that it is not willing to systematically provide the dates of any withheld documents even if the dates are apparent from the face of the document and is not willing to undertake any investigation into what the date of the document is if the date is not apparent on the face of the document. Plaintiff declared impasse, but Eligo said it would reconsider its position if Plaintiff provided a list of all documents with missing dates. Please see Tab "1 – Missing Dates" in the attached spreadsheet for a list of such documents and let us know if your position has changed.

Many of the logged documents still do not identify the attorney associated with the document (e.g. DEF045735, DEF045740, DEF046010);

Relatedly, even where an attorney is identified, the log fails to make clear whether the associated attorney(s) is/are the author(s), sender(s), or recipient(s) or the document (e.g. DEF045607, DEF045607);

With respect to items 2 and 3, Eligo questioned why an attorney would need to be specified if the document referred to advice from "legal" or a similarly broad category, and Plaintiff stated that it would be willing to accept this if it applied to a limited number of documents and if the log were otherwise sufficiently descriptive, but that neither of these were currently the case. Plaintiff also asked for a representation from Eligo that it had done its best to find the associated attorney and fill in the field where possible. Eligo further questioned whether it would be possible to identify an author, sender, or recipient of an Asana communication. Plaintiff agreed that in the case of Asana threads, it might not be possible in all instances to identify senders or recipients among all people who contributed to the thread, but that that should not prevent Eligo from, at minimum, identifying all such recipients in some fashion, and also noted that not all affected documents were Asana communications. Eligo claimed it was under no obligation to go beyond metadata in providing information for the logged documents. Eligo also stated that "a lot of this is going to depend on how many documents there are." Plaintiff noted that Eligo is and has been in a position to determine the scope of this issue for weeks, but nevertheless agreed to specify all of the documents that are affected by these two deficiencies. To that end, please refer to Tabs "2 – No Attorney ID" and "3 – ID, but no Auth, From, To" in the attached spreadsheet and let us know if your position has changed.

Many of the logged documents do not provide the author, addressees, or any other recipients of the document (DEF045989). There are a number of documents where this information is not provided even though it is readily accessible (e.g. DEF052911);

Eligo reiterated that Plaintiff could deal with this issue by looking up the affected documents on its document review platform in order to determine if they were part of a family, and if so to determine some of the information that would normally appear in the author, sender or recipient columns of the log from the other members of the family, if they were not withheld. Plaintiff reiterated that providing this information on the log was Eligo's responsibility and that Plaintiff could not determine this information from a document's family membership, either because not all documents belong to a family, or because even if they do, and the family members are produced, that information may not be apparent. When Plaintiff declared impasse, Eligo again said that it might reconsider its position

depending on the scope of the issue. To that end, please refer to Tab "4 – No Auth, Addr" in the attached spreadsheet for a compilation of all documents that do not include any information in the author, sender or addressee fields and let us know if your position has changed.

Even where an author is listed, it is often a nonsensical entry (e.g. "pdftk 2.02 - www.pdftk.com," "Mozilla/5.0 (Macintosh; Intel Mac OS X 10_14_5) AppleWebKit/537.36 (KHTML, like Gecko) Chrome/74.0.3729.169 Safari/537.36," "Hewlett-Packard MFP," "Eligo User," "Adobe InDesign 16.0 (Windows)");

Eligo's position is that these are the authors available from its metadata fields. Plaintiff asked if Eligo conducted any human review of the author entries on its log to determine if they were correct, but Eligo stated that it did not know what Plaintiff meant by human review and reiterated that this information was exported from the metadata. Plaintiff stated that this was insufficient to sustain Eligo's privilege burden, and declared impasse. In the event that Eligo wishes to reconsider its position, we are also including a listing of documents with nonsensical author fields. *See* Tab "5 – Author Improper" in the attached spreadsheet. Please let us know if you will be correcting this deficiency.

Though the log now identifies the type of document withheld, certain document type entries are improperly vague (e.g. "document," or "compressed," "Image") and the log still does not make clear whether the document is part of a family of associated documents. This is especially problematic with respect to documents that are also missing other information like the author, sender, recipients, or date (e.g. DEF045607);

Eligo stated that it might be willing to provide different document type entries if Plaintiff were to provide a listing of all documents with improperly vague document type entries because Eligo could not otherwise determine the scope of the issue. Plaintiff again noted that Eligo could have determined the scope either by reference to its own log (for example, by searching for all documents described as "document," "compressed," or "image") or by contacting Plaintiff in the 10 days since this deficiency was identified to request this listing, and therefore declared an impasse. Nevertheless, if Eligo wishes to reconsider your position, please refer to Tab "6 – Improper Doc Type" for a listing of all documents from Eligo's privilege log with improperly vague document type entries. Please let us know if you will be correcting this deficiency.

