**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

July 21, 2025

**Via ECF**
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

  Re: *Brous, et al. v. Eligo Energy, LLC, et al.*, No. 1:24-CV-1260 (ER)

Dear Judge Ramos,

Pursuant to the Court's Individual Rule 2.A, Plaintiffs respectfully request a pre-motion conference on Plaintiffs' motion to compel Defendants Eligo Energy, LLC and Eligo Energy NY, LLC (together, "Eligo") to produce customer-level data through October 2016.

On November 7, 2024, this Court issued an unequivocal ruling setting October 2016 as the beginning of the relevant period for discovery in this case. Despite Your Honor's clear order, Eligo refuses to produce customer-level data predating February 2018, claiming discovery for this period is outside the statute of limitations period and thus irrelevant. Defendants are wrong on the law and their conduct plainly violates Your Honor's order.

## I. Eligo's Withholding of Pre-2018 Customer Data Flouts the Court's Nov. 7 Order

On November 7, 2024, the Court issued an oral ruling setting the discovery period in this case as beginning in October 2016. *See* Nov. 7, 2024 Hr'g Tr. at 10:19-21 ("I am going to restrict the time period from October of 2016 to the date of the filing of this complaint, which is February 20[, 2024].") (the "Nov. 7 Order"). Despite this clear order, Eligo chose (without discussing with Plaintiffs) to use February 2018 as the cutoff for producing customer-level account and billing data.

To avoid motion practice, Plaintiffs notified Defendants of this deficiency via email on June 11, 2025, and conferred with Defendants on June 24, 2025. Nevertheless, Defendants persist in refusing to provide the additional data. Eligo's refusal to produce the discovery required under the Nov. 7 Order is untenable, as it is axiomatic that "discovery orders are meant to be followed." *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995), *abrogated on other grounds by 4 Pillar Dynasty LLC v. New York & Co., Inc.*, 933 F.3d 202 (2d Cir. 2019). The Court should compel Eligo to comply with its Nov. 7 Order and produce customer data dating back to October 2016.

## II. Customer-Level Data Pre-Dating February 2018 Is Properly Discoverable

Eligo's only justification for disobeying the Nov. 7 Order is unavailing, since customer-level data prior to February 2018 is both relevant and discoverable. First, there is no dispute that customer-

level data—which shows how much Eligo overcharged customers—is relevant. Eligo conceded as much by producing data from 2018 to 2024.

Second, complying with the Nov. 7 Order and producing two additional years of customer data would not unduly burden Eligo. To the contrary, courts have found that merely expanding the temporal scope of a data pull constitutes minimal burden. *See Cap 111 Enters. LLC et al. v. Manhattan Beer Distribs. et al.*, No. 22 Civ. 1408, ECF No. 157, at 8 n.4 (S.D.N.Y. Nov. 9, 2023) ("If . . . all transaction data is housed in a single electronic system such that a single query could retrieve 20 years of information just as easily as 10 years of information, then the burden of producing older data would seem to be minimal.").

Third, under the continuing violation doctrine, the class's claims are tolled at least for 2016 and 2017. Where a claim arises from a series of allegedly deceptive acts, such as when an ESCO like Eligo periodically overcharges its customers, the continuing violations doctrine tolls the statute of limitations period until the date of the last wrongful act (or charge). Thus, if a customer was overcharged by Eligo prior to the limitations period but continued to be overcharged thereafter, they retain a live claim encompassing all charges incurred throughout their time as a customer with Eligo. Eligo's improper discovery limitation would deprive class members of data showing damages for unquestionably live claims.

In *Stanley v. Direct Energy Servs.*, Judge Karas held that the statute of limitations did not bar claims where defendant ESCO's misrepresentations and initial overcharges pre-dated the limitations period, so long as their last overcharge was within it:

> The Court finds that the continuing violation theory applies to Plaintiff's allegations here. . . . [T]he Court observes that it is Defendant's purportedly unlawful monthly *charges* that made its initial representation to Plaintiff unlawful or misleading at all. . . . The charges themselves—which were issued pursuant to a monthly term . . . allegedly made Defendant's [contractual] promises misleading. The charges were periodic in nature and each one, according to Plaintiff, violated the quality of pricing that Plaintiff thought she would receive from Defendant. Therefore, each payment pursuant to each charge constitutes an individual wrongful act.

466 F. Supp. 3d 415, 432 (S.D.N.Y. 2020) (citations and quotations omitted and emphasis in original); *see also Cap 111 Enters.*, ECF No. 157, at 8 (S.D.N.Y. Nov. 9, 2023) (compelling pre-limitations period discovery under continuing violation doctrine in case involving recurring improper charges). Plaintiffs' Complaint clearly alleges the same: "[g]iven that Eligo has engaged in a series of deceptive acts and omissions for which it billed customers and customers continued to pay, the continuing violation doctrine applies." ECF No. 120 ¶ 119. Notably, Eligo has not moved to dismiss this aspect of the Complaint.

For these reasons, Plaintiffs respectfully request that Eligo be compelled to comply with the Court's Nov. 7 Order and produce customer-level data dating back to October 2016.

          Respectfully Submitted,

          /s/ D. Greg Blankinship
          D. Greg Blankinship
          **FINKELSTEIN, BLANKINSHIP,**
          **FREI-PEARSON & GARBER, LLP**
          One North Broadway, Suite 900
          White Plains, New York 10601
          Tel: (914) 298-3281
          Fax: (914) 824-1561
          gblankinship@fbfglaw.com

          J. Burkett McInturff
          **WITTELS MCINTURFF PALIKOVIC**
          305 Broadway, 7th Floor
          New York, New York 10007
          Tel: (917) 775-8862
          Fax: (914) 775-8862
          jbm@wittelslaw.com

          *Counsel for Plaintiffs and the Proposed Class*

cc: All Counsel of Record via ECF