UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNE BROUS and MICHELLE SCHUSTER, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>ELIGO ENERGY, LLC and ELIGO ENERGY NY, LLC,<br><br>　　　　　Defendants. | Civil Case No.: 1:24-cv-01260-ER |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Erin Kelley
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff
Tiasha Palikovic
Jessica L. Hunter
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (914) 775-8862
jbm@wittelslaw.com
tpalikovic@wittelslaw.com
jlh@wittelslaw.com

Dated:　July 25, 2025

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ......................................................................................................................... 3

    I.    Plaintiffs Acted With Sufficient Diligence To Amend The Complaint Under Rule 16. ......................................................................................................................... 3

    II.    Plaintiffs Satisfy The Lenient Rule 15 Standard To Amend The Complaint And Defendants' Accusations Of Bad Faith Lack Merit. .................................................... 6

    III.    There Is No Reason Or Need For the Court To Issue An Advisory Opinion On Defendants' Motion To Strike. ..................................................................................... 9

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**

*Acosta v. Kennedy Children's Ctr.*,
 No. 24 Civ. 3358, 2025 WL 70141 (S.D.N.Y. Jan. 10, 2025) ...................................................... 5

*Callahan v. Cnty. Of Suffolk*,
 96 F.4th 362 (2d Cir. 2024) ........................................................................................................ 3

*Cox v. Gusman*,
 No. 7:20 Civ. 7381 (NSR), 2023 WL 348122 (S.D.N.Y. Jan. 20, 2023) .................................... 5

*Devane v. Doe*,
 No. 20 Civ. 9649 (NSR), 2021 WL 1648053 (S.D.N.Y. Apr. 27, 2021) .................................... 5

*Duling v. Gristede's Operating Corp.*,
 265 F.R.D. 91 (S.D.N.Y. 2010) .................................................................................................. 8

*Milanese v. Rust-Oleum Corp.*,
 244 F.3d 104 (2d Cir. 2001) ....................................................................................................... 6

*O'Rear v. Diaz*,
 No. 24 Civ. 1669 (PAE), 2025 WL 835018 (S.D.N.Y. Mar. 14, 2025) ..................................... 7

*Preiser v. Newkirk*,
 422 U.S. 395 (1975) .................................................................................................................... 9

*Romanello v. Suffolk Cnty. Corr. Facility*,
 No. 14 Civ. 5607 (JS) (ARL), 2014 WL 6804257 (E.D.N.Y. Dec. 3, 2014) ............................. 5

*Soroof Trading Dev. Co. v. GE Microgen, Inc.*,
 283 F.R.D. 142 (S.D.N.Y. 2012) ................................................................................................ 5

*U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*,
  508 U.S. 439 (1993) .................................................................................................................. 9

Pursuant to Rules 15 and 16 of the Federal Rules of Civil Procedure and this Court's June 6, 2025 Order authorizing the filing of this Motion, Plaintiffs Michelle Schuster and Anne Brous, on behalf of the estate of deceased Plaintiff Ira Brous (together, "Plaintiffs"), by and through their attorneys, hereby submit this Reply Memorandum of Law in Support of Their Motion to File a Second Amended Complaint ("Motion").

## INTRODUCTION

The parties find themselves at a rare juncture in a litigation: they **agree** on the necessary relief, namely, the removal of non-New York claims from the complaint. That is what Plaintiffs seek in their Motion, and what Eligo seeks in its concurrent motion to strike non-New York claims. One would think there should therefore be no controversy here (indeed, Plaintiffs do not oppose Eligo's motion to strike). Yet, Eligo has found a way to make this contentious.

Eligo's opposition to this Motion is an exercise in contradiction and requires it to occupy at least three internally inconsistent (but strategically advantageous) positions. **First**, after successfully narrowing discovery to New York claims only, Eligo now opposes Plaintiffs' efforts to formalize that very position, requiring the parties (and the Court) to expend resources on what should be a simple procedural matter. This Motion is before the Court only because Eligo refused consent to an amendment that aligns the complaint with the case scope they themselves sought and for which they now move in their motion to strike. This unopposed motion to strike, seeking the same relief, shows that Eligo's opposition to this Motion is not principled; it is pure gamesmanship.

