

August 4, 2025

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

**MEMO ENDORSED**

Re: *Brous, et al. v. Eligo Energy, LLC, et al.*, No. 1:24-CV-1260 (ER)

**Motion to Seal the Court's Memorandum Endorsement of Defendant's Letter Motion Containing Confidential Information (ECF No. 151)**

Dear Judge Ramos,

    We write to request that the Court seal the Court's Memorandum Endorsement (ECF No. 151, the "Order") of Defendants' January 24, 2025 Letter Motion to Re-Open Michelle Schuster's Deposition and Compel Written Discovery (ECF No. 150, the "Letter") and permit Defendants[1] to file a redacted version thereof. It recently came to the parties' attention that Defendants included in their underlying Letter certain material Plaintiffs[2] previously designated confidential pursuant to the Stipulation and Protective Order (ECF No. 38) in this case. As the Order took the form of a memorandum endorsement affixed to a copy of the Letter, the Order thus also contains this confidential material.

    In the Letter, Defendants cited to, and summarized the contents of, lines 6–14 of page 134 of Michelle Schuster's deposition transcript. *See* Letter at 3. Prior to Defendants' filing of the Letter, Plaintiffs' counsel served written notice to Defendants designating as confidential lines 8–14 of page 134 of that transcript (the "Confidential Material"). The basis for this designation is that the Confidential Material concerns sensitive inquiries into Plaintiff Schuster's personal and romantic life that are wholly unrelated to the substantive claims at issue in this case and thus should remain private.

    Sealing this limited excerpt is warranted. First, the brief transcript excerpt is cited in connection with an ancillary litigation dispute—a motion to re-open the deposition of Ms. Schuster and compel production of documents—and is not a judicial document within the meaning of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006), such that no presumption in favor of public access applies. As another court in this district explained:

> [W]hile there is a First Amendment presumption of access to judicial documents . . . documents passed between the parties in discovery lie entirely beyond the presumption's reach.

---

[1] "Defendants" are Eligo Energy, LLC and Eligo Energy, NY, LLC.
[2] "Plaintiffs" are Anne Brous and Michelle Schuster.

305 Broadway 7th Floor , NY, NY 10007 | +1 570 647 9815 | jlh@wittelslaw.com | www.wittelslaw.com

*In re Terrorist Attacks on Sept. 11, 2001*, No. 03-MD-01579, 2022 WL 1805398, at *2 (S.D.N.Y. June 2, 2022). Deposition transcripts, as documents passed between the parties in discovery, fall squarely outside the presumption. *See Sec. & Exch. Comm'n v. TheStreet.com*, 273 F.3d 222, 233 (2d Cir. 2001) (deposition transcripts not "judicial documents" because they play no role in the performance of Article III functions).

      Second, even if Ms. Schuster's deposition transcript were deemed a judicial document, Plaintiffs respectfully submit that neither the common law nor the qualified First Amendment right of access compels disclosure of the Confidential Material. As this Court has already held, the financial particulars of Ms. Schuster's and Mr. Howard Behrns' relationship are outside the scope of discovery. *See* ECF No. 167, Feb. 7, 2025 Hr'g Tr. at 7:9–13 ("deny[ing] the request to compel any additional information" regarding Howard Behrns's contribution to household expenses); *see also In re: Subpoena to Howard Behrns*, 6:25-mc-06005, ECF No. 17 (W.D.N.Y. July 29, 2025) (recommending the district court quash Eligo's subpoena to Mr. Behrns because "the subpoenaed testimony--concerning a non-party's fungible contributions to household expenses--does not appear relevant to the claims at issue in the SDNY Action or to class certification of those claims").

      Accordingly, "experience and logic" do not "support making the document available to the public" under a First Amendment analysis. *See United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 242 (2d Cir. 2014). Furthermore, the private personal information at issue is not a matter of "public concern," such that the public has no "interest in overseeing it." *Id.* at 239.

\* \* \*

      For these reasons, Plaintiffs request that the Order be sealed, and that Defendants be permitted to re-file the Order with redactions of the Confidential Material within seven (7) days of the Court's order granting this request. Defendants consent to this request, but do so without waiving their right to challenge Plaintiffs' confidentiality designations in Ms. Schuster's deposition transcripts at a later time.

The application to seal the order is granted. The Clerk of the Court is respectfully directed to modify the viewing level for Order, doc. 151, to case participants.
SO ORDERED.

Edgardo Ramos, U.S.D.J.
Dated: 8/7/2025
New York, New York

Respectfully Submitted,

/s/ Jessica L. Hunter
   Jessica L. Hunter

*Counsel for Plaintiffs and the Proposed Class*

cc: All counsel of record via ECF