# EXHIBIT 1

| | |
|---|---|
| **From:** | David Meadows |
| **To:** | Greg Blankinship; Leo O"Toole; Abigail Howd; Ryan Watstein |
| **Cc:** | Burkett McInturff; Andrey Belenky; Daniel Martin; Luke Kopetsky |
| **Subject:** | Re: Brous v Eligo -- missing documents |
| **Date:** | Monday, August 11, 2025 7:57:50 PM |

Greg,

We don't think it's reasonable for us to go back through the universe of documents we collected to ferret out a few Risk Committee reports that either (a) didn't hit on the agreed-upon search terms or (b) hit on the terms but were deemed non-responsive in our review. The whole point of the lengthy negotiation over ESI and search terms was to eliminate the burden and expense of the sort of hunt-and-peck production you are now asking us to make. So, you are simply incorrect to say these reports are "clearly" responsive to Plaintiffs' requests. The truth is that the documents did not meet the criteria for production to which Plaintiffs expressly agreed and/or apply under the Federal Rules.

In addition, there is no need for Plaintiffs to discover additional Risk Committee reports — i.e., reports in addition to those we have already produced, which did hit on the search terms and which were deemed responsive during a manual review. For one thing, the reports you have identified below largely predate 2019. But Judge Ramos ruled just last week that Plaintiffs have no viable claims beyond the applicable statute of limitations. For another, we have produced a huge quantity of documents and data related to variable rate setting, and your email doesn't establish how the reports in question would add anything to that discovery.

We also can't ignore the long history of Plaintiffs using the discovery process to foist more and more costs onto Eligo for the purpose of trying to force a non-merits based settlement. This request, like many others that preceded it, fits that pattern. Eligo has spent hundreds of thousands of dollars both producing and documents and fighting a long series of discovery motions. It would be to no one's benefit for Plaintiffs to file yet another discovery letter motion.

David

---

**From:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Date:** Monday, August 11, 2025 at 2:50 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** RE: Brous v Eligo -- missing documents

[Warning – external]

David, it's disappointing that you keep promising to get back to us in a specific time period, only to inevitably blow through that deadline without any further word, and that we only get a response after sending successive follow up emails. Please let us know you position regarding the below.

Thanks
Greg

---

**From:** David Meadows <dmeadows@wtlaw.com>
**Sent:** Friday, August 1, 2025 2:12 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; Leo O'Toole <lotoole@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** Re: Brous v Eligo -- missing documents

Greg, it is concerning that, despite being provided with huge quantities of data concerning Eligo's rate setting, Plaintiffs seem intent on generating even more discovery disputes. That said, we will need a little time to consider this latest demand. We will get back to you early next week after we have had time to fully consider it.

Have a good weekend.

David

---

**From:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Date:** Friday, August 1, 2025 at 12:56 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** RE: Brous v Eligo -- missing documents

[Warning – external]

Counsel,

We write to ask you to reconsider your refusal to produce the missing Risk Committee presentations in the hope that this issue can be resolved without the Court's intervention.

Eligo maintains that it ███████████████████████████████████████████████ LaPointe at 123:01–21. Testimony from Eligo's representatives and documents produced in discovery demonstrate that Eligo routinely prepares business records reporting ███████ ████████████████████████████ *See, e.g.*, DEF035607, DEF039134, DEF057189, DEF070325, DEF070317, DEF089734 at DEF089781, DEF089993. Although per Eligo's

███████████████████████████████████████████████████████████
████████████████████████████████████ we will agree to limit our request on this issue to the data presented in the monthly Risk Committee presentations.

As we noted previously, no Risk Committee presentations have been produced for the following months at issue in this action: 10/2016–07/2017, 10/2017, 01/2018–08/2018, 10/2018–11/2018, 01/2019–02/2019, 05/2019–06/2019, 08/2019, 11/2019, 01/2020–02/2022, 05/2022–06/2022, 08/2022–02/2024.

But discovery in this case clearly demonstrates that materials were prepared for meetings held during these months. For example, DEF057188 demonstrates that ███████████████████ ██ █████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ DEF057188 at DEF057189. ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Glotzbach at 85:19–95:13, 120:16–121:14; *see also id.* at 11:17–23, 21:03–13, 58:20–59:02, 104:07–12; LaPointe at 63:07–19 ████████████████████████████████████████████████████ ████████████████████████████████████████████

██████████████████████████████████████████████████████ ██████████████████████████████████████████████████ *See, e.g.*, Glotzbach at 46:16–48:12 ████████████████████████████████████ █████████████████████████████); *id.* at 117:11–118:04 ██████████████ █████████████████████████████; Feely at 69:22–71:01 █████████████████ █████████████████████████████████████████████████; DEF089734 at DEF089783 ██████████████████████████████████████████████. Thus, even if the monthly presentations were not all readily available, Eligo could easily generate a report with this information.

Unless Eligo is willing to stipulate that hedging transactions and the costs associated with such transactions are not relevant to this Action, this information is clearly responsive to Plaintiffs' discovery requests and should have been produced.

We are available to confer Monday, if further discussions would be helpful.

