UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNE BROUS *and* MICHELLE
SCHUSTER, *on behalf of themselves
and all others similarly situated*,

                          Plaintiffs,

        – against –

ELIGO ENERGY, LLC *and* ELIGO
ENERGY NY, LLC,

                         Defendants.

**OPINION & ORDER**

24-cv-01260 (ER)

RAMOS, D.J.:

Anne Brous[1] and Michelle Schuster (together, "Plaintiffs") brought this putative class action against Eligo Energy, LLC and Eligo Energy NY, LLC (collectively, "Eligo") alleging breach of contract and violations of various state consumer protection statutes. Doc. 120.[2] Before the Court are (1) Eligo's motion to dismiss all out-of-state claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and (2) Plaintiffs' motion for leave to file a second amended complaint pursuant to Federal Rules of Civil Procedure 15 and 16. Docs. 140, 246, 247. For the following reasons, Plaintiffs' motion for leave to file a second amended complaint is GRANTED, and Eligo's motion to dismiss is DENIED as moot.

---

[1] The Court granted Plaintiffs' motion to substitute Anne Brous as plaintiff in place of her husband, Ira Brous, who passed after the complaint was filed, on April 22, 2025. Doc. 192.

[2] Plaintiffs specifically allege Eligo violated the following materially identical statutes: Connecticut Unfair Trade Practices Act § 42-110b; Illinois Consumer Fraud Act § 505/2; Maryland Consumer Protection Act § 13-303, et seq.; Michigan Consumer Protection Act § 445.903; New Jersey Consumer Fraud Act § 56:8-2; New York General Business Law § 349; Pennsylvania Unfair Trade Practices and Consumer Protection Law § 201-2(4); and District of Columbia Consumer Protection Procedures § 28-3904, et seq. Doc. 120 ¶ 228.

I. BACKGROUND

A. Factual Background

Eligo is a company that sells natural gas and electricity across the United States. Doc. 120 ¶ 2. Plaintiffs are New York residents who separately contracted with Eligo for their residential electricity supply. *Id.* ¶¶ 12, 16. Eligo thereafter supplied electricity to Plaintiffs until Plaintiffs cancelled their contracts in November 2023. *Id.*

Plaintiffs allege that Eligo's "deceptive and bad faith pricing practices have caused tens of thousands of commercial and residential customers" across the United States "to pay considerably more for their electricity and natural gas than they should otherwise have paid." *Id.* ¶ 1.

B. Procedural History

Plaintiffs initiated this putative class action on February 20, 2024, on behalf of all Eligo customers in the United States (the "Class"), and all Eligo customers in New York (the "Subclass"). Doc. 1 ¶¶ 106–07. Plaintiffs asserted the following causes of action: on behalf of the Class, breach of contract and violations of the various consumer protection statutes; and, on behalf of the Subclass, breach of contract and violations of New York General Business Law § 349. *Id.* ¶¶ 121–214.

On May 9, 2024, at a pre-motion conference, the Court granted Eligo's request for leave to file a motion to dismiss and limited discovery to New York claims until the motion was decided. Doc. 225. On June 4, 2024, Eligo moved to dismiss (1) Plaintiffs' out-of-state claims, (2) the claims against Eligo Energy, LLC, and (3) the claim under New York General Business Law § 349-d(7). Doc. 27. In response, Plaintiffs amended their complaint on November 13, 2024. Doc. 120.

On January 6, 2025, Eligo moved to dismiss Plaintiffs' out-of-state claims in the amended complaint. Doc. 140. Eligo specifically argues that (1) Plaintiffs' contracts are materially different from the out-of-state customers' contracts; (2) Plaintiffs lack statutory standing to pursue claims under out-of-state consumer protection statutes; (3) the out-of-

2

state customers agreed to resolve disputes in their home states; and (4) this Court lacks personal jurisdiction over the out-of-state claims. Doc. 141. On January 27, 2025, Plaintiffs filed their opposition, and on February 20, 2025, Eligo filed their reply. Docs. 152, 169.

On March 21, 2025, a month after the motion to dismiss was fully briefed, Plaintiffs filed a letter, seeking to expand discovery to four additional jurisdictions, Washington, D.C., Illinois, Massachusetts, and Maryland. *See* Doc. 174. At a discovery conference on April 16, 2025, the Court rejected Plaintiffs' request to expand discovery to the four additional states ("April 16, 2025 Order"). Doc. 199.

