

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

September 23, 2025

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

      Re:     *Brous v. Eligo Energy, LLC*, 24 Civ. 1260 – Letter-Motion to Compel Communications Involving Ramsey Brous

Dear Judge Ramos:

     Eligo requests a pre-motion conference to compel the production of communications between the Plaintiff Anne Brous, the lawyers representing her, and Ms. Brous' adult son, Ramsey Brous, who is not a party to this case and was never an Eligo customer. Those communications are highly relevant because Ramsey has essentially functioned as a "ghost plaintiff" who both initiated and managed this case despite having no interests at stake in the litigation. Meanwhile the actual named plaintiff – Ramsey's mother Anne Brous – testified that she has virtually no knowledge of the case and that she has essentially abdicated her responsibilities as a lead plaintiff to Ramsey. Discovery of the communications between Ramsey, his parents, and the lawyers representing the Plaintiffs are therefore directly relevant to Ms. Brous' adequacy as a lead plaintiff and the accuracy of her factual allegations against Eligo. Despite this, Plaintiffs and their counsel are withholding all such communications from discovery by claiming that their communications with Ramsey are privileged, even though Ramsey admitted that Plaintiffs' counsel did not represent him at the time the communications were made.

**Ramsey Brous' Undisclosed Role as a "Ghost Plaintiff"**

     As Defendants addressed in an earlier letter motion, Plaintiffs initially concealed Ramsey Brous' role as the "ghost plaintiff" by failing to identify him in initial disclosures or other written discovery. *See* Doc. 236 (detailing Plaintiffs' serial failures to disclose Ramsey's identify or role in the case). Plaintiffs also didn't produce any of their communications with Ramsey, even though those documents were plainly responsive to Eligo's requests. *See* RFP No. 1 (requesting "documents evidencing or concerning communications you have had with any person regarding any of the facts and allegations"); RFP Nos. 13-14 (requesting "communications between you and any other person(s) … regarding Defendant or its services"); RFP No. 22 (requesting "documents or communications . . . relating to the allegations in the complaint").

---

| **Atlanta** | **Los Angeles** | **Miami** |
|:---:|:---:|:---:|
| 1055 Howell Mill Road, 8th Floor | 515 S. Flower Street, 19th Floor | 218 NW 24th Street, 3rd Floor |
| Atlanta, GA 30318 | Los Angeles, CA 90071 | Miami, FL 33127 |

    

www.wtlaw.com     Ryan@wtlaw.com     404-782-0695

Ramsey's central role in this case became clear only after his mother was deposed and testified that Ramsey had essentially brainstormed this case, found and retained counsel, and arranged for the filing of this action in his parents' names. Even before that, it was Ramsey who terminated his parents' Eligo account by impersonating his father on at least two calls to Eligo. Ramsey Brous Dep. at 29-30. Ramsey then contacted Plaintiffs' counsel, *id*. at 26, and communicated with then extensively via telephone, email and text. *Id*. at 22-23, 34-35. All of those communications were about this lawsuit, in which Ramsey is not a party and in which he has no personal stake whatsoever. Moreover, Ramsey testified that he was not represented by Plaintiffs' counsel at the time.[1] Ramsey Brous Dep. at 31:11–14.

Ramsey's communications with Plaintiffs' counsel are obviously relevant to how this case came about and, more importantly his mother's lack of knowledge of or involvement in the case. And Ramsey admittedly wasn't represented by Plaintiffs' counsel at that time, so his communications with Plaintiffs' counsel could not have been (and weren't) privileged. That is especially so because Ramsey was never an Eligo customer and never had any personal or financial interest in bringing any claim against Eligo. *Id*. at 31. Moreover, while Ramsey Brous has been in frequent contact with Plaintiffs' counsel, Ms. Brous admitted in her testimony that she has virtually no knowledge of this case and has done essentially nothing to supervise her own lawyers. During her deposition, she was unable to recognize the first amended complaint or to answer even the most basic questions about the course of the litigation. Anne Brous Dep. at 76:6–9, 93:24–94:1, 30:17–20, 30:14–16, 30:21-23. When asked what factual support she could provide for the allegations in the complaint, she responded, "I don't have facts." *Id.* at 77:1–23.

Plaintiffs have not only refused to produce Ramsey's communications in response to Eligo's document requests, but Ramsey has also refused to comply with Eligo's subpoena duces tecum requesting "all communications or other documents concerning this litigation, the allegations therein, the Brous' Eligo service, or defendants, including but not limited to communications between you and Ira Brous or Anne Brous and communications with the Brous Plaintiffs' legal counsel." Neither Ramsey nor his parents' counsel asserted any objections to the requests in the subpoena duces tecum. Yet when Ramsey appeared for his deposition on August 15, 2025, he brought no responsive documents with him, even though he testified that many such documents exist.

Plaintiffs also refuse to produce communications involving Ramsey that were made when Ramsey wasn't represented by Plaintiffs' counsel. So, even if such communications might otherwise have been privileged, Ramsey's presence destroys that privilege. *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252

---

[1] At his deposition, Ramsey initially testified that Plaintiffs' counsel did not start representing him until Eligo's request to take his deposition, which occurred just a few months ago. Ramsey Brous Dep. at 31:11–14 (Q. Okay. So they would have started representing you in response to our request to take your deposition? A. I believe that's correct."). But later in his deposition, and after taking a 14-minute break during which he conferred with Plaintiffs' counsel, Ramsey tried to recant that clear testimony and said he retained Plaintiffs' counsel all the way back in 2023. Ramsey's attempt to revise his own sworn, unequivocal testimony holds no water, first because it was obviously coached during a break, and second because it makes no sense. Ramsey had no reason to retain Plaintiffs' counsel when he first contacted them in 2023 because he was not an Eligo customer, had no claims against Eligo, and couldn't have been seeking legal advice about this lawsuit. Ramsey admittedly contacted Plaintiffs' counsel not for himself, but to evaluate his parents' potential claims against Eligo.

F.R.D. 163, 168 (S.D.N.Y. 2008) (quoting *People v. Osorio,* 75 N.Y.2d 80, 84 (1989) ("Generally, communications made between a [party] and counsel in the known presence of a third party are not privileged.") So, any communications between Plaintiffs and their counsel must be produced, to the extent Ramsey was a party to those communications or the communications were shared with him afterwards.

Moreover, this is not a case in which Ramsey's presence necessary to act as an interpreter or to help incapacitated or elderly parents; in fact, Ramsey testified that his mother understood English better than him and that she suffered from no cognitive impairments. Ramsey Brous Dep. at 43:15–23. That stands to reason because Anne Brous (just like her late husband Ira) is a highly educated former college professor. Ramsey's parents never needed his help to seek legal counsel, to file a lawsuit over their Eligo bills, or to act as a "ghost plaintiff" in a putative class action. He chose to do so anyway and thereby injected himself into the very heart of this case. That decision – and his parents' acquiescence in it – makes his communications with both his parents and with Plaintiffs' counsel highly relevant to numerous issues and fully discoverable.

For the foregoing reasons, we respectfully request a pre-motion conference to compel the production of Ramsey's communications concerning Eligo and this litigation.

Respectfully,

*/s/ Ryan Watstein*
Ryan Watstein