Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2              FOR THE SOUTHERN DISTRICT OF NEW YORK
 3      IRA BROUS, AND MICHELLE SCHUSTER,
 4      ON BEHALF OF THEMSELVES AND ALL
 5      OTHERS SIMILARLY SITUATED,
 6
 7          Plaintiffs,
 8      V                                Case No.:  1:24-CV-01260
 9      ELIGO ENERGY, LLC AND ELIGO
10      ENERGY NY, LLC
11          Defendants,
12      _____X
13              DEPOSITION OF:  JOSEPH RAMSEY BROUS
14              DATE:           August 15, 2025
15              TIME:           10:10 a.m. to 11:40 a.m.
16              VENUE:          Regus
17                              125 East State Street
18                              Ithaca, New York 14850
19
20
21      Reported by Cari Roraback
22
23
24
```

Joseph Ramsey Brous                                August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 22

1    time you spoke with a lawyer at the McInturff firm?
2         A.   I -- no, I don't know the exact
3    date, if that's what you're asking.
4         Q.   Well, I guess -- I'll be more
5    specific.  Do you know if it was in 2023 or 2024?
6         A.   Oh, it was in 2023.
7         Q.   Okay.  And how -- how did that
8    conversation occur, over the phone or in person?
9         A.   Over the phone.
10        Q.   And do you remember who you spoke
11   to?
12        A.   Burkett.
13        Q.   Okay.  And who was present during
14   that conversation on the phone?
15        A.   My mother.
16        Q.   Okay.  So it was you, your mother
17   and Burkett?
18        A.   Correct.
19        Q.   Okay.  Do you remember how many
20   conversations you had in -- in approximately with
21   counsel before the lawsuit was filed?
22        A.   I honestly couldn't tell you.
23        Q.   More than five?
24        A.   Possibly.

Joseph Ramsey Brous                                          August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 23

1  Q. Okay. And who was present on those
2  calls? Certainly you?
3  A. Yes.
4  Q. And was your mother present on every
5  one of those calls?
6  A. I -- I don't recall.
7  Q. Was your father present on any of
8  those calls?
9  A. I don't believe so.
10 Q. And going back briefly to the Third-
11 Party Verification, is it your testimony that you have -
12 - you have heard it or you're not sure if you've ever
13 heard the Third-Party Verification?
14 MR. MARTIN: Objection. Asked and
15 answered.
16 Q. You can answer the question.
17 A. Yeah, I do think I answered that
18 earlier.
19 Q. Okay. But I -- I guess I'm not a
20 hundred percent clear on it. I -- I just want to know
21 whether you have a specific recollection of listening to
22 the Third-Party Verification call ever.
23 MR. MARTIN: Same objection.
24 Q. Would it help you to hear it?

Case 1:24-cv-01260-ER   Document 277-1   Filed 09/23/25   Page 4 of 11

Joseph Ramsey Brous                                            August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 26

1   Q. Is it fair to say, then, that your
2   desire to meet with lawyers about the Eligo matter was
3   driven by the price of your parents' bill alone?
4           MR. MARTIN: Objection. Again, I just
5   want to caution you to not reveal any substance of any
6   communication with lawyers or why you were seeking their
7   advice.
8           A. I have no desire to meet with
9   lawyers.
10          Q. That wasn't my question, though.
11          A. Oh, I'm sorry.
12          Q. Yeah. My -- my question was, you --
13  you originally contacted counsel in this case, right?
14          A. Correct.
15          Q. Okay. So what I'm trying to figure
16  out is, was the reason that you and your family
17  contacted counsel about Eligo driven by the price of
18  your parents' bills alone?
19          MR. MARTIN: Same objections and caution,
20  please.
21          A. My reason for contacting counsel was
22  to possibly get compensation for overcharges for my
23  parents.
24          Q. And do you have an understanding of

Case 1:24-cv-01260-ER   Document 277-1   Filed 09/23/25   Page 5 of 11

Joseph Ramsey Brous                                August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 29

1   A.   Correct.
2   Q.   And have you been, for your home
3   service, with any other ESCOs?
4   A.   Yes.
5   Q.   Which other ESCOs?
6   A.   I don't recall.
7   Q.   Okay. And have you -- have you
8   taken any issue with how Empire calculates your rates?
9   A.   No.
10  Q.   And do you know how Empire
11  calculates your rates?
12  A.   I -- I would have to look. I
13  believe it's like a nine max plus or a nine max minus
14  kind of situation.
15  Q.   Okay. And that's for both home and
16  work?
17  A.   Correct.
18  Q.   Okay. And -- and so -- okay. So
19  then your understanding of how you thought that the
20  Eligo rates would be calculated was based on your
21  interaction primarily with Empire then?
22  A.   I suppose.
23  Q.   And you called Eligo impersonating
24  your father at some point, didn't you?

Case 1:24-cv-01260-ER   Document 277-1   Filed 09/23/25   Page 6 of 11

Joseph Ramsey Brous                                      August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 30

1     A.  I suppose you could call it
2  impersonating.
3     Q.  Okay.  How many times did you do
4  that?
