

Ryan Watstein<br>
Ryan@wtlaw.com<br>
404-782-0695

September 24, 2025

**VIA ECF**

Hon. Edgardo Ramos
U.S. District Court for the Southern District of New York
40 Foley Square
Courtroom 619
New York, NY 10007

    Re:    *Brous v. Eligo Energy, LLC*, 24 Civ. 1260

            Unopposed Motion to Seal/Unseal Portions of Plaintiffs' Letter Motion Regarding Discovery for Eligo's Hedging Costs and Exhibits Thereto (ECF Nos. 266, 268)

Dear Judge Ramos:

    We write regarding the provisionally sealed portions of Plaintiffs' letter motion regarding discovery for Eligo's hedging costs (ECF Nos. 266, 268). Defendants have now had the opportunity to review the provisionally sealed information and contend that only the below information should remain sealed:

| ECF Nos. (Title) | Confidentiality Designation | Basis for Sealing |
|---|---|---|
| 266-2 (Excerpts from Glotzbach Deposition Transcript) | The entire exhibit | Testimony about the data Defendants use to set rates, their internal operating policies and procedures, and their hedging strategies and limits, which is of a highly commercially- and competitively-sensitive nature. |
| 266-3 (RMPC Report) | The entire exhibit | Report about Defendants' financials, internal operations, reporting, hedging, and rate setting, which is of a highly commercially- and competitively-sensitive nature. |

    Allowing such information to be kept under seal will serve the interests of justice because it is non-public, proprietary, and highly sensitive commercial information, the public disclosure of which could reasonably be expected to injure Defendants. *See, e.g., GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (sealing documents "contain[ing] highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting"); *In re Zyprexa*

---

**Atlanta**
1055 Howell Mill Road, 8th Floor
Atlanta, GA 30318

**Los Angeles**
515 S. Flower Street, 19th Floor
Los Angeles, CA 90071

**Miami**
218 NW 24th Street, 3rd Floor
Miami, FL 33127

 www.wtlaw.com      Ryan@wtlaw.com      404-782-0695

*Injunction*, 474 F. Supp. 2d 385, 424-25 (E.D.N.Y. 2007) (allowing for sealing of "confidential proprietary material and trade secrets" that posed "a significant risk of harm" to company operating in a competitive marketplace). Acknowledging this, the Court already permitted the sealing of similar information. *See, e.g.,* ECF No. 228.

      Defendants thus ask that the exhibits identified in the chart above (ECF No. 266-2 and 266-3) be sealed for the duration set forth in the Protective Order. ECF No. 38 ("This Protective Order shall survive the termination of the litigation."). The provisionally sealed information in the letter motion and its first Exhibit (ECF Nos. 266/268, 266-1) should be publicly filed. Plaintiffs do not oppose this request.

      Respectfully,

      */s/ Ryan Watstein*
      Ryan Watstein