**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ANNE BROUS, AS THE EXECUTOR OF THE ESTATE OF IRA BROUS and MICHELL SCHUSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELIGO ENERGY, LLC and ELIGO ENERGY NY, LLC, | Case No. 1:24-cv-01260-ER |

**DEFENDANTS ELIGO ENERGY, LLC AND ELIGO ENERGY NY, LLC'S**
**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

Defendants Eligo Energy, LLC and Eligo Energy NY, LLC ("Eligo NY") (collectively "Defendants"), hereby submit their Answer and Affirmative Defenses to Plaintiffs Anne Brous, as the executor of the estate of Ira Brous, and Michelle Schuster's (collectively, "Plaintiffs") Second Amended Class Action Complaint ("Complaint") as follows:

**NATURE OF THE CASE[1]**

1.      Defendants admit that Plaintiffs purport to bring this action on behalf of commercial and residential electricity and natural gas customers in New York. As to the remaining allegations, denied.

2.      Defendants admit that Eligo NY is an ESCO that sells electricity and natural gas in New York. As to the remaining allegations, denied.

---

[1] For the Court's convenience, Defendants have incorporated the "headings" that appear in the Complaint. But Defendants do not necessarily agree with and do not admit to the characterizations of such headings unless specifically admitted herein; nor do Defendants waive any right to object to those characterizations.

3.      Defendants admit that Plaintiffs purport to partially describe and characterize contracts Eligo NY entered into with Plaintiffs. Eligo NY's contracts with Plaintiffs speak for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

4.      Denied.

5.      Denied.

6.      Denied.

7.      Defendants admit that Plaintiffs purport to characterize the deposition testimony of Eligo NY's corporate representative. The referenced deposition testimony speaks for itself, and Defendants deny any allegations inconsistent with such testimony. As to any remaining allegations, denied.

8.      Denied.

9.      Denied.

10.      Defendants admit that Plaintiffs purport to seek damages, restitution, statutory penalties, and declaratory and injunctive relief for their claims on behalf of a purported class. As to the remaining allegations, denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

11.      Denied.

## PARTIES

12.      Defendants admit that Mr. Brous enrolled to receive electricity services with Eligo NY in July 2017, received a fixed rate until in and around January 2018, and then switched to a variable rate until he canceled his account in and around November 2023. Defendants lack sufficient knowledge or information to form a belief about the truth of Mr. Brous's address and,

therefore, deny it. As to the remaining allegations, denied.

13.     Denied.

14.     Defendant admits that Mr. Brous filed the original complaint against Defendants in this action on February 20, 2024, as reflected in ECF No. 1. Defendant further admits that, following Mr. Brous's passing, the Court entered an order on April 22, 2025, substituting his widow, Anne Brous, as Plaintiff in her capacity as the executor of his estate, pursuant to ECF No. 192. As to the remaining allegations, denied.

15.     Defendants admit that Ms. Schuster enrolled to receive electricity services with Eligo NY in October 2016, received a fixed rate until in and around January 2017, and then switched to a variable rate until she canceled her account in and around November 2023. Defendants lack sufficient knowledge or information to form a belief about the truth of Ms. Schuster's current address and, therefore, deny it. As to the remaining allegations, denied.

16.     Denied.

17.     Defendants admit the allegations concerning Eligo Energy, LLC. Defendants deny the allegations concerning the membership of I2R Holdings and its subsidiaries.

18.     Admitted.

19.     Defendants admit that Eligo Energy, LLC has certain operating affiliates, some of which are identified in paragraph 19, and admit that Eligo Energy, LLC generally provides operating support to its affiliates. Plaintiffs purport to characterize the deposition testimony of Eligo NY's corporate representative. The referenced deposition testimony speaks for itself, and Defendants deny any allegations inconsistent with such testimony. As to any remaining allegations, denied.

20.     Defendants admit that Plaintiffs purport to characterize the deposition testimony of

Eligo NY's corporate representative. The referenced deposition testimony speaks for itself, and Defendants deny any allegations inconsistent with such testimony. As to any remaining allegations, denied.

21.     Defendants admit that Plaintiffs purport to partially describe and characterize the cover letter Plaintiffs received in their welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. As to any remaining allegations, denied.

22.     Defendants admit that Plaintiffs purport to partially describe and characterize invoices reflecting charges for Ms. Schuster's electricity supply. The referenced invoices speak for themselves, and Defendants deny any allegations inconsistent with such invoices. As to any remaining allegations, denied.

