

October 3, 2025

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

Re:     <u>*Brous, et al. v. Eligo Energy, LLC, et al.*, 24 Civ. 1260 (ER)</u>

Dear Judge Ramos,

We write on behalf of Plaintiffs and the Proposed Class in opposition to Eligo's letter motion to compel production of privileged communications between Ramsey Brous, a non-party, and his counsel. *See* ECF No. 277. The Court should deny this motion without a pre-motion conference for three reasons. First, Eligo brought its motion to the wrong court. Second, the communications are unquestionably privileged. Third, the true purpose of the motion is harassment.

    **A.  This Motion Must Be Brought In The Northern District Of New York**

The Court should summarily deny Eligo's motion because Eligo filed it in the wrong court. Eligo subpoenaed Ramsey Brous, a non-party, and now seeks to compel production of privileged documents sought by that subpoena. This motion must be filed in the district where the place of compliance is located. Ramsey resides in Ithaca, which is in the Northern District of New York. The place of compliance identified on his subpoena is "Zoom," and his deposition occurred in Ithaca. *See* **Ex. A**. Thus, the place of compliance is Ramsey's residence in Ithaca. *See Peoples Bank SB v. Reliable Fast Cash, LLC*, No. 18 Misc. 2249, 2018 WL 11587010, at *1 (E.D.N.Y. Nov. 27, 2018) ("Where, as here, a motion to compel compliance with a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); *Marshall Project, Inc. v. City of Cleveland*, No. 24 MC 309, 2024 WL 4589667, at *2 (S.D.N.Y. Oct. 28, 2024) ("Courts in the Second Circuit tend to hold that compliance occurs at the residence of the non-party. . . . To hold otherwise would vitiate the protections that Rule 45 affords subpoenaed non-parties, requiring them to litigate in distance [sic] locations.").

Rule 45 makes clear that the "court for the district where compliance is required" is the only body that can enforce, modify, or quash the subpoena. Fed. R. Civ. P. 45(d)(1). The Advisory Committee Notes are in accord. "To protect local nonparties, local resolution of disputes about subpoenas is assured by the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the court in which compliance is required under Rule 45(c)." Advisory Committee's Notes to 2013 Amendment of Rule 45.

Courts routinely enforce this simple jurisdictional rule. *See, e.g.*, *Burnett v. Wahlburgers Franchising LLC*, No. 16 Civ. 4602, 2018 WL 10466827, at *2 (E.D.N.Y. Oct. 4, 2018) ("[T]he proper forum for the motion to compel would be in the district in California where the nonparty's

headquarters are located."); *Simmons v. Fervent Elec. Corp.*, No. 14 Civ. 1804, 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) ("As a threshold matter, this Court lacks jurisdiction to address plaintiffs' motion [to compel subpoena compliance]. Rule 45 provides that subpoena-related motions and applications are to be made to the court where compliance is required."); *Holdings, LLC v. Pevida*, No. 14 Civ. 6157, 2015 WL 2240492, at *4 (E.D.N.Y. May 12, 2015) (denying motion to compel subpoena compliance because motion was not brought in the court for the place of compliance); *c.f., Greater Chautauqua Fed. Credit Union v. Quattrone*, No. 22 Civ. 2753, 2024 WL 497521, at *1 (S.D.N.Y. Jan. 3, 2024) ("[T]he subpoena at issue requires the electronic production of various categories of documents from non-party, Cortland County Sheriff's Office. . . . This Court does not have the power to quash and/or modify the subpoena. The Northern District of New York is the proper district to entertain a motion to quash, and the Cortland County Sheriff should have brought its motion in that district." (citations omitted)); *KGK Jewelry LLC v. ESDNetwork*, No. 11 Civ. 9236, 2014 WL 1199326, at *2 (S.D.N.Y. Mar. 21, 2014) ("After the 2013 amendments, Rule 45 now requires subpoenas to issue from 'the court where the action is pending,' Fed.R.Civ.P. 45(a)(2), but still reserves the power to quash or modify a subpoena to the 'court for the district where compliance is required,' Fed. R. Civ. P. 45(d)(3).").

Accordingly, the Court should summarily deny Defendants' motion to compel because any motion to compel enforcement of the subpoena must be brought in the Northern District of New York.

    **B. The Communications Sought Are Privileged**

Eligo's motion should also be denied because the communications it seeks are privileged. The only category of documents Eligo seeks are communications involving Ramsey Brous and his counsel. But Defendants' motion is premised on a demonstrably false premise: that Ramsey was not a client of Plaintiffs' counsel at the time of the communications.

During his deposition, Ramsey unambiguously testified that he retained Plaintiffs' counsel on his own behalf (before his father Ira Brous retained counsel) to discuss potential claims against Eligo. **Ex. B** at 50:14–51:5, 53:4–24. All communications Eligo now seeks occurred *after* Ramsey retained his counsel, and all pertained to legal advice regarding potential claims against Eligo. These communications are unquestionably privileged.

