

October 9, 2025

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

Re:    <u>Brous, et al. v. Eligo Energy, LLC, et al., 24 Civ. 1260 (ER)</u>

Dear Judge Ramos,

We represent Plaintiffs and the proposed Class. Pursuant to Your Honor's Individual Practice Rule No. 2.A., we request a pre-motion conference on Plaintiffs' motion for an order finding that Eligo waived privilege for documents on its fourth log and requiring their production, or alternatively, requiring production of certain categories of documents and a revised log for the rest. Eligo's log does not include information required under Local Rule 26.2(a) and shows that Eligo is improperly asserting privilege for communications that involve third parties.

A.    **Factual Background: Eligo Has Had Five Months and Four Opportunities to Comply With Local Rule 26.2(a).**

Eligo's effort to justify withholding almost two thousand documents as privileged has required multiple rounds of conferrals over a five-month game of deficiency whack-a-mole, during which Eligo served four logs, each addressing one deficiency only to expose another. Eligo's **first log** (April 4) was plainly noncompliant. For all 1,998 entries, it omitted *three of four categories* required by Rule 26.2: date, document type, and author/sender/recipient. The **second log** (May 23) added columns for the missing categories, but they were often blank or meaningless: 610 communications had no sender or recipient, over 800 listed no author or a nonsensical one, and 142 omitted dates. Worse, the inclusion of email senders and recipients exposed another major flaw: hundreds of entries involved third parties. Eligo's **third log** (August 6) addressed deficient entries by simply reclassifying over 550 documents as "non-responsive" and erasing the metadata Plaintiffs had flagged, including author/sender/recipient fields, for hundreds of others. After more correspondence, Eligo's **fourth log** (September 8, attached as Exhibit A) restored deleted metadata but made no substantive improvements.[1]

B.    **Eligo Waived Privilege Because Its Privilege Log Remains Deficient.**

Eligo's fourth privilege log remains deficient in at least 6 key respects. **First,** at least one category of basic information is missing from over half the entries: 579 list no (or a nonsensical) author, 168 communications have no sender/recipient, and 110 lack dates. *See In re Rivastigmine Patent*

---

[1] For the Court's convenience, Plaintiffs have color-coded Columns J through O of the log to highlight the following deficiencies: red shows authors or recipients for whom Plaintiffs' counsel was unable to find an Eligo connection; pink is for entries with missing or nonsensical authors; orange is for missing sender/recipient information; and green is for missing dates.

*Litig.*, 237 F.R.D. 69, 83 (S.D.N.Y. 2006) ("Without information identifying the individuals involved in the particular communications, it is impossible . . . to meet [the] burden of establishing the 'attorney' element of the attorney-client privilege."). **Second,** when individuals are listed, Eligo omits their titles, or worse, fails to disclose non-employee status, improperly forcing Plaintiffs to ferret out dozens of individuals' identities and roles. See *Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd.*, 2022 WL 3644822, at *8 (S.D.N.Y. Aug. 24, 2022) (Ramos, J.) (a privilege log "should identify the corporate titles or roles of non-attorney participants[.]"); *see also Favors v. Cuomo*, 285 F.R.D. 187, 224 (E.D.N.Y. 2012) (same). **Third,** document family relationships are omitted, improperly forcing Plaintiffs to cross-check hundreds of documents to identify attachments and recipients. *See id.* at 223 ("there is no good reason why privilege logs should not include . . . a description of any attachments"). **Fourth,** the descriptions are inadequate: they rely on compound or contradictory phrasing (e.g., "requesting, providing, forwarding, discussing, or containing legal advice") and only five generic, overbroad subject-matter descriptions: "company policies," "pending litigation," "deal negotiation," "regulatory compliance," and "contract terms, draft contract, or contract interpretation." See *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 2021 WL 1968325, at *3 (S.D.N.Y. Mar. 31, 2021) (subject matter descriptor is "required to be fairly specific"). **Fifth,** 862 entries list an attorney who is neither sender, recipient, nor author, and another 195 fail to identify any attorney. **Sixth,** the log is filled with errors: unlogged and mislogged redactions;[2] unlogged recipients;[3] and missing documents.[4] Together, these omissions and evasions render the log incomprehensible and unusable, frustrating meaningful review and a reliable privilege/waiver analysis.

Eligo dismissed Plaintiffs' objections as "simply wrong" or "trifling form-over-substance complaints," and largely sought to excuse its log's deficiencies by explaining it was generated from metadata fields rather than the documents themselves. But this is no defense. Courts in this district consistently find that while metadata can be used to populate a log, it "d[oes] not absolve [a party] of its obligations to review, supplement and correct a metadata privilege log to ensure that it satisfies the rigorous standards for a compliant log." *BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co.*, 2018 WL 3584020, at *1 (S.D.N.Y. July 23, 2018).

