**Wittels McInturff Palikovic**

October 14, 2025

<u>Via ECF</u>
Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

Re:  *Brous, et al. v. Eligo Energy, LLC, et al.*, 24 Civ. 1260 (ER)

Dear Judge Ramos,

We write on behalf of Plaintiffs and the Proposed Class in response to Eligo's unauthorized filing of a reply letter in further support of its procedurally improper motion to compel disclosure of privileged communications between non-party Ramsey Brous and the undersigned counsel.

### A. Eligo's Letter Is An Unauthorized Reply To A Procedurally Improper Motion

The Court should strike Eligo's Reply because it is an improper and unauthorized filing because Your Honor's Rule 1.A.ii does not allow for a reply letter. This is not the first time Eligo has disregarded the rules. As Plaintiffs explained in their response to Eligo's initial letter, Eligo's motion should be summarily denied because Eligo filed it in the wrong court, and this Court lacks jurisdiction over the dispute. See ECF No. 284, at 1 (explaining that the proper venue is the Northern District of New York, where Mr. Brous resides). Notably, Eligo's Reply fails to address this jurisdictional defect—and cannot cure it. Accordingly, the Court should enforce Rule 45, strike the Reply, and summarily deny Eligo's motion.

### B. The Record Is Clear: Mr. Brous Retained Counsel In Late 2023 And Their Communications Are Privileged

Should the Court nevertheless indulge Eligo's latest arguments, the record remains clear: Mr. Brous signed a retainer agreement in late 2023. Eligo knows this because it is what Mr. Brous's counsel represented during conferral. It is also what Mr. Brous's privilege log shows. ECF No. 284-3, entry 20 (memorializing exchange of executed retainer agreement on December 18, 2023). And it is what Mr. Brous testified. Indeed, Mr. Brous repeatedly and consistently testified to his early involvement with counsel in this matter: stating that he discussed Eligo with his parents in late 2023, and that "they were interested in making contact with a law firm regarding the issue," Ex. D, R. Brous Dep. Tr. Excerpts at 13:20–14:10, that he then helped them find counsel, 16:24–17:20; that he first spoke to a Wittels McInturff Palikovic lawyer in 2023, 21:24–22:6, that his "reason for contacting counsel was to possibly get compensation for overcharges for my parents," 26:21-23, that the subject of the representation is the "class action suit against Eligo," 32:13–34:6, that most of the phone calls with counsel occurred prior to his mother being deposed, 34:2-20, that he engaged counsel prior to when his father engaged counsel and that he believes he signed a retainer, 52:5– 54:17. And it is of no consequence for the privilege analysis that Mr. Brous is not

an Eligo customer or the named Plaintiff here because "attorney-client privilege is not tied to the contemplation of litigation," *Spectrum Sys. Int'l Corp. v. Chem. Bank*, N.E.2d 1055, 1061 (1991) (citing cases), and instead attaches where "legal advice of *any kind* is sought." 8 Wigmore, Evidence, § 2301; Annot., 53 A.L.R. 369 (1928) (emphasis added).

But for Eligo, none of this is enough. It ignores the caselaw. It refuses to accept the representations made by Mr. Brous's counsel. It does not believe Mr. Brous. It does not trust the privilege log. The only thing Eligo deems "credible" is its own unsupported hypothesis that Mr. Brous must have retained counsel immediately before his deposition because "[t]hat makes sense" to Eligo. Reply at 1. Beyond being offensive to Mr. Brous and to his counsel as officers of the Court, this kind of counterfactual conjecture does not warrant the Court's time or resources. As set forth below, it also does not effect waiver.

### C. There Was No Eleventh Hour Document Dump Here And Eligo Has No "Need" To See Mr. Brous's Privileged Communications