A number of redacted or withheld documents continue to be missing from the log (e.g. DEF093239, DEF056232, DEF089050, DEF089048, DEF089049);

Eligo once again stated that it would be helpful to know the extent of this issue and stated that it believed that the documents listed as examples were not logged because they contain redacted PII except for DEF093239, which was not logged because it post-dates the complaint. Plaintiff disagreed that Eligo was permitted to redact PII or not log any documents post-dating the complaint. Plaintiff further stated that it would look into whether it is possible for Plaintiff to identify all of the redacted or withheld documents that are missing from the log, but noted that ensuring that all such documents were included on the log was Eligo's responsibility and that identifying missing documents would be much easier for Eligo to do. After discussing with our ESI vendor, we can confirm that Plaintiff is

not able to programmatically determine which produced documents contain redactions or a privilege slipsheet because Eligo has not provided metadata fields noting whether a document was withheld or redacted. Insofar as we have been able to identify such documents through other means, we were able to identify 6,378 documents, compared to 1,997 on Defendant's log, despite Eligo's representation that this log covers all documents produced to date. However, our ESI vendor cautioned that without additional information from Eligo, it is impossible to ensure we've found all the documents that contain redactions, again because the documents were not provided with any field information noting whether a document was withheld or redacted. Thus, please provide an overlay to load that lists the Prod Bates Beg and fields that tell us if the document contains a redaction or has been withheld. We intend to send an updated version of the spreadsheet with a "Tab 7 – Missing Documents" for a listing of all documents missing from the log this week, once we have had time to further dig into the 4,381 document discrepancy. Please let us know whether you plan on correcting this deficiency.

A number of logged documents appear to be improperly redacted or withheld because:

> the document has no counsel copied on it (e.g. DEF047291, DEF047308, DEF088708, DEF088878);
>
> the document was broadly disseminated and appears to be a primarily business communication (e.g. DEF049116, DEF052911);
>
> the document lists attorneys as associated with it even though they do not appear as authors, senders, custodians or recipients (e.g. DEF045484 (Odogwu Obi Linton listed as author) DEF045486 (Trevor Herbest listed as author), *see also* DEF088895, DEF088878); or
>
> the documents lists non-parties as recipients or senders (e.g. DEF074494 & DEF074525 (disseminated to multiple individuals at New Wave Power), DEF074591(disseminated to TPV.com employee and cc'ing a general service email at TPV); DEF074737 (disseminated to Ashely Murphy and Tammy Murphy at TrustedTPV and Caitlin Olfano at Asher Group; DEF054686 (automated email alert from states-alert@politico.com); DEF057443 (email from M. Gudrum at NYSERDA); DEF065372 (email to associate at Copley Equity Partners, with no attorneys copied); DEF068175 (disseminated to employees at executiveenergy.com and teamworksmarketing.com); DEF056521 (email from donotreply@hipchat.com to Eligo non-attorney); DEF049274, DEF049281 (email from non-attorney at Hansen Technologies to Eligo non-attorney). Indeed, it appears that among the docs withheld on grounds of attorney-client privilege, there are 223 emails from a third party and almost 300 emails with a third party in the "To" or "CC" field.

Eligo stated that it needed to have a "discrete universe" of documents to look at it in order to figure out what its position was regarding these deficiencies. Plaintiff noted that Eligo did not appear to have a substantive position even with respect to the discrete universe of examples identified in Plaintiff's June 6 email. Counsel responded that it did not have every single document Plaintiff raised in the notes before it and could therefore not provide a substantive answer. Eligo did state, however, that broad dissemination does not destroy privilege, and gave the example of a lawyer giving a presentation to 200 sales people as an example of a scenario in which broad dissemination would not destroy privilege. Plaintiff disagreed. Eligo further stated that the inclusion of TrustedTPV and New Wave Power did not destroy privilege because TrustedTPV and New Wave Power had an agency relationship with

Eligo (Plaintiff again disagreed), and that donotreply@hipchat.com is something akin to RingCentral and was merely used as a tool of communication between individuals (Plaintiff did not disagree and will look into the issue). Eligo agreed that emails from or authored by politico.com or PSC commissioners likely were not privileged and that it would take a look at such documents again. Plaintiff declared impasse, noting that Eligo was already supposed to have looked at these issues but had failed to do so or take any corrective measures in time for the conferral. Nevertheless, Plaintiff agreed to provide a listing of all documents with third parties listed on it in order for Eligo to formulate a substantive response to the issue. As there are hundreds of instances of such documents, compiling them has taken longer than Plaintiff anticipated and Plaintiff will be providing this listing in the next day or so. Please let us know if you plan on correcting these deficiencies.