**Second**, having successfully persuaded this Court to exclude non-New York claims from this case, Defendants now falsely contend in Ohio and Pennsylvania that those claims are being litigated here—directly contrary to Plaintiffs' repeated assurances to all involved courts. *See Bodkin et al. v. Eligo Energy, et al.*, No. 2:25 Civ. 94 (W.D.P.A.), ECF No. 33 at 6 ("[T]he class

1

proposed here is entirely subsumed by the class proposed in *Brous*, and Defendants disagree that Plaintiffs have notified the *Brous* court that they 'do not intend to seek certification of the class that is pled in this action[.]'"); *Orzolek v. Eligo Energy, et al.*, No. 2:25 Civ. 78 (S.D. Ohio), ECF No. 11 at 3 ("The *Orzolek* putative class is merely a subset of the *Brous* putative class."). Doing so has allowed Defendants to keep the non-New York claims in jurisdictional limbo and further delay their adjudication. Indeed, at no point have Defendants corrected their misleading representations to the Ohio and Pennsylvania federal courts.

**Third**, Eligo is simultaneously accusing Plaintiffs of forum shopping for trying to litigate the non-New York claims elsewhere **and** of trying to sneak the non-New York claims into this case at the eleventh hour. Beyond the internal inconsistency of those accusations, Defendants are wrong on both counts. Plaintiffs are not forum shopping the non-New York claims. Plaintiffs sought to litigate those claims here. Only after losing two contested motions to litigate those claims here have Plaintiffs been forced to bring those claims in Ohio and Pennsylvania. Quite the opposite of forum shopping, Plaintiffs bring the Ohio and Pennsylvania cases only because **Defendants** successfully persuaded the Court that those claims cannot be brought here. Then, in the next breath, Defendants say Plaintiffs' efforts to bring the non-New York claims elsewhere are insincere because they believe Plaintiffs will attempt to sneak those claims into this case at class certification. Defendants' accusations are fantastical. Plaintiffs have represented time and again that, following the Court's ruling on the scope of the case, they will not attempt to adjudicate the non-New York claims here.

In the face of all of these contradictions, and despite Plaintiffs withdrawing their opposition to Defendants' motion to strike the non-New York claims, Defendants persist in their obstruction, opposing Plaintiffs' proposed amendment despite it yielding the identical result sought in their

motion to strike. As the Court noted, this is "an outrageous set of circumstances," June 6, Hr'g Tr. at 16:8–9, and Plaintiffs are correct in suspecting the only reason Eligo is opposing this motion is because "[Eligo] wants . . . an advisory opinion from this Court that [it] can then use in other jurisdictions to say look what Ramos did." *Id.* at 16:4–6. The Court should not abet this stratagem.

Rather than an effort to ensure the proper forum, Eligo's true goal is to avoid litigation of the non-New York claims altogether and to further obscure the merits of this case: that Eligo gouged New York consumers of tens of millions of dollars in residential energy costs. Because the parties agree on the proper scope of the complaint, the Court should allow Plaintiffs to amend the complaint to reflect that consensus. Plaintiffs respectfully request that the Court grant Plaintiffs' Motion so that the parties can return to litigating the merits of this case rather than expending further resources on this procedural sideshow.

## ARGUMENT

The Court can adjudicate this Motion based on the standards set forth under Rules 15 or 16. *See* Br. at 8. Under either standard, Plaintiffs' Motion should be granted.

### I. Plaintiffs Acted With Sufficient Diligence To Amend The Complaint Under Rule 16.
(*Responding to Defs.' Br. Point IV.A, at 5–6*)

Both parties agree the central inquiry under Rule 16 turns on Plaintiffs' diligence. *See Callahan v. Cnty. Of Suffolk*, 96 F.4th 362, 370 (2d Cir. 2024). And Eligo does not (and cannot) dispute that a three-week turnaround—which is how long it took Plaintiffs to seek leave to amend the complaint after the Court's April 16 ruling—is sufficiently diligent under Rule 16. Instead, Eligo claims that Plaintiffs' diligence should be measured not from the Court's April 16 ruling limiting the scope of discovery to New York, but from the time Eligo first moved to strike non-New York claims from the class. *See* Defs.' Br. at 5. To that end, Eligo claims that the "factual basis to amend …was in [Plaintiffs'] possession by late summer 2024," when Eligo "provided

3

Plaintiffs the relevant customer contracts with its reply in support of their first motion to dismiss." Defs.' Br. at 5, 6. Eligo's argument falls flat for at least three reasons.