Thanks
Greg

---

**From:** David Meadows <dmeadows@wtlaw.com>
**Sent:** Tuesday, June 24, 2025 10:33 AM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; Leo O'Toole <lotoole@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel

Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** Re: Brous v Eligo -- missing documents

Greg,

I am sure you can appreciate that with a very busy deposition schedule over the past several weeks, alongside Plaintiffs' near-constant demands regarding document discovery, it is not possible for us to turn each of these requests around as quickly as you might like. It is also concerning that Plaintiffs continue to demand more and more discovery from the Defendants while routinely flouting their own discovery obligations, most recently in their long overdue disclosures concerning Ramsey Brous and filing of a motion to quash Mr. Behrns' deposition. That said, and in the interests of making today's call efficient:

1. We anticipate making a supplemental production of mark to market reports.
2. As to competitor pricing spreadsheets, your email is not accurate, as at least one of the spreadsheets we produced contained 20+ tabs with data for several different time periods. That said, we have reviewed our collection database and do not have any additional pricing spreadsheets to produce.
3. As to risk committee powerpoints, what you have is what hit on the agreed-upon search terms and was then marked responsive after a document-by-document review. We have nothing further in that category.

During Mr. Lapointe's deposition you inquired about a video linked in one of the emails used as an exhibit. We have located the video and will be producing it soon.

Also, it looks like Burkett set today's conferral for 1.5 hours in his Outlook invitation. We appreciate your side setting up the call but 1.5 hours is far in excess of what we will need or what is reasonable, so we anticipate getting through these issues in a far shorter time.

Regards,

David

---

**From:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Date:** Monday, June 23, 2025 at 2:27 PM
**To:** Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** RE: Brous v Eligo -- missing documents

[Warning – external]

Counselors, I hope this email finds everyone well.  It has now been almost three weeks since we requested these missing documents, and a week since I simply asked you to confirm when you would be able to tell us if the missing documents exist. Unless you were planning on responding earlier, let's discuss these tomorrow during the meet and confer as well, to see if we can avoid involving the Court.

Thanks
Greg

---

**From:** Greg Blankinship
**Sent:** Monday, June 16, 2025 8:58 AM
**To:** Leo O'Toole <lotoole@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** RE: Brous v Eligo -- missing documents

Thanks for the update Leo.  Can you please tell us when you will know of there are additional documents in these three categories?

Greg

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Sunday, June 15, 2025 11:26 PM
**To:** Greg Blankinship <gblankinship@FBFGLaw.com>; Abigail Howd <ahowd@wtlaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** Re: Brous v Eligo -- missing documents

Greg, We've emailed the client regarding your request for the mark-to-market reports, competitor pricing spreadsheets, and risk committee powerpoints.  We'll let you know once we have a better idea whether there are additional documents in these categories.
Best,
Leo

**Leo O'Toole**
WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** Greg Blankinship <gblankinship@FBFGLaw.com>
**Date:** Friday, June 13, 2025 at 3:37 PM

**To:** Abigail Howd <ahowd@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, David Meadows <dmeadows@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>, Andrey Belenky <abelenky@wittelslaw.com>, Daniel Martin <DMartin@fbfglaw.com>, Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** Re: Brous v Eligo -- missing documents

[Warning – external]

Counselors I am following up on the below yet again. Thanks.

Get Outlook for iOS

---

**From:** Greg Blankinship
**Sent:** Tuesday, June 10, 2025 10:25:21 AM
**To:** Abigail Howd <ahowd@wtlaw.com>; Leo O'Toole <lotoole@wtlaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** RE: Brous v Eligo -- missing documents

Counselors, I am following up on the below. I believe we are also waiting for your response to Tiasha's email from Friday asking for a meet and confer re your privilege log, and Burkett's email from Friday regarding the proposed corporate entity stipulation.

Thanks
Greg

---

**From:** Greg Blankinship
**Sent:** Thursday, June 5, 2025 7:47 AM
**To:** Abigail Howd <ahowd@wtlaw.com>; Leo O'Toole <lotoole@wtlaw.com>; David Meadows <dmeadows@wtlaw.com>; Ryan Watstein <ryan@wtlaw.com>
**Cc:** Burkett McInturff <jbm@wittelslaw.com>; Andrey Belenky <abelenky@wittelslaw.com>; Daniel Martin <DMartin@fbfglaw.com>; Luke Kopetsky <LKopetsky@fbfglaw.com>
**Subject:** Brous v Eligo -- missing documents

Counselors:

We have identified several categories of documents whose production appears to be incomplete. Can you please promptly produce the missing documents for the missing time periods, and confirm by when you will make those productions?

1. Mark-to-Market reports. Eligo has produced only 8 for 2022 (DEF083649; DEF018586; DEF039137; DEF070328; DEF070331; DEF070497; DEF018582; DEF070321), 5 for 2023 (DEF035608; DEF034234; DEF050680; DEF086596; DEF086565), and 3 for 2024 (DEF089995; DEF034315; DEF089425).
2. Competitor Pricing Spreadsheet – just two were produced (DEF934 and 946). The

      date is also missing from the metadata – please provide that as well.

3. Risk Committee Meeting PowerPoints – only the following were produced, even though these were monthly meetings

        2018: Sep, Dec

        2019: Mar, Apr, July, Sep, Oct, Dec

        2021: Mar, Nov, Dec

        2022: Jan, Feb, Mar, Apr, July

Thanks
Greg

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

> This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.