On May 7, 2025, Plaintiffs requested leave to file a second amended complaint to strike all the out-of-state claims and narrow the scope of the proposed class to New York customers only. Docs. 206, 207.[3] On June 9, 2025, Plaintiffs filed a notice of withdrawal of their opposition to Eligo's motion to dismiss, and on June 20, 2025, Eligo filed a response to Plaintiffs' notice. Docs. 233, 239.[4]

After filing this action, Plaintiffs' counsel filed two overlapping class actions against Eligo in Pennsylvania, *Bodkin et al. v. Eligo Energy, et al.*, No. 2:25-cv-94 (CB) (W.D.P.A.) ("*Bodkin*"), and in Ohio, *Orzolek v. Eligo Energy, LLC et al.*, No. 25-cv-00078 (SDM) (EPD) (E.D. Ohio) ("*Orzolek*"). In both *Bodkin* and *Orzolek*, Eligo has moved to stay under the "first-to-file rule." *See Bodkin*, Doc. 43; *Orzolek*, Doc. 21.[5]

---

[3] The deadline to amend pleadings was November 13, 2024. *See* Doc. 265.

[4] The Court previously filed an order on June 6, 2025 noting the following: "For the avoidance of doubt, although at today's conference the Court granted Plaintiffs leave to move to amend the complaint, the Court does not agree with Plaintiffs' counsel that such motion 'moots' the pending motion to dismiss … The pending motion to dismiss will be adjudicated by the Court." Doc. 230. After this order, Plaintiffs filed their notice of withdrawal of their opposition. Doc. 233.

[5] "The first-to-file rule is used to determine whether a cause of action needs to be adjudicated as a compulsory counterclaim and provides that 'where there are two competing lawsuits involving substantially the same issue, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second.'" *Internet Law Library, Inc. v. Southridge Capital Management LLC*, 208 F.R.D. 59, 64 (S.D.N.Y. 2002) (citations omitted); *see also Baram v. Doe*, No. 23-cv-1758 (ER), 2024 WL 232319, at

3

### C. Proposed Amendments

In the operative complaint, Plaintiffs propose a class of all Eligo residential and commercial customers in the United States who were charged a variable rate for electricity or natural gas services by Eligo. Doc. 120 ¶ 128.

In the proposed amended complaint, Plaintiffs propose a class limited to New York customers (the "Amended Class") and strikes all the other claims regarding violations of consumer protection statutes of all other states. Doc. 247-1 ¶ 127; *see* Doc. 247-2 at 62–66. The proposed amended complaint also clarifies that "excluded from the [Amended] Class are any residential or commercial customers included in the proposed classes that are preliminarily defined in *Bodkin* ... or *Orzolek* ... Any customer included in any class that is eventually certified in *Bodkin* or *Orzolek* is also excluded from the [Amended] Class." *Id.* ¶ 129. The proposed amended complaint also adds that any further modification to the Amended Class "will not include non-New York customers." *Id.* ¶ 130.

## II.     LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that

---

\*6 (S.D.N.Y. Jan. 22, 2024), *appeal dismissed* (June 12, 2024). The rule sounds in judicial comity and "embodies considerations of judicial administration and conservation of resources." *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, No. 19-cv-11697 (NSR), 2022 WL 118257, at \*3 (S.D.N.Y. Jan. 12, 2022) (citation omitted). Thus, it applies only where two actions "involving the same parties and issues are pending simultaneously in different federal courts." *Sotheby's, Inc. v. Minor*, No. 08-cv-7694 (BSJ) (HBP), 2009 WL 73134, at \*1 (S.D.N.Y. Jan. 6, 2009) (citations omitted).

a defendant has acted unlawfully." *Id.* However, this "flexible plausibility standard" is not a heightened pleading standard. *In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 n.3 (2d Cir. 2007) (internal quotation marks and citation omitted). And "a complaint . . . does not need detailed factual allegations" to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.

The question on a motion to dismiss "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y 2012) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)). Indeed, "the purpose of Federal Rule of Civil Procedure 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Global Network Communications, Inc. v. City of New York*, 458 F3d 150, 155 (2d Cir. 2006)). Thus, when ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citing *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)).

### B. Leave to Amend

"Rules 15 and 16 of the Federal Rules of Civil Procedure set forth the standards under which a party may amend a pleading." *Summerwind West Condominium Owners Association, Inc. v. Mt. Hawley Insurance Co.*, No. 22-cv-3165 (JPC), 2023 WL 8307561, at *3 (S.D.N.Y. Dec. 1, 2023). "Generally, '[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a

5

district court to deny the right to amend." *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted). Absent some reason for doing so, denying leave to amend is an abuse of the district court's discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

At the outset of litigation, "[a] party may amend its pleading once as a matter of course" within certain prescribed time limits. Fed. R. Civ. P. 15(a)(1). Outside those limits, a party may amend only with the written consent of the opposing party or with leave of the court. Fed. R. Civ. P. 15(a)(2). At that stage, the Second Circuit has explained, Rule 15 operates under a "permissive standard" that is "consistent with our 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (citation omitted).