5     A.  Once or twice, probably twice.
6     Q.  And you didn't have any sort of
7  Power of Attorney for your father, did you?
8     A.  Not at that time.
9     Q.  Did you later?
10    A.  I did.
11    Q.  When did that come about?
12    A.  Power of Attorney?
13    Q.  Yes.
14    A.  I can't give you the exact date, but
15 sometime between that and when he died.
16    Q.  So, was it before the lawsuit was
17 filed?
18    A.  No.
19    Q.  After that?
20    A.  Correct.
21    Q.  Okay.  Are you represented here
22 today?
23    A.  Yes.
24    Q.  By whom?

Joseph Ramsey Brous August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 31

1      A.   The same law firm that filed the
2  lawsuit, I believe.
3      Q.   Okay.  When did they start
4  representing you?
5      A.   I -- I can't remember the exact
6  date.  Sometime within the last year.
7      Q.   Okay.  Did they start repre -- what
8  -- what caused them to start representing you?  Was it
9  our desire to take your deposition?
10     A.   I believe that's the case.
11     Q.   Okay.  So they would have started
12 representing you in response to our request to take your
13 deposition?
14     A.   I believe that's correct.
15     Q.   Do you have an engagement letter
16 with them?
17     A.   On me?
18     Q.   No, not on you.  Do you -- do you --
19 does one exist?
20     A.   I believe so.
21     Q.   Did you -- so your -- you said, I
22 believe so.  Have you signed an engagement letter with
23 the law firm?
24     A.   I believe I did.

Case 1:24-cv-01260-ER   Document 277-1   Filed 09/23/25   Page 8 of 11

Joseph Ramsey Brous                              August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 34

1    A.   That's not what I'm saying.
2    Q.   Okay. So can you approximate the
3    number of phone calls that you've had with counsel?
4    A.   Ten.
5    Q.   And on some of those phone calls, it
6    was just you, correct, not your parents?
7    A.   On some.
8    Q.   And as far as you can remember, your
9    father was not on those calls, right?
10   A.   Correct.
11   Q.   And those phone calls date back to
12   2023, yes?
13   A.   That sounds correct.
14   Q.   Of the approximately ten phone calls
15   that you've had with counsel, how many of them would
16   have been before the lawsuit was filed?
17   A.   I don't know.
18   Q.   How many phone calls have you had
19   with counsel since Anne's deposition?
20   A.   I don't recall. Maybe one.
21   Q.   When you met with counsel yesterday,
22   did you review any written materials?
23   A.   One item.
24   Q.   What item was that?

Joseph Ramsey Brous                                      August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 35

1      A.  Notice of deposition, I believe it
2  was called.
3      Q.  Okay.  Have you read your mother's
4  deposition transcript?
5      A.  I have not.
6      Q.  Have you spoken with her about the
7  deposition?
8      A.  Not about the substance.  I knew
9  that she had done it.
10     Q.  Have you communicated with counsel
11 by text ever?
12     A.  Yes.
13     Q.  How about -- and then by email too,
14 yes?
15     A.  Yes.
16     Q.  Okay.  And if -- if you've had
17 around ten phone calls with them, I would imagine that
18 you've had a lot more emails than that, right?
19     A.  I don't know the number.
20     Q.  Okay.  Did you review the complaint
21 before it was filed in this case?
22     A.  No.
23     Q.  What -- be -- before your mother's
24 deposition, what was the substance of what you discussed

Joseph Ramsey Brous August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 43

1     A.   I have no idea.
2     Q.   Okay. Do you understand whether
3 your mother would have to pay anything in that event?
4     A.   My understanding is that she would
5 not have to pay anything in any event.
6     Q.   Okay. And what about your
7 arrangement with counsel? Are you paying counsel --
8     A.   No.
9     Q.   -- to represent you? I'm sorry?
10     A.   No, I am not.
11     Q.   Okay. What is -- what is the goal
12 of this lawsuit, in your view?
13     A.   To compensate the class of damaged
14 individuals from the overcharges from Eligo.
15     Q.   And your mother is fully capable of
16 reading, writing and speaking English, right?
17     A.   Better than me.
18     Q.   And she has no disability that
19 prevents her from communicating with lawyers, right?
20     A.   She has no disabilities.
21     Q.   And she has no cognitive impairment,
22 right?
23     A.   None of which I'm aware of.
24     Q.   And you weren't present when she

Joseph Ramsey Brous  August 15, 2025
Brous, Et Al. Vs. Eligo Energy, LLC, Et Al.

Page 58

1    I, CARI RORABACK, do hereby certify that the foregoing
2    testimony of JOSEPH RAMSEY BROUS was taken by me, in the
3    cause, at the time and place, and in the presence of counsel,
4    as stated in the caption hereto, at Page 1 hereof; that
5    before giving testimony said witness was duly sworn to
6    testify the truth, the whole truth and nothing but the truth;
7    that the foregoing typewritten transcription, consisting of
8    pages number 1 to 56, inclusive, is a true record prepared by
9    Associated Reporters Int'l., Inc. from materials provided by
10   me.

*Cari Roraback*

17   CARI RORABACK, Reporter