23.     Defendants admit that Plaintiffs purport to partially describe and characterize invoices from various New York entities. The referenced invoices speak for themselves, and Defendants deny any allegations inconsistent with such invoices. As to any remaining allegations, denied.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

24.     These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited federal statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied.

### Personal Jurisdiction

25.     These allegations are not well-pleaded facts but legal conclusions that require no

response. To the extent a response is required, admitted as to Eligo NY and denied as to Eligo Energy, LLC.

***Venue***

26.     These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited federal statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, admitted as to New York customers and denied as to all non-New York customers who signed venue selection clauses for the states in which they received services.

## FACTUAL ALLEGATIONS

**A.     The History Of Deregulation And ESCOs' Role In Energy Markets**

27.     Defendants admit that the referenced jurisdictions deregulated the market for retail energy supply in the 1990s and 2000s. The referenced state laws, regulations, and legislative histories speak for themselves, and Defendants deny any allegations inconsistent with them. As to any remaining allegations, denied.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

30.     These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, denied.

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

32.     Defendants lack sufficient knowledge or information to form a belief about the truth

of these allegations and, therefore, deny them.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

38.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

39.    Denied as to Defendants. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

40.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

41.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

42.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

43.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

44.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

45.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

46.     Denied.

47.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

48.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

49.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

50.     Denied.

51.     Denied.

52.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

53.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

54.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

55.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

**B.    Former Plaintiff Ira Brous's Dealings With Eligo**

56.     Defendants admit that Plaintiffs purport to partially describe and characterize the cover letter Mr. Brous received in his welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. Defendants admit that Mr. Brous enrolled with Eligo NY for electricity services in the summer of 2017 in response to a solicitation. As to any remaining allegations, denied.

57.    Defendants admit that Eligo NY supplied electricity to Plaintiff Brous's residence after Mr. Brous enrolled until he canceled in and around November 2023. As to any remaining allegations, denied.

58.    Defendants admit that Eligo NY charged Mr. Brous a fixed rate until in and around January 2018 and afterward charged him a variable rate until he canceled his account. As to any remaining allegations, denied.

**C.    Plaintiff Michelle Schuster's Dealings With Eligo**

59.    Defendants admit that Plaintiffs purport to partially describe and characterize the cover letter Ms. Schuster received in her welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. Defendants admit that Ms. Schuster enrolled with Eligo NY for electricity services in the fall of 2016 in response to a solicitation. As to any remaining allegations, denied.

60.    Defendants admit that Eligo NY supplied electricity to Plaintiff Schuster's residence after Ms. Schuster enrolled until she canceled in and around November 2023. As to any remaining allegations, denied.

61.    Defendants admit that Eligo NY charged Ms. Schuster a fixed rate until in and around January 2017 and afterward charged her a variable rate until she canceled her account. As to any remaining allegations, denied.

**D.    Eligo's Unauthorized Pricing Practices**

62.    Defendants admit that Plaintiffs purport to partially describe and characterize the "Terms of Service" that Plaintiffs received in their welcome packets. The Terms of Service speaks for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

63.    Defendants admit that Plaintiffs purport to partially describe and characterize many different contracts Eligo NY entered into with its electricity customers over time. Eligo NY's contracts speak for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Defendants admit that Plaintiffs purport to partially describe and characterize many different contracts Eligo NY entered into with its electricity customers over time. Eligo NY's contracts speak for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

68.    Defendants admit that Plaintiffs purport to partially describe and characterize invoices reflecting charges for Plaintiffs' electricity supply. The referenced invoices speak for themselves, and Defendants deny any allegations inconsistent with such invoices. As to any remaining allegations, denied.

69.    Denied.

70.    Defendants admit that Eligo NY buys energy from third parties. As to the remaining allegations, denied.

71.    Denied.

72.    Denied.

***Benchmark One: The Local Utility's Contemporaneous Supply Rate***

73.    Denied.

74.    Denied.

75.     Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Mr. Brous a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

76.     Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Mr. Brous a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

77.     Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Ms. Schuster a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

78.     Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Ms. Schuster a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

79.     Denied.

80.     Denied.

81.     Denied.

***Benchmark Two: Eligo's Own Fixed Rates***

82.    Defendants admit that Eligo NY's fixed rates generally are lower than its variable rates. As to the remaining allegations, denied.

83.    Defendants admit that Eligo NY's fixed rates generally are lower than its variable rates. As to the remaining allegations, denied.