Eligo cherry picks a confusing excerpt from the deposition in which Eligo asked Ramsey if Plaintiffs' counsel "would have started representing you in response to our request to take your deposition," to which Ramsey, a non-lawyer, responded "I believe that's correct." *Id.* 31:11–14. But this was never a clear exchange about the beginning of the attorney-client relationship, and Ramsey later clarified that he retained Plaintiffs' counsel **before** Ira Brous did and **before** this action was filed. Indeed, Eligo repeatedly asked Ramsey about this issue, and he unequivocally stated that he engaged Plaintiffs' counsel before his father did, on his own behalf, to discuss potential claims against Eligo. *Id.* at 53:4–24.

In case this was not clear enough, on September 23, before Eligo filed its motion, Plaintiffs' counsel told defense counsel during a meet and confer that Ramsey retained Plaintiffs' counsel before the time period covering the requested communications. Without basis, Eligo refused to believe Plaintiffs' counsel's representations.

Finally, before filing this letter, Plaintiffs provided Eligo with a privilege log showing the date—in December 2023—on which a retainer agreement was sent to and returned from Ramsey.[1] That log also shows that the communications in question concerned privileged legal advice.[2] Plaintiffs asked Defendants to withdraw the motion given the information provided in the log. They did not.

Given this backdrop, Eligo has no good-faith basis to bring this motion. Ramsey testified under oath and Plaintiffs' counsel represented to Eligo that Ramsey had retained Plaintiffs' counsel prior to the period covering the communications Eligo seeks. The privilege log verified this fact. Yet Eligo tells this Court—despite the dispositive evidence to the contrary—that there was no attorney-client relationship between Ramsey and his counsel, and that Ramsey is acting as a "ghost plaintiff," a dubious term with no legal significance whatsoever. The thinness of Eligo's motion reveals its true purpose: to harass the named Plaintiffs.

### C. Defendants' Letter Motion Is A Continued Effort in Harassment

Eligo has employed a continued strategy of intimidation and harassment to convince the named Plaintiffs to abandon the Class through individual settlements. Eligo has (1) opposed Plaintiff Anne Brous's substitution for her late husband in the wake of his death despite her meeting all criteria for substitution; (2) subpoenaed the deposition of then-non-party Anne Brous without basis, requiring a successful motion to quash in the Northern District of New York; (3) directed its Chief Compliance Officer to twice call Plaintiff Schuster to offer an individual settlement in exchange for dropping class claims, even though Eligo knew Ms. Schuster was represented by Plaintiffs' counsel; (4) falsely claimed on the record at least four times that Plaintiff Schuster has "perjured herself" or "fabricated testimony" for misremembering details from almost a decade before;[3] (5) subpoenaed Plaintiff Schuster's roommate, a non-party, without justification, even after the Court already ruled that discovery related to her roommate was not relevant, necessitating yet another motion to quash; and (6) repeatedly sent a process server to harass Ms. Schuster's domestic partner even after Plaintiffs' counsel told Eligo they would accept service of the subpoena on his behalf. These efforts did not cause the named Plaintiffs to abandon their resolve, so Eligo continues its harassment campaign in now seeking to compel production of obviously privileged communications between Plaintiff Brous's son and his counsel.

Eligo's strategy is as transparent as it is improper: instead of litigating this case on the merits, Defendants attempt to harass and intimidate the named Plaintiffs into abandoning the case to obtain an individual settlement on the cheap. This is consistent with defense counsel's claim that it has "never had a client pay a class judgment or settlement."[4] The Court should not facilitate this ploy.

---

[1] In any event, the question of when Ramsey retained Plaintiffs' counsel is a red herring. Attorney-client privilege does not attach only once a retainer agreement is signed. Instead, the privilege arises when an individual "'contacts an attorney in his capacity as such' for the 'purpose of obtaining legal advice or services.'" *Charlestown Cap. Advisors, LLC v. Acero Junction, Inc.*, No. 18 Civ. 4437, 2020 WL 757840, at *4 (S.D.N.Y. Feb. 14, 2020) (quoting *Priest v. Hennessy*, 51 N.Y.2d 62, 68–69 (1980). Eligo does not dispute that is what happened here.

[2] *See* **Ex. C** (R. Brous Privilege Log).

[3] *See* ECF Nos. 93, 100, 130, 150.

[4] *See* What We Do, WATSTEIN TEREPKA LLP, https://wtlaw.com/what-we-do/.

Thank you for your consideration of this matter.

                                            Respectfully Submitted,

                                            /s/ Tiasha Palikovic
                                               Tiasha Palikovic

                                          *Counsel for Plaintiffs, the Proposed*
                                          *Class, and Ramsey Brous*


cc: All Counsel of Record (via ECF)