Eligo has already had four chances to cure its log, but **a "privilege log is not an iterative process"** and "the Court [should] not permit [Eligo] a [fifth] opportunity to follow the rules established in this Circuit." *BlackRock*, 2018 WL 3584020, at *5 (finding waiver where repeated attempts still produced a deficient log) (emphasis added). Instead, failure to provide a timely and proper log "operates as a waiver." *See A.I.A. Holdings, S.A. v. Lehman Bros.*, 2002 WL 31385824, at *8 (S.D.N.Y. Oct. 21, 2002). Given Eligo's many opportunities to cure and its insufficient justification for the deficiencies, "[t]his is not a case where the record suggests that a good faith attempt [to justify privilege]." *A.I.A. Holdings, S.A. v. Lehman Bros.*, 2000 WL 1538003, at *3 (S.D.N.Y. Oct. 17, 2000). Instead, Eligo's log remains so lacking in basic information that it is "the functional equivalent of no listing at all." *Id.* (finding waiver where log disclosed only the date, type of document, type of privilege and "anticipation of litigation" as subject); *BlackRock*, at

---

[2] For example, DEF053299 and DEF053310 bear privilege redactions but do not appear on the log, while DEF061653 is logged as redacted but is in fact withheld from production.

[3] Only the sender and recipients of the last-sent communication in email chains are logged, and no recipients are logged for calendar invites. For example, DEF066753 is logged as an email between Eligo employees, but the log does not disclose that third-party ███████████████████████, was author and recipient of redacted portions. *See* Ex. B.

[4] DEF093239 is a 26-page document withheld from production but absent from the log.

*5 (waiver found where many entries listed no author, recipients, attorney name, or clear subject). Accordingly, the Court should find waiver. At minimum, if waiver is not imposed, Plaintiffs request that Eligo be ordered to revise its log in full compliance with Local Civil Rule 26.2.

**C.　Eligo's Assertions of Privilege Are Improper and Should Result in Waiver.**

In addition to serving a deficient log, Eligo improperly asserts privilege, including over a) documents disclosed to or authored by third parties, and b) those not protected by common interest.

### a. Documents Disclosed to or Authored by Third Parties Are Not Privileged.

It is hornbook law that disclosing a privileged communication to a third party "destroys the attorney-client privilege because it destroys the confidential nature of the communication." *Sec. & Exch. Comm'n v. Rayat*, 2023 WL 4420325, at *2 (S.D.N.Y. July 10, 2023) (collecting cases). Yet Eligo claims privilege over more than 200 documents authored (or apparently authored) by third parties and at least 30 documents that were sent by or to a third party, including documents authored by regulators, government consultants, and employees from other energy firms, emails shared with accountants, business counterparties, and consultants, and meeting minutes shared with the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Exhibit B (listing examples). For example, Eligo produced a presentation to a third party called ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Even though Eligo's CEO testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Eligo has improperly redacted and claimed privilege over substantial portions of that presentation. *See* Exhibit C (excerpting redacted pages). Eligo also withheld non-privileged third-party documents merely because they were attached to a privileged parent, in violation of prevailing practice and Rule 34, which requires producing documents as kept in the ordinary course. *See Hayden v. Int'l Bus. Machines Corp.*, 2023 WL 4622914, at *4 (S.D.N.Y. July 14, 2023) (ordering production of non-privileged attachments); *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 2011 WL 3734236, at *1 (S.D.N.Y. Aug. 24, 2011). The Court should compel production of the documents listed in Exhibit B, including those identified therein as bearing the same deficiencies as the main document discussed.

### b. Eligo Cannot Claim Common Legal Interest Privilege.

Eligo's use of the common legal interest doctrine fares no better. In its first two logs, Eligo designated 15 documents as protected by "common interest privilege." In response to Plaintiffs noting that Eligo had no common interest with, for example, EDF Energy, Eligo agreed and stated it would "downgrade" this privilege call. Instead, Eligo pulled the documents from the log, deeming them non-responsive. As for the four remaining documents,[5] Eligo fails to establish common interests because it has identified no third party whatsoever, let alone a "co-litigant," an entity "authorized to enforce [its] rights in litigation," or an entity "with some rights or liabilities at issue in the litigation." *See Deutsche Bank*, at *13. Indeed, the subject matter is not litigation at all, but "deal negotiation." This is insufficient. *Id.* at *15 ("A concern to ensure the payment of money is commercial in nature and does not qualify for protection under the common interest rule[.]" (citation omitted)). The Court should order Eligo to produce these four documents.

---

[5] *See* Ex. A, DEF061551, -55, -56, -59, rows 591, 1385, 1387–88.

* * *

Thank you for the Court's attention to this matter.

                                               Respectfully Submitted

                                               /s/ Tiasha Palikovic
                                                  Tiasha Palikovic

                                             *Counsel for Plaintiffs and the*
                                             *Proposed Class*

cc: All Counsel of Record (via ECF)