Eligo also claims that the late disclosure of Mr. Brous and his privileged documents should result in waiver because it shows that Eligo "needs" these communications to attack Mrs. Brous's adequacy. This is triply wrong. ***First***, there was no late disclosure: Mrs. Brous repeatedly disclosed her son Ramsey Brous in her responses to Eligo's interrogatories, which Eligo could have received in August 2024 had it not fought her substitution,[1] and which, in any event, were served on Eligo on May 13, a month ***before*** her June 12 deposition—putting to rest Eligo's accusations of "tactical nondisclosure." *See* Ex. E, Pl.'s Resps. to Def. Eligo Energy NY LLC's 1st Set of Interrogs. to Pl. Ira Brous ("Responses") at Resps. to Interrog. Nos. 1–3, 5. Indeed, those May 13 Responses specifically identified Ramsey Brous as a person (1) "who answered or in any way assisted with the preparation of the answers to [Eligo's] interrogatories or who supplied information used in answering [them];" (2) "with familiarity with and/or knowledge of [specific allegations in the FAC] and the decision to cancel [Ira] Brous's Eligo account;" (3) "with knowledge" of his "relationship and dealings with [Eligo];" and (4) "with whom" the Brouses "discussed" Eligo. *Id*. In those Responses, Mrs. Brous further disclosed that "Ramsey Brous communicated with [Eligo representatives] via phone[.]" *Id*. at Resp. to Interrog. No. 5. Additionally, Plaintiffs' counsel

---

[1] That Eligo did not possess Mrs. Brous's Responses prior to mid-May 2025 owes entirely to its recalcitrance regarding Mrs. Brous's substitution for former plaintiff Ira Brous. On August 14, 2024, Plaintiffs' counsel sent defense counsel their third email requesting agreement to a draft stipulation substituting Mrs. Brous for her deceased husband, noting "[t]oday is the deadline for responses to Eligo's discovery to Mr. Brous. We can't serve those responses until [the proposed stipulation] is worked out: Mr. Brous obviously cannot respond and Anne Brous, in her capacity as the executor of Mr. Brous's estate, is the person who would be able to respond but we first need your consent to the substitution." As the Court knows, Eligo eventually chose to reject the stipulation and force Plaintiffs to formally move for substitution, which motion the Court ultimately granted in late April 2025. *See* Doc. 192 (Op. & Order granting substitution motion).

repeatedly asserted privilege over any communications with Ramsey Brous during Ramsey Brous's deposition in August.[2] These are hardly the elements of surprise.

***Second***, that Eligo plans to argue that Plaintiff Brous is an inadequate plaintiff does not destroy privilege between Ramsey Brous and his counsel. Eligo has already deposed and issued discovery to both Plaintiff Brous and Ramsey. Eligo has no "need" to look at documents between Ramsey and his attorneys, nor is such a need a recognized exception to attorney client privilege.

***Third***, Eligo's plan to attack Mrs. Brous's inadequacy by arguing she lacks basic knowledge of the facts is doomed from the start. "The Supreme Court in *Surowitz v. Hilton Hotels Corp.*, expressly disapproved of attacks on the adequacy of a class representative based on the representative's ignorance." *Baffa*, 222 F.3d at 61 (citing *Surowitz*, 383 U.S. 363, 370–74 (1966)). "Courts in this circuit have described the knowledge requirement for being a class representative as low and generally found that it is satisfied by showing a general knowledge of the case and a willingness to pursue litigation on behalf of the class." *Mendez v. U.S. Nonwovens Corp.*, 312 F.R.D. 81, 107 (E.D.N.Y. 2014) (finding the plaintiffs to be adequate class representatives and certifying a class).

Instead, Eligo's procedurally improper effort to manufacture a privilege dispute before this Court is simply the latest in a string of the kinds of "petty issues manufactured by defendants to distract the judge" that the Seventh Circuit previously warned about. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 728 (7th Cir. 2011) (cautioning about defendants who "try to derail legitimate class actions by conjuring up trivial credibility problems or insubstantial defenses unique to the class representative"). The Court should strike Eligo's reply and deny its motion.

\* \* \*

Thank you for your consideration of this matter.

Respectfully Submitted,

/s/ Tiasha Palikovic
    Tiasha Palikovic

*Counsel for Plaintiffs, the Proposed Class, and Ramsey Brous*

cc: All Counsel of Record (via ECF)

---

[2] Eligo's claim that Mr. Brous's log is "30 times larger than the privilege log for his parents," and that this shows his counsel's "intent to conceal" the extent of communications with Mr. Brous is hyperbole. Mr. Brous's 5-page log is unremarkable: it has 23 entries stretching over nearly two years, most of the communications are text threads (a medium which by its nature inflates the number of individual communications exchanged), and Plaintiffs have previously produced 19 of the documents identified. *See* ECF No. 284-3, entries 8–9, 19 (noting production of attachments).