The subject matter descriptions are inadequate because they are vague and unspecific, as evident from the fact that only a handful of descriptions cover close to 2,000 documents (e.g. legal advice regarding "regulatory compliance" pertains to close to 900 documents, legal advice "Regarding company policies" pertains to over 400 documents, and "deal negotiation" covers close to 300 documents); and

Eligo stands by its subject matter descriptions and the parties have declared impasse on this issue.

Please also be prepared to discuss the basis for your assertion of common interest privilege to documents shared with EDF energy (e.g. DEF064187).

Eligo stated that it would be reconsidering its assertion of common interest privilege with EDF Energy. Please confirm whether you will be withdrawing your assertion of common interest privilege, and if so, produce all documents with EDF energy and provide a revised privilege log. If not, please explain the basis for your continued assertion of privilege.

Additionally, we are reiterating the same still-unanswered questions raised by your initial privilege log:

please identify what cutoffs Eligo used in determining whether to log a document. For example, did Eligo implement its "counter propos[al]" that it be relieved of its burden to log "materials sent directly to or from or at the direction of counsel after February 20, 2024," as set forth in item A.4 of its October 11, 2024 letter? Similarly, did Eligo implement any other criteria for not logging an otherwise responsive document?

Eligo stated that it was not logging any documents post-dating the Complaint. Plaintiff disagreed with this position and asked Eligo to provide an estimate of the number of documents withheld on privilege grounds that post-date the Complaint and have not been logged. Eligo refused. Plaintiff declared impasse.

please also identify on the log the document that was referenced in item A.4 of your October 11, 2024 letter as the only document Eligo was withholding at the time. Eligo identified the document.

Please let us know your availability next week to meet and confer regarding Eligo's supplemental privilege log.

Thanks,

Tiasha

**Tiasha Palikovic**

WMP | Partner
305 Broadway, Floor 7 | New York, NY 10007
Phone: 646 266 2630 | Fax: 914 775 8862



---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Date:** Friday, May 23, 2025 at 10:24 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Counsel—

Consistent with L.R. 26.2, attached please find a supplemental privilege log with the additional data fields of file type, primary date, author, and to/from/cc/bcc, to the extent such information is available in our metadata.

Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Thursday, May 22, 2025 at 9:46 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan
Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship
<gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky
<LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman
<edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic
<TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet
and Confer in Bodkin

[Warning – external]

Leo,

We just checked and while you were accidently left off the calendar invite, Ryan, Abby, and David were
all invited.  We are available all of Friday except 1:30 and all of Tuesday.  Please let me know a time
during that window that works and I will circulate a calendar invite.

Thanks,

Burkett

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Thursday, May 22, 2025 9:27 AM
**To:** Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan
Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship
<gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky
<LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman
<edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic
<TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in
Bodkin

Hi Burkett,  We offered to M&C this Thursday at 11, but we didn't get an invite, so that chunk of time has
been scheduled over.  Can you let us know your availability Friday and next week?
Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Date:** Sunday, May 18, 2025 at 10:08 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Hi Burkett,

1. We can meet and confer this Thursday at 11.  Can you please circulate an invite?
2. Please find a production containing the anonymized customer-level data, anonymized Groove spreadsheets, and the cost excel that Abby shared previously here. The password is suWeDBXxYBmi and the link will expire in seven days.
3. Consistent with the Court's instruction at the April 16 hearing, we have consulted with our client and determined that there is no central repository or library of training videos or audio files concerning rate-setting.

Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Friday, May 16, 2025 at 3:37 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

We are available from 11:00 AM to 1:00 PM and again from 3:00 PM onwards.  Please let me know a

time during that window that works and I will circulate a calendar invite.

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Friday, May 16, 2025 3:34 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Burkett,

Between prep, travel, and defending the Ashuev deposition, we don't have availability early next week. Can you let us know your availability on Thursday to M&C?

Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Friday, May 16, 2025 at 11:20 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

Leo, David, Abby, and Ryan,

Please let us know your availability for a meet and confer on Monday, Tuesday, or Wednesday of next week to discuss the discovery objections and responses Eligo served on Wednesday night.

It is important for us promptly hold this meet and confer. Defendants refused to answer all interrogatories and stated that they would not produce any documents responsive to Plaintiffs' discovery requests. One of Defendants' main grounds for taking this position is that they believe Plaintiffs waited too long to issue this discovery. While we disagree with Defendants' view, we are sure you will agree that the parties should try to resolve their differences as quickly as possible and promptly tee up any outstanding issues.

Thank you,

Burkett

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Wednesday, May 14, 2025 10:37 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Burkett,

Attached please find Defendants' responses and objections to Plaintiffs' Second Set of RFPs and Third Set of Interrogatories.

We also write in response to your request that Defendants stipulate that Eligo Energy, LLC is a proper defendant in the above-captioned matter. While Defendants Eligo Energy, LLC ("Eligo LLC") and Eligo Energy NY, LLC ("Eligo NY," together with Eligo LLC, "Defendants") will not stipulate to personal jurisdiction or to the legal conclusion that Eligo LLC is a proper defendant in this litigation, we are provisionally open to stipulating to certain facts concerning the relationship between Eligo LLC and Eligo NY. For example, subject to client approval, Defendants are prepared to stipulate to the following:

1. Eligo and Eligo NY share a Privacy Policy, which is available on the Parent company's website at https://www.eligoenergy.com/privacy.
2. Eligo LLC and Eligo NY entered into a Limited Liability Company Agreement on October 1, 2012.
3. Eligo LLC and Eligo NY entered into the Amended and Restated Limited Liability Company Operating Agreement on August 16, 2013.
4. Eligo LLC and Eligo NY share an office in Chicago, IL.
5. Eligo LLC sometimes enters third-party contracts for the provision of services on behalf of Eligo NY.
6. Eligo NY is a wholly owned subsidiary of Eligo LLC.
7. Eligo NY does not maintain a separate board of directors from Eligo LLC.
8. Eligo LLC employs the individuals referenced in Plaintiffs' Second Set of Requests for Production ("Requests") Nos. 16 and 17.

In the interest of efficiency and to narrow the scope of discovery, we propose that in exchange for

Defendants' stipulation to these facts, Plaintiffs agree to forego further responses or productions related to Requests Nos. 4–15 and 20–25.

Please let us know your position on this proposal.

We've also responded to your points below in line.

Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Wednesday, May 14, 2025 at 4:56 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

Leo,

Following up on my below email, below is a list of outstanding items.  Please let us know your position on these items.

1. When we can expect the customer level data in *Brous*, and the Groove data with the same unique identifier that will be produced with the customer level data.  We anticipate being able to produce this information by the end of this week.

2. Whether Defendants are going to identify the number of allegedly privileged documents that are being withheld but not logged in *Brous*.  We will provide an answer to this question at the time that we exchange the revised privilege log on or before May 23.

3. Whether Defendants will stipulate that Eligo Energy, LLC is a proper party in *Brous*. See above email.

4. When we can expect Eligo's response to the mediation-related items 1-5 addressed in Greg's May

9 email (attached), including mediation date, mediation data and scope of class-wide settlement demand, pre-mediation check ins with the mediator, pre-mediation term sheet negotiations, and discoverability of customer level data produced in the mediation context. <span style="color:red">We are still reviewing internally and will revert in the coming days.</span>

Thanks,

Burkett

---

**From:** Burkett McInturff
**Sent:** Wednesday, May 14, 2025 9:55 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Leo,

The proposed scheduling order is fine.  Attached are our minor edits to the letter.  You have our consent to file the letter if you make no further changes.

Regarding other outstanding items, we will respond to those later today.

Thank you,

Burkett

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Wednesday, May 14, 2025 12:03 AM
**To:** Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Burkett, A few points in response:

Attached please find a letter-motion kicking out the remaining dates in the scheduling order.  This is consistent with the proposed order that we circulated a few days back. Let us know if we're good to file.

We disagree with your characterization of the document that was referenced in the October 11, 2024 letter.  As we explained during our meet and confer, the document in question post-dates the cut-off date of Feb 20, 2024 and predates the cut-off date that Plaintiffs were arguing for at the time of the October 11, 2024 letter—Feb 27, 2024.

We will be responding to your email regarding the audio/video files in the coming days.