**First**, it is factually incorrect. While it is true that Eligo attached a limited set of non-New York contracts to its August 2024 filing, Plaintiffs consistently explained that such a limited set of documents was insufficient to determine appropriate class membership prior to more fulsome discovery. *See* Pls.' Opp. to Defs.' Mot. to Strike, ECF No. 154, at 11–17 (explaining why the contracts attached to Eligo's filing could not conclusively establish the appropriate class parameters). It was not until Plaintiffs had a more robust and reliable discovery record in February 2025 that they had the facts they needed to make their March 2025 motion seeking to expand discovery to four non-New York states—and even then not the facts needed to amend the complaint.

**Second**, Eligo's argument makes no sense because it anchors the timeliness of Plaintiffs' Motion to Defendants' motion to strike, rather than the Court's ruling limiting the scope of discovery. According to Eligo's logic, Plaintiffs should have abandoned their original position and agreed to limit the scope of this case as soon as Defendants so moved. This, of course, is not how litigation works. As zealous advocates, Plaintiffs maintained their legitimate and good faith position that the non-New York claims could be litigated here. It was not until April 16, 2025, when **the Court** definitively limited the scope of discovery to New York claims that Plaintiffs were forced to abandon their initial position about the scope of this case. Plaintiffs' Motion is therefore not a delayed reaction to Defendants' first motion to strike, but a timely response to the Court's

4

April 16 ruling limiting the scope of discovery.[1] Plaintiffs' request to amend was therefore both timely and procedurally proper.[2]

**Third**, Defendants' purported concerns about Plaintiffs' diligence are hypocritical. What Plaintiffs seek here should be simple and non-controversial: amending the complaint to reflect the contours of discovery established by the Court after Defendants' success in narrowing the class. Because all parties now agree on the proper scope of the complaint, there was no meritorious reason for Defendants to oppose Plaintiffs' effort to amend the complaint to reflect that consensus. Instead, Defendants refused to consent and insisted on burdening the Court by adding months of additional briefing. The delay, then, is caused by Defendants' opposition to this Motion, not by Plaintiffs' lack of diligence in bringing it. Indeed, since an amended complaint will be required even if Eligo prevails on this Motion, it is clear that delay is the very point of Defendants' gambit.

Accordingly, Plaintiffs have shown good cause under Rule 16 to amend the complaint.

---

[1] Defendants' case citations are not to the contrary. In *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012), the Court **authorized** the amended complaint because, like here, the plaintiff did not have adequate information to move to amend until after the scheduling order deadline to amend had passed. Critically, the Court found that the plaintiff acted diligently because he filed the motion to amend "less than two months" after a relevant order issued by the court. *Id.* In *Acosta v. Kennedy Children's Ctr.*, No. 24 Civ. 3358, 2025 WL 70141, at *11 (S.D.N.Y. Jan. 10, 2025), the court denied a motion for leave to amend for reasons completely inapposite here. There, the court found that the "request for leave to further amend [was] unspecific as to the proposed amendments" and denied the motion because the plaintiff "conceded that she had 'waived her right under Rule 15(a)(1)(B) to amend the complaint" and the court previously warned her that "plaintiff will not have an additional opportunity to amend the complaint." The court then held that "consistent with the Court's express admonitions to this effect, [plaintiff] will not have any further opportunities to amend her pleadings." *Id.* No such circumstances exist here.

[2] Indeed, courts routinely authorize leave to file amended complaints to comport with rulings. *See, e.g., Cox v. Gusman*, No. 7:20 Civ. 7381 (NSR), 2023 WL 348122, at *1 (S.D.N.Y. Jan. 20, 2023) (noting that plaintiff was granted leave to amend complaint to accord with court order); *Devane v. Doe*, No. 20 Civ. 9649 (NSR), 2021 WL 1648053, at *5 (S.D.N.Y. Apr. 27, 2021) (same); *Romanello v. Suffolk Cnty. Corr. Facility*, No. 14 Civ. 5607 (JS) (ARL), 2014 WL 6804257, at *3 (E.D.N.Y. Dec. 3, 2014) (same).