Where, as here, the deadline to amend their pleadings has passed, the lenient standard of Rule 15 must be balanced against the requirement of Rule 16(b) that the Court's scheduling order "shall not be modified except upon a showing of good cause." *Holmes*, 568 F.3d at 334–35 (quoting *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003)); *see also Sacerdote v. New York University*, 9 F.4th 95, 115 (2d Cir. 2021).

III. DISCUSSION

  A. **Motion to Amend**

The Court will first address the motion to amend. *See GGC International Limited v. Ver*, No. 24-cv-1533 (JPC), 2025 WL 81319, at *1 (S.D.N.Y. Jan. 13, 2025) ("When a court is faced with [a] motion[] to dismiss [the] complaint and a motion for leave to file an amended complaint, the court may focus first on the motion for leave to amend because granting the motion for leave to amend moots the pending motion[] to dismiss.") (quoting *Cummins, Inc. v. New York Life Insurance*, No. 10-cv-9252 (TPG), 2012 WL 3870308, at *2 (S.D.N.Y. Sept. 6, 2012)). The Court will address whether Plaintiffs'

6

proposed amended complaint meets Rules 15 and 16 standards and will address Rule 16 first.

### 1. Rule 16

Plaintiffs argue that they have established good cause for amendment under Rule 16 because (1) they sought to amend three weeks after the Court denied their request to expand discovery to other jurisdictions, and (2) the amendment "does not require additional discovery or adjustment of any case deadlines." Doc. 248 at 13. Plaintiffs further explain that prior to the April 16, 2025 Order, they "believed in good faith that non-New York claims in at least four other jurisdictions could reasonably fall within the proposed class." *Id.* at 14. Defendants counter that Plaintiffs' "factual basis to amend … was in [Plaintiffs'] possession" by August 9, 2024, specifically when Eligo provided Plaintiffs the customer contracts of the other four jurisdictions. Doc. 256 at 7–8. In response, Plaintiffs explain that although Eligo did produce a limited set of non-New York contracts in August 2024, "[i]t was not until [they] had a more robust and reliable discovery record in February 2025 that they had the facts they needed to make their [] motion seeking to expand discovery" to the other four jurisdictions. Doc. 260 at 7.

Whether good cause exists depends primarily on the diligence of the party seeking amendment. *See Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007). "[T]he court may deny leave to amend where the party seeking it knew or should have known the facts sought to be added to the complaint." *Cummins*, 2012 WL 3870308, at *3. Where delayed discovery prevented a party from discovering facts sufficient to support a cause of action, a party must show that it acted diligently upon learning the new facts. *See e.g.*, *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) (noting that delayed discovery and settlement negotiations deferred plaintiff's ability to discover facts, and holding that plaintiff acted diligently by seeking leave to file an amended complaint only two months after acquiring information). While the diligence inquiry is the primary consideration, courts may also consider other relevant

factors including whether the proposed amendment would result in prejudice to defendants. *See Kassner*, 496 F.3d at 244.

Here, Plaintiffs have met the "good cause" standard. Plaintiffs sought leave to amend three weeks after the Court denied their request to expand discovery to non-New York claims, which satisfies the diligence requirement under Rule 16. *See Olaf Sööt Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 398–99 (S.D.N.Y. Oct. 26, 2017) (diligence satisfied where "Plaintiff filed the instant motion to amend within a few months" of reviewing relevant evidence); *Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 148–49 (S.D.N.Y. 2012) (finding diligence and permitting amendment filed two months after facts learned in discovery). In addition, the amendment does not prejudice Eligo because it will not require additional discovery, does not affect any other deadlines, and will not delay resolution of the case. *Dominguez v. Walsh*, No. 22-cv-6443 (KMK), 2023 WL 6199861, at *1 (S.D.N.Y. Sept. 22, 2023) ("Undue prejudice speaks to whether the amendment will require the opposing party to expend significant resources in discovery and whether resolution of the dispute will be delayed.") (internal quotation marks and citations omitted). Accordingly, Plaintiffs' proposed amendment meets the Rule 16 standard.