84.    Denied.

85.    Denied.

***Benchmark Three: Market Supply Costs***

86.    Denied.

87.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Plaintiffs a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

88.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

89.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

90.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Mr. Brous a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

91.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Mr. Brous a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

92.    Denied.

93.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Mr. Brous a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

94.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Ms. Schuster a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

95.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Ms. Schuster a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

96.    Defendants admit that the referenced table purports to show various pricing data, including the variable rates Eligo NY charged. Defendants admit that Eligo NY charged Ms.

Schuster a variable rate that changed month to month over the applicable period. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations and, therefore, deny them.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

**E.    Eligo's Unauthorized Monthly Fees**

111. Denied.

112. Defendants admit that Plaintiffs purport to partially describe and characterize contracts Eligo NY entered into with Plaintiffs. Those contracts speak for themselves, and Defendants deny any allegations inconsistent with the contracts' terms. As to any remaining

allegations, denied.

113.    Defendants admit that Plaintiffs purport to partially describe and characterize invoices reflecting charges for Ms. Schuster's electricity supply. The referenced invoices speak for themselves, and Defendants deny any allegations inconsistent with such invoices. As to any remaining allegations, denied.

114.    Denied.

**F.    Eligo Violated New York's Variable Rate Disclosure Law**

115.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

116.    Denied.

117.    Defendants admit that Plaintiffs purport to partially describe and characterize part of the welcome packet they received. The welcome packet speaks for itself, and Defendants deny any allegations inconsistent with the welcome packet. As to any remaining allegations, denied.

**G.    Tolling Of The Statute Of Limitations**

*A.    Continuing Violation Tolling Allegations*

118.    Denied.

*B.    Fraudulent Concealment Tolling*

119.    Denied.

120.    Denied.

*C.    Estoppel Tolling*

121.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, denied.

122.    Denied.

123.    Denied.

*D.*    *Discovery Rule Tolling*

124.    Denied.

125.    Denied.

126.    Denied.

## CLASS ACTION ALLEGATIONS

127.    Defendants admit that Plaintiffs purport to bring this action on behalf of a New York class. Defendants deny the remaining allegations and specifically deny that any class is authorized by Federal Rule of Civil Procedure 23.

128.    Denied.

129.    Defendants admit that Plaintiffs purport to exclude certain individuals enumerated in this paragraph from the purported class. Defendants deny the remaining allegations and specifically deny that any class is authorized by Federal Rule of Civil Procedure 23.

130.    Defendants admit that Plaintiffs purport to reserve the right to modify or amend the purported class and subclass when they file their motion for class certification. Defendants deny the remaining allegations and specifically deny that any class is authorized by Federal Rule of Civil Procedure 23.

131.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations concerning Plaintiffs' knowledge and belief and, therefore, deny them. As to any remaining allegations, denied.

132.    Defendants admit Plaintiffs purport to anticipate providing notice to each class member in compliance with all applicable federal rules. Defendants deny the remaining allegations and specifically deny that any class is authorized by Federal Rule of Civil Procedure 23.

133.    Denied.

134.    Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

## CAUSES OF ACTION

### COUNT I
**Breach Of Contract Under New York Law**
**(On Behalf Of The Class)**

141.    Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

142.    Denied.

143.    Admitted that Plaintiffs and other New York customers entered various contracts with Eligo NY for the provision of electricity. As to the remaining allegations, denied.

144.    Defendants admit that Plaintiffs purport to partially describe and characterize many different contracts Eligo NY entered into with its electricity customers over time, and state that those contracts had materially different terms. Eligo NY's contracts speak for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

145.    Denied.

146.     Defendants lack sufficient knowledge or information to form a belief about the truth of these allegations and, therefore, deny them.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Defendants admit that Plaintiffs purport to partially describe and characterize the cover letters Plaintiffs received in their welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. As to any remaining allegations, denied.

152.     Defendants admit that Plaintiffs purport to partially describe and characterize the cover letters Plaintiffs received in their welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. As to any remaining allegations, denied.

153.     Denied.

154.     Denied.

## COUNT II
### In The Alternative, Breach Of The Implied Covenant Of Good Faith And Fair Dealing (On Behalf Of The Class)

155.     Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

156.     Admitted that Plaintiffs and other New York customers entered various contracts with Eligo NY for the provision of electricity. As to the remaining allegations, denied.

157.    Defendants admit that Plaintiffs purport to plead Count II in the alternative to Count I. The remaining allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

163.    Denied.

164.    Denied.

165.    Defendants admit that Plaintiffs purport to partially describe and characterize the cover letters Plaintiffs received in their welcome packet. The cover letters speak for themselves, and Defendants deny any allegations inconsistent with the cover letters. As to any remaining allegations, denied.