Best,
Leo

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Monday, May 12, 2025 at 11:19 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

Leo,

The revised scheduling order looks fine.  Thank you for taking the lead on the letter motion to extend the schedule.  As always, please send us a version for our review and approval before filing the application.

Regarding the privilege log issues, providing a revised privilege log by May 23 is fine.

For the privilege-related the text you highlighted below, it should have been as follows:

> Defendants also stated that they did not log any responsive documents withheld on alleged privilege grounds that were created after February 20, 2024 and advised that they would consider Plaintiffs' request that they identify the number of allegedly privileged documents that are being withheld but not logged.  In addition, the parties discussed the statement in Defendants' October 11, 2024 letter that as of that date Defendants had "only withheld a single

document pre-dating the complaint from one of their supplemental productions." Oct. 11, 2024 Letter at 3. Defendants stated at the May 7 meet and confer that the withheld document was not logged on Defendants' April 4 privilege log. Defendants claimed that the reason for this was that the October 11 letter misrepresented that the allegedly privileged document pre-dated the complaint. Defendants now claim that the withheld document post-dated the complaint. Defendants believe that they never had an obligation to log this document.

Now that we have clarified this portion of our May 8 correspondence, please let us know if you will identify the number of allegedly privileged documents that are being withheld but not logged.

Finally, regarding item 4 below, please advise as to whether Defendants will stipulate that Eligo Energy, LLC is a proper party. This will save time and resources on further discovery and litigation of this issue. We previously circulated a stipulation that was agreed to in another New York ESCO litigation involving the scenario of a parent and NY-specific subsidiary.

Thank you,

Burkett

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Monday, May 12, 2025 7:00 AM
**To:** Burkett McInturff <jbm@wittelslaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Daniel Kieselstein <djk@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Re: #5 below, attached please find a revised scheduling order that kicks out most dates by four weeks and includes a bit more time for rebuttal expert reports and the certification briefing schedule. Let us know if you're good with these dates and we can draft a letter-motion reflecting the same and file.

Re: #7 below, we can commit to getting you the revised priv log by May 23. Can you confirm the text highlighted in yellow below is a typo?

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Thursday, May 8, 2025 at 10:46 AM
**To:** David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Leo

O'Toole <[lotoole@wtlaw.com](mailto:lotoole@wtlaw.com)>, Abigail Howd <[ahowd@wtlaw.com](mailto:ahowd@wtlaw.com)>, Greg Blankinship <[gblankinship@FBFGLaw.com](mailto:gblankinship@FBFGLaw.com)>, Daniel Martin <[DMartin@fbfglaw.com](mailto:DMartin@fbfglaw.com)>, Luke Kopetsky <[LKopetsky@fbfglaw.com](mailto:LKopetsky@fbfglaw.com)>, Andrey Belenky <[abelenky@wittelslaw.com](mailto:abelenky@wittelslaw.com)>, Ethan Roman <[edr@wittelslaw.com](mailto:edr@wittelslaw.com)>, Jessica L. Hunter <[jlh@wittelslaw.com](mailto:jlh@wittelslaw.com)>, Tiasha Palikovic <[TPalikovic@wittelslaw.com](mailto:TPalikovic@wittelslaw.com)>, Daniel Kieselstein <[djk@wittelslaw.com](mailto:djk@wittelslaw.com)>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

David and Leo,

We are following up on the items we discussed during yesterday's meet-and-confer.

1. The parties confirmed all *Brous* deposition dates.

2. In *Brous*, Plaintiffs intend to proceed with the deposition of Mark Friedgan.

3. In *Bodkin*, Defendants agreed to propose a mediator with relevant consumer class action experience and Plaintiffs agreed to strongly consider any qualified mediator Eligo proposes. Please provide the list of your proposed mediators as soon as possible, as the parties' deadline to update their ADR submission is May 9.  Plaintiffs also asked Defendants to reconsider their position regarding Judge Welsh and clarified that Plaintiffs' counsel have no special relationship with Judge Welsh that would cause her to favor Plaintiffs or their counsel in settlement negotiations.

4. In *Brous*, Defendants agreed to consider stipulating that Eligo Energy, LLC is a proper party. Such a stipulation will shape the upcoming depositions and perhaps may eliminate the need in one of them.

5. In *Brous*, Defendants agreed to circulate a proposed revised scheduling order extending all the deadlines by one month. Please promptly do so, as the next deadline is May 23.