## II. Plaintiffs Satisfy The Lenient Rule 15 Standard To Amend The Complaint And Defendants' Accusations Of Bad Faith Lack Merit.
(*Responding to Defs.' Br. Point IV.B, at 5–9*)

"Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed.R.Civ.P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). Contrary to Eligo's claims, no such evidence exists here.

*First*, there is no undue delay here. Eligo argues that leave to amend "would upend the discovery schedule that the parties carefully negotiated and this court approved." Defs.' Br. at 6. Incorrect. There is not a single discovery deadline that would need to be changed if the Court grants this Motion (and Eligo does not show otherwise). Moreover, Eligo fails to explain how a proposed amendment ***limiting*** the scope of the class could expand or upend discovery. Finally, because the amendment is inevitable, the question is not whether Plaintiffs can file it but when they can do so. As noted above, by delaying the inevitable, only Eligo is slowing down the case.

*Second*, Defendants lack justification for their bold claim that the Motion is "riddled with bad faith." *Id.* at 7. Defendants protest purported forum shopping, but that could not be further from the truth. Plaintiffs fought to litigate the non-New York claims in this forum. Indeed, even after Defendants tried to limit this action to New York claims only, Plaintiffs advocated for the more expansive view of this case. However, the Court sided with Defendants, limiting the scope of discovery in this case to New York claims only. Plaintiffs respect the Court's decision. It is not forum shopping to litigate non-New York claims in other fora only after losing multiple hard-fought motions to litigate those claims here.

Indeed, Defendants have not and cannot definitively answer the question of where they think the non-New York claims should be litigated. Having already convinced this Court that the non-New York claims should not be litigated here, Defendants now besmirch Plaintiffs' counsel

6

for attempting to litigate those claims elsewhere. And in the same breath, Defendants tell the Ohio and Pennsylvania courts that those cases should be stayed because the non-New York claims are being litigated in this action. Defendants cannot have it both ways. Plaintiffs' Motion merely seeks to formalize this Court's discovery ruling and prevent Defendants' double-speak: arguing to this Court that non-New York claims cannot be litigated here, while simultaneously telling the Ohio and Pennsylvania courts they must be litigated here.

Nor is this case akin to *O'Rear v. Diaz*, No. 24 Civ. 1669 (PAE), 2025 WL 835018 (S.D.N.Y. Mar. 14, 2025). In *O'Rear*, the plaintiff, fearing a future adverse ruling, sought to amend the complaint to remove federal claims to divest the court of subject-matter jurisdiction late in the litigation and have the case remanded to state court. *Id.* at *3. But that is not what is happening here. In this case, Plaintiffs seek merely to conform the pleadings to a ruling already issued by the Court, and unlike in *O'Rear*, doing so will cause no disruption, no delay, and no changes to the case management plan. Nor are there forum shopping concerns: the Motion does not seek to divest this Court of jurisdiction and the case will proceed (and proceed only on the New York claims) ***regardless*** of how the Court rules here. Defendants' bad faith claims are further undermined by the fact that Defendants concurrently moved to strike the non-New York claims, which Plaintiffs do not oppose; the parties agree on the requested relief and disagree only on whether the Court should issue an advisory opinion on Defendants' undisputed motion to strike. Dissatisfied that Plaintiffs do not oppose their motion, Defendants now try to impute bad faith to Plaintiffs even though the parties agree about the scope of the case.

***Third***, amending would cause no prejudice, let alone undue prejudice, to Eligo. Attempting to show otherwise, Defendants claim that amending the complaint would require them to conduct discovery in Ohio and Pennsylvania. This argument makes no sense. Discovery in Ohio and

7

Pennsylvania is inevitable: whether the Court grants this motion or Defendants' unopposed motion to strike, the non-New York claims will proceed in Ohio and Pennsylvania, incurring an identical discovery burden. In other words, there is no marginal increase in discovery burden in granting this Motion as compared to granting Defendants' unopposed motion to strike.