2. Rule 15
a. Undue Delay

As previously discussed, the Court finds that there was no undue delay because Plaintiffs' proposed amendment was filed only three weeks after the April 16, 2025 Order. *See Community Association Underwriters of America, Inc. v. Main Line Fire Protection Corp.*, No. 18-cv-4273 (PMH) (JCM), 2020 WL 5089444, at *2–*3 (S.D.N.Y. Aug. 28, 2020) (finding no undue delay where plaintiff filed its motion to amend two months after it discovered new information).

### b. Bad Faith

Plaintiffs argue that Eligo cannot show that their proposed amendment is made in bad faith because the purpose of the amendment is to conform the class to comply with the April 16, 2025 Order. Doc. 248 at 16. Plaintiffs further explain that the parties agree that the claims of non-New York customers are now not part of this case. *Id.* Eligo counters that there is bad faith because "after failing to expand discovery" in this action, Plaintiffs "now seek to abandon their multi-state claims to relitigate them" in *Bodkin* and *Orzolek*. Doc. 256 at 9.[6] In response, Plaintiffs argue that "[i]t is not forum shopping to litigate non-New York claims in other fora only after losing multiple [] motions to litigate those claims here." Doc. 260 at 9.

To establish that a plaintiff's amendment is made in bad faith, the defendant must show "something more than mere delay or inadvertence for the court to refuse to allow amendment, such as seeking to derive some unique tactical advantage through their amendment." *Usov v. Lazar*, No. 13-cv-818 (RWS), 2014 WL 4354691, at *8 (S.D.N.Y. Sept. 2, 2014) (internal quotation mark omitted) (quoting *Primetime 24 Joint Venture v. DirecTV, Inc.*, No. 99-cv-3307 (RMB) (MHD), 2000 WL 426396, *5–*6 (S.D.N.Y. Apr. 20, 2000)).

The Court finds that Eligo has not satisfied their burden of showing bad faith. Here, the proposed amendment seeks to limit this action only to New York claims, and the parties agree that the action should be limited to New York claims. In addition, contrary to Eligo's arguments, "[a] change in litigation strategy is a legitimate reason for

---

[6] In support of their argument, Eligo cites to *O'Rear v. Diaz*, No. 24-cv-1669 (PAE), 2025 WL 835018 (S.D.N.Y. Mar. 14, 2025), which held that the plaintiff acted with undue delay and bad faith. Doc. 256 at 9. Eligo explains that in *O'Rear*, "[t]he plaintiff admitted that she sought to amend in response to prior adverse rulings … and with the express purpose of forcing remand to state court." *Id.* However, as Plaintiffs explain, "they seek [] to conform the pleadings to a ruling already issued by the Court, and unlike in *O'Rear*, doing so will cause no disruption, no delay, and no changes to the case management plan." Doc. 260 at 10. Plaintiffs further note that "there [are no] forum shopping concerns [because] the [m]otion does not seek to divest this Court of jurisdiction and the case will proceed … regardless of how the Court rules here." *Id.*

9

seeking to amend a pleading under the liberal standard of Rule 15(a)." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 98 (S.D.N.Y. 2010) (citations omitted).

   c. Futility

Eligo argues that the proposed amendment would be futile because it does not add new allegations or causes of action; it only removes non-New York consumer protection claims. Doc. 256 at 11. Plaintiffs argue that there are no futility concerns because the amendment does not propose a new or revised claim, and Eligo's motion does not attack the substance of any pending claim. Doc. 248 at 17 (citing *Leo v. Siemens Medical Solutions USA, Inc.*, No. 25-cv-415 (JGLC), 2025 WL 1591891, at *2 (S.D.N.Y. June 5, 2025) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss.")).

The Second Circuit has held that leave to amend may be denied on the basis of futility when it is "beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *Pangburn v. Culberston*, 200 F.3d 65, 71 (2d Cir. 1999) (internal quotation marks and citation omitted). The party opposing the motion to amend bears the burden of establishing the amendment's futility. *Ithaca Capital Investments I S.A. v. Trump Panama Hotel Management LLC*, 450 F. Supp. 3d 358, 377 (S.D.N.Y. 2020) (citation omitted); *see also In re Latam Airlines Group S.A.*, No. 22-cv-8068 (ER), 2023 WL 4741335, at *4 (S.D.N.Y. July 25, 2023). In determining whether an amendment is futile, the court evaluates the amended complaint "through the prism of a Rule 12(b)(6) analysis." *Henneberry v. Sumitomo Corp. of America*, 415 F. Supp. 2d 423, 433 (S.D.N.Y. 2006); *see also Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448, 456 (S.D.N.Y. 2016). Following this standard, courts accept a plaintiff's factual allegations as true and draw reasonable inferences in their favor. *Agerbrink*, 155 F. Supp. 3d at 456; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The trial court "has broad discretion in determining whether to grant leave to amend," *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000), but generally, will not deny leave to amend based on futility unless the

10

proposed amendment is clearly frivolous or legally insufficient. *See In re Boesky Securities Litigation*, 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995) (citation omitted). Beyond these considerations, the court does not need to consider the substantive merits of the plaintiff's claim on a motion to amend. *Id.* (citation omitted).