166.    Defendants admit that Plaintiffs purport to partially describe and characterize the cover letters Plaintiffs received in their welcome packet. The cover letters speak for themselves, and Defendants deny any allegations inconsistent with the cover letters. As to any remaining allegations, denied.

167.    Denied.

168.    Denied.

## COUNT III
### Violation Of New York General Business Law § 349
### (On Behalf Of The Class)

169.    Defendants incorporate by reference all their foregoing responses as if fully set

forth herein.

170. Defendants admit that Plaintiffs purport to bring this claim on behalf of a New York class. Defendants deny the remaining allegations and specifically deny that any class is authorized by Federal Rule of Civil Procedure 23.

171. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, denied and expressly denied that Plaintiffs and the

purported class are entitled to any relief whatsoever.

187.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

188.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

189.    Denied.

190.    Denied.

### COUNT IV
**Violation Of New York General Business Law § 349-d(3)**
**(On Behalf Of Plaintiffs And The Class)**

191.    Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

192.    Defendants admit that Plaintiffs purport to bring this action on their own behalf and on behalf of a purported class. As to any remaining allegations, denied and specifically denied that any class is authorized by Federal Rule of Civil Procedure 23.

193.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied.

194.    Admitted that Plaintiffs and other New York customers entered various contracts with Eligo NY for the provision of electricity. As to the remaining allegations, denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    Denied.

201.    Denied.

202.    Denied.

203.    Denied.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

209.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

210.    Denied.

211.    Denied.

**COUNT V**
**Violation Of New York General Business Law § 349-d(7)**
**(On Behalf Of Plaintiffs And The Class)**

212.    Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

213.    Defendants admit that Plaintiffs purport to bring this action on their own behalf and on behalf of a purported class. As to any remaining allegations, denied and specifically denied that any class is authorized by Federal Rule of Civil Procedure 23.

214.    These allegations are not well-pleaded facts but legal conclusions that require no response. To the extent a response is required, the cited statute speaks for itself, and Defendants deny any allegations inconsistent with the statute. As to any remaining allegations, denied.

215.    Denied.

216.    Defendants admit that Plaintiffs purport to partially describe and characterize the cover letters Plaintiffs received in their welcome packet. The cover letter speaks for itself, and Defendants deny any allegations inconsistent with the cover letter. As to any remaining allegations, denied.

217.    Denied.

218.    Defendants admit that Plaintiffs purport to partially describe and characterize many different contracts Eligo NY entered into with its electricity customers over time. Eligo NY's contracts speak for themselves, and Defendants deny any allegations inconsistent with their terms. As to any remaining allegations, denied.

219.    Denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

220.    Denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

221.    Defendants admit that Plaintiffs purport to seek an order under N.Y. Gen. Bus. Law § 349-d(10). As to any remaining allegations, denied and expressly denied that Plaintiffs and the purported class are entitled to any relief whatsoever.

222.    Denied.

223.    Denied.

### COUNT VI
### In The Alternative, Unjust Enrichment
### (On Behalf Of The Class)

224.    Defendants incorporate by reference all their foregoing responses as if fully set forth herein.

225.    Defendants admit that Plaintiffs purport to plead Count VI in the alternative to Count I. As to the remaining allegations, denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

### PRAYER FOR RELIEF

Defendants deny the allegations in Plaintiffs' unnumbered "Prayer for Relief" and specifically deny that Plaintiffs or any purported class are entitled to any relief whatsoever.

### JURY DEMAND

Defendants deny that any of the allegations set forth in the Complaint allege triable issues against Defendants.

## GENERAL DENIAL

Defendants deny any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendants do not admit that they bear the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Subject to Terms of Service, Including Arbitration)

Plaintiffs' and/or the putative class's claims are barred in whole or in part by the applicable terms and conditions, including without limitation liability limitations, arbitration provisions, and class action waivers.

## THIRD AFFIRMATIVE DEFENSE

### (Economic Loss and Voluntary Payment Doctrines, Assumption of Risk)

Plaintiffs are barred in whole or in part by the economic loss doctrine, the voluntary payment doctrine, and/or the acceptance of benefits with full knowledge of material facts. Plaintiffs knowingly and voluntarily agreed to pay a variable rate for the supply of electricity and/or gas from Defendants, appreciated the nature of the risk of agreeing to pay a variable rate for electricity, and voluntarily assumed the risk of agreeing to electricity prices that were based upon a variable rate.