6. In *Brous*, Defendants stated that they would not amend their objections and responses to Plaintiff's Requests for Production and the parties declared an impasse on this issue.

7. In *Brous*, Defendants agreed to supplement the privilege log consistent with the local rules within two weeks. ==Defendants also stated that they did not log any responsive documents withheld on alleged privilege grounds== and advised that they would consider Plaintiffs' request that they identify the number of allegedly privileged documents that are being withheld but not logged.

Thank you,

Burkett

---

**From:** David Meadows <[dmeadows@wtlaw.com](mailto:dmeadows@wtlaw.com)>
**Sent:** Tuesday, May 6, 2025 9:06 AM
**To:** Burkett McInturff <[jbm@wittelslaw.com](mailto:jbm@wittelslaw.com)>; Ryan Watstein <[Ryan@wtlaw.com](mailto:Ryan@wtlaw.com)>; Leo O'Toole

<lotoole@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman <edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Yes, let's fold into Wednesday's call. Thanks

---

**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Monday, May 5, 2025 at 4:59 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Subject:** RE: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

Hi David,

We already have a meet and confer on Eligo's privilege log and updated RFP responses scheduled for Wednesday at 11:00 AM.  Do you want to add these additional items to the agenda?

If Wednesday at 11:00 does not work for you, we are also free on Wednesday afternoon other than 5:00 PM Eastern.

Regarding the proposed amended complaints, a two-business day turnaround is reasonable.  The preliminary class definition questions are straightforward, and Judge Bissoon has made it clear that she expects us to focus on resolving Eligo's threatened stay motion.  As a courtesy we can hold off on filing our amended complaint applications until after Wednesday's meet and confer.

Thank you,

Burkett

---

**From:** David Meadows <dmeadows@wtlaw.com>
**Sent:** Monday, May 5, 2025 4:28 PM
**To:** Burkett McInturff <jbm@wittelslaw.com>; Ryan Watstein <Ryan@wtlaw.com>; Leo O'Toole <lotoole@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Greg Blankinship <gblankinship@FBFGLaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Ethan Roman

<edr@wittelslaw.com>; Jessica L. Hunter <jlh@wittelslaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Subject:** Re: Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

Burkett, it's not reasonable to drop two amended complaints on us and demand a response by the next business day. Judge Bissoon gave us until Friday to confer on this, not until tomorrow. So, if you insist on proceeding under the schedule you've outlined below, we will note to Judge Bissoon that Plaintiffs gave us no reasonable opportunity to respond.

I am available Wednesday for a conferral. There are a few additional issues we'd need to discuss at that time, including Plaintiffs' unreasonable refusal to consent to a remote deposition for Ms. Schuster.

Please let us know how your schedule looks on Wednesday.

David


**From:** Burkett McInturff <jbm@wittelslaw.com>
**Date:** Monday, May 5, 2025 at 10:18 AM
**To:** David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Greg Blankinship <gblankinship@FBFGLaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Subject:** Eligo Energy - Bodkin and Brous Amended Complaints and Request For Meet and Confer in Bodkin

[Warning – external]

David, Ryan, Leo, and Abby,

In accordance with Judge Bissoon's directive at Friday's conference, we write to request Eligo's consent to filing the attached amended complaints in the *Brous* and *Bodkin* matters.  We are attaching redline comparisons showing our proposed changes to each existing complaint. As you will see from the attached redlines, we are making every effort to make it clear to both Eligo and the courts that no class member in *Brous*, *Bodkin*, or *Orzlek* will be a member of a proposed class in any other case we have against Eligo. We are also adding Ms. Brous as a named plaintiff in *Brous* to conform the operative complaint with Judge Ramos's April 22, 2025 order granting the *Brous* plaintiffs' substitution motion.

Considering the short turnaround we were given by Judge Bissoon to work out the issue of potentially overlapping classes in *Brous* and *Bodkin*, please advise us by close of business on Tuesday whether Eligo consents to our filing the attached amended complaints.  If we do not hear from you by then, we are

going to file motions to amend in both cases.

Finally, in accordance with Judge Bissoon's order on Friday, please let us know your availability to convene a call today or tomorrow to discuss whether (a) Eligo still intends to seek to stay *Bodkin*, (b) to discuss the selection of a mutually acceptable ADR neutral.

Thank you,

Burkett


**J. Burkett McInturff**

WMP | Partner
305 Broadway, 7th Floor | New York, NY 10007
Phone: 910 476 7253



The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.