*Fourth*, Defendants argue that amendment would be futile because it "neither adds new allegations nor causes of action[.]" Defs.' Br. at 9. Defendants misunderstand the relevant inquiry. "Generally, proposed amendment is considered futile when it fails to state a claim." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 103 (S.D.N.Y. 2010). Defendants have not argued that the proposed amended complaint would fail to state a claim. In fact, Defendants' only "failure to state a claim" argument targets the non-New York claims—claims the amended complaint now removes. Instead, Defendants conflate the futility analysis, arguing that the amendments should be rejected because they are "unnecessary." Defs.' Br. at 9. But this claimed lack of necessity is curious given that Defendants moved for the same relief in their motion to strike the non-New York claims. Defendants, rather than cooperating, are now seeking an advisory opinion on the case's scope—even though all parties and the Court now agree on this case's proper boundaries. Ironically, Defendants' assertion that the proposed amendments are "unnecessary" merely underscores that their opposition to amending the complaint is unfounded, particularly because Plaintiffs have now accepted the case scope Defendants sought from the outset.

Accordingly, Plaintiffs easily satisfy Rule 15's lenient standard for amendment, and Defendants have not raised the type of "undue delay, bad faith, undue prejudice to the non-movant, or futility" warranting denial of leave to amend.

### III. There Is No Reason Or Need For the Court To Issue An Advisory Opinion On Defendants' Motion To Strike.
(*Responding to Defs.' Br. Point IV.C, at 9–10*)

Defendants acknowledge that granting Plaintiffs' Motion moots Defendants' unopposed motion to strike non-New York claims, but they argue that doing so would "deprive" the parties ***and*** the Ohio and Pennsylvania courts of a "substantive ruling." *See* Defs.' Br. at 9. Put plainly, Defendants want an advisory opinion. The Court understood this immediately. *See* June 6, Hr'g Tr. at 16:4–6 ("What [Defense counsel] wants is an advisory opinion from this Court that he can then use in other jurisdictions to say look what Ramos did."). But Defendants' desire for an advisory opinion is not a basis for denying this Motion. And as has been long established "'[t]he exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court lacks the power to render advisory opinions.'" *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

As a last-ditch effort, Defendants argue that the motion to strike is necessary because Plaintiffs included a reservation of rights in the proposed Second Amended Complaint allowing Plaintiffs to clarify the precise contours of the class definition. But there is nothing "suspect" about this reservation, which is instead a standard provision of class action complaints, occasioned by the unremarkable fact that a specific class definition cannot be known with certainty until Plaintiffs make—and the Court rules on—their Rule 23 motion. Defendants' attempt to instead interpret this provision as indicative of Plaintiffs' intent to sneak the non-New York claims back into the case at the eleventh hour should not be taken seriously. Plaintiffs have represented to this Court on many occasions that they have no intention of re-introducing the non-New York claims here. *See* Br. at 3; ECF No. 206 at 1 (chronicling Plaintiffs' repeated representations). In case there is any lingering doubt, Plaintiffs will make it unequivocal: Plaintiffs will not attempt to adjudicate non-

9

New York claims in this action. Accordingly, Defendants have the finality they purportedly seek. No advisory opinion is necessary.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to File a Second Amended Complaint.

Dated: July 25, 2025                    Respectfully submitted,

**WITTELS MCINTURFF PALIKOVIC**

 /s/ J. Burkett McInturff
J. Burkett McInturff
Jessica L. Hunter
Tiasha Palikovic
305 BROADWAY, 7TH FLOOR
NEW YORK, NEW YORK 10007
Telephone: (914) 775-8862
jlh@wittelslaw.com
jbm@wittelslaw.com
tpalikovic@wittelslaw.com

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Erin Kelley
1 NORTH BROADWAY, SUITE 900
WHITE PLAINS, NEW YORK 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

*Counsel for Plaintiffs and the Proposed Class*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on July 25, 2025, the foregoing was served via ECF on all counsel of record.

                                      By:    <u>/s/ J. Burkett McInturff</u>
                                                   J. Burkett McInturff