Eligo has not met their burden of establishing the futility of the proposed amendment. *See Ithaca Capital*, 450 F. Supp. 3d at 377; *Leo*, 2025 WL 1591891, at *2. Here, the claims that Eligo moves to dismiss are the same claims that Plaintiffs propose to strike in their proposed amended complaint.

3. *Undue Prejudice*

Plaintiffs argue that Eligo will not suffer undue prejudice from the proposed amendment because the amendment would narrow the class to New York claims. Doc. 248 at 17.[7] Eligo argues that the proposed amendment is prejudicial because they have "already expended over $1 million in legal fees defending this case, including briefing two motions to dismiss the non-New York claims and opposing over a dozen discovery motions." Doc. 256 at 10. Eligo further argues that if Plaintiffs' motion is granted, Eligo will be "forced to re-litigate many of the same issues in different forums, causing unnecessary duplication of efforts and delays, [and] also incur the added burden of fighting collateral estoppel disputes." *Id.*

In determining whether parties would be prejudiced, courts consider whether the amendment would: "(1) require the [defendant] to 'expend significant additional resources to conduct discovery and prepare for trial,' (2) significantly prolong the resolution of the action, or (3) 'prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Cummings-Fowler v. Suffolk County Community College*, 282 F.R.D. 292, 297 (E.D.N.Y. 2012) (quoting *Monahan v. New York City Department of*

---

[7] Plaintiffs also argue that "[e]ven though Eligo already persuaded [this Court] that non-New York claims belong elsewhere, Eligo now seeks to convince Judges Bissoon and Morrison that their cases should be litigated before [this Court] [and] Eligo is basing its 'first-to-file' claim on the fact that the operative complaint here proposes a nationwide class." Doc. 248 at 17.

11

*Corrections*, 214 F.3d 275, 284 (2d Cir. 2000)). Generally, "the [defendant's] burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *United States ex rel. Maritime Administration v. Continental Illinois National Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1255 (2d Cir. 1989) (citation omitted). "Rather, we will be most hesitant to allow amendment where doing so unfairly surprises the [defendant] and impedes the fair prosecution of the claim." *Monahan*, 214 F.3d at 284. "The party opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile." *Cummings-Fowler*, 282 F.R.D. at 296 (citation omitted).

The Court does not find that amendment would unduly prejudice Eligo. As previously discussed, the amendment will not require additional discovery, does not affect any other deadlines, and will not delay resolution of this action. *Dominguez*, 2023 WL 6199861, at *1. Thus, Eligo has not identified how leave to amend in this action would inure to their detriment.

* * *

Accordingly, Plaintiffs' proposed amendment meets the Rule 15 standard.

### B. Motion to Dismiss[8]

Because the Court has granted leave to amend, it denies the motion to dismiss as moot. *See GGC International Limited*, 2025 WL 81319, at *1 ("granting the motion for leave to amend moots the pending motion[] to dismiss.") (citation omitted).

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to file a second amended complaint is GRANTED, and Eligo's motion to dismiss is DENIED as moot.

---

[8] Eligo argues that the proposed amended complaint includes language expressly reserving Plaintiffs' right to later reexpand the class and "[t]hat reservation undermines the utility of the proposed amendment by signaling that Plaintiffs have no intention of abiding by the narrowed scope." Doc. 256 at 12. However, as Plaintiffs explain, this reservation is a standard provision of class action complaints, and a specific class definition is defined only after the Court rules on the Rule 23 motion. Doc. 260 at 12. Plaintiffs also assert the following: "In case there is any lingering doubt, Plaintiffs will make it unequivocal: Plaintiffs will not attempt to adjudicate non-New York claims in this action." *Id.* at 12–13.

The Clerk of Court is respectfully directed to terminate the motions, Docs. 140, 207, 246, 247.

It is SO ORDERED.

Dated:   September 12, 2025
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.