## FOURTH AFFIRMATIVE DEFENSE

### (Ratification, Acquiescence, Quasi-Estoppel, Waiver, and Unclean Hands)

Plaintiffs are barred from asserting their claims, in whole or in part, by the doctrines of ratification, acquiescence, waiver, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

Defendants have fully performed any and all of their contractual and other duties, express and implied, to Plaintiffs, and Plaintiffs are thus estopped to assert any cause of action against them.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiffs and the purported class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches, Failure to Promptly Dispute)

Plaintiffs' claims are barred in whole or in part by laches and/or their failure to promptly dispute charges for goods.

## EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

Defendants did not proximately cause any damages, injury, or violation alleged in the

Complaint. Instead, any purported damages allegedly sustained by Plaintiffs or any putative class members were the direct and proximate result of the risk that they knowingly, intentionally, and voluntarily assumed by contracting to be charged a variable rate for electricity and/or gas.

## TENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiffs' claims are barred in whole or in part because they lack Article III standing, class standing, and/or statutory standing to bring the claims alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

To the extent that Plaintiffs or any putative class members are or were required to exhaust any administrative remedies before pursuing this action but failed to do so, such failure bars this action.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiffs for which Defendants cannot be held vicariously liable. Further, Defendants did not authorize, ratify, encourage, participate in, aid, abet, or assist in certain conduct of which the Complaint complains and cannot be held liable for it. As such, Defendants cannot be held vicariously liable, and their liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

Plaintiffs' and/or the putative class's claims are barred in whole or in part because

Defendants' business practices and conduct comply with and may be expressly authorized by applicable state law.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The Complaint violates Defendants' right to procedural and substantive due process under the Fourteenth Amendment to the United States Constitution and the Constitution of the State of New York, and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Right to Equal Protection)

The Complaint violates Defendants' right to equal protection under the law under both the United States Constitution and the Constitution of the State of New York and therefore fails to state a basis upon which either punitive or exemplary damages can be awarded.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Excessive Fines)

The Complaint violates Defendants' rights to protection against excessive fines under the United States Constitution and the Constitution of the State of New York and, therefore, fails to state a basis upon which either punitive or exemplary damages can be awarded.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Basis for Punitive Damages)

Plaintiffs have not alleged facts sufficient to form a basis for a punitive damages award for any cause of action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Regulatory Estoppel)

Plaintiffs' claims are barred by the doctrine of regulatory estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Offset)

Plaintiffs' damages, if any, should be offset by any amounts owed to Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiffs cannot satisfy the prerequisites set forth in Federal Rule of Civil Procedure 23 to maintain this action as a class action. Further, Defendants thereby give notice that in the event that this Court certifies a class, which Defendants deny would be appropriate, they reserve the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Personal Jurisdiction)

The Court lacks personal jurisdiction over the claims of out-of-state putative class members who did not contract with Eligo NY and have no relevant jurisdictional connection to the state of New York.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendants have not knowingly or intentionally waived any applicable defenses and hereby give notice that they intend to rely on such other and further affirmative defenses as may become available during discovery in this action. Defendants reserve the right to amend their Answer to

assert any such defense.

## Prayer for Relief

**WHEREFORE**, Defendants pray for judgment as follows:

1.      That Plaintiffs take nothing from Defendants by reason of this Complaint, and that judgment be entered in favor of Defendants;

2.      For dismissal of the Complaint with prejudice;

3.      That the Court award costs and reasonable attorneys' fees;

4.      For such other relief as the Court deems just and proper.


Dated: September 30, 2025      Respectfully submitted,

*/s/ Ryan D. Watstein*_____

Ryan D. Watstein (*pro hac vice*)
David Meadows (*pro hac vice*)
Abigail Howd (*pro hac vice*)
Leo P. O'Toole
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
dmeadows@wtlaw.com
ahowd@wtlaw.com
lotoole@wtlaw.com

*Attorneys for Defendants Eligo Energy, LLC*
*and Eligo Energy NY, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I caused a true and correct copy of the foregoing to be served via email to all counsel of record as follows:

Greg Blankenship
Erin Kelley
FINKELSTEIN, BLANKENSHIP, FREI-PEARSON & GARBER, LLP
1 North Broadway
White Plains, New York 10601
gblankinship@fbfglaw.com
ekelley@fbfglaw.com

J. Burkett McInturff
WITTELS MCINTURFF PALIKOVIC
305 Broadway, 7th Floor
New York, New York 10007
jbm@wittelslaw.com

_/s/ Ryan D. Watstein_
Ryan D. Watstein