# EXHIBIT A

**Subject:** RE: Brous v. Eligo
**Date:** Monday, October 20, 2025 at 11:57:06 AM Eastern Daylight Time
**From:** Burkett McInturff
**To:** Leo O'Toole, David Meadows, Tiasha Palikovic, Greg Blankinship, Daniel Martin, Andrey Belenky, Jessica L. Hunter, Daniel Kieselstein
**CC:** Ryan Watstein, Abigail Howd

[Warning – external]

David and Leo,

Thank you for letting us know that Eligo will not refile its motion in another court.  We are glad Eligo seems to understand that its position was unreasonable and the motion meritless, although we wish it could have done so without burdening Judge Ramos.

We have a different view of the Court's statements at the October 15 hearing. The Court's admonition was occasioned by Eligo's letter-motion concerning Ramsey Brous's privileged communications. As you witnessed firsthand, the Court disagreed with Eligo's characterization of Mr. Brous's video testimony and flatly rejected Eligo's legal arguments. The Court encouraged the parties to take reasonable positions, but Judge Ramos did not encourage any party to accept another party's unreasonable position on a discovery dispute.

And while Eligo's letter motion was patently frivolous, Plaintiffs' privilege motion is meritorious. The privilege log requirements in the Southern District are clear and Eligo's privilege log simply does not comply with them. As we have repeatedly explained, these deficiencies are hindering Plaintiffs' ability to review Eligo's claims of privilege, as is Plaintiffs' right. *See, e.g., Deutsche Bank Sec. Inc. v. Kingate Glob. Fund Ltd.*, No. 19 Civ. 10823 (ER), 2022 WL 3644822, at *5 (S.D.N.Y. Aug. 24, 2022) ("A privilege log is [] an 'essential tool which allows the parties and the court to make an intelligent decision as to whether a privilege or immunity exists.'"). For example, Eligo has withheld hundreds of documents that are not privileged because they were shared with, and sometimes even authored by, third parties. We direct Eligo to Plaintiffs' letter-motion for additional deficiencies and supporting case law.

That said, we are always open to working with our adversaries to resolve disputes without the need for court intervention. Please let us know if Eligo is willing to address these deficiencies without having to involve the Court, and if so how.

Thank you,

Burkett

---

**From:** Leo O'Toole <lotoole@wtlaw.com>
**Sent:** Monday, October 20, 2025 11:02 AM
**To:** David Meadows <dmeadows@wtlaw.com>; Tiasha Palikovic <TPalikovic@wittelslaw.com>; Burkett McInturff <jbm@wittelslaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>; Abigail Howd <ahowd@wtlaw.com>

**Subject:** Re: Brous v. Eligo

Following up on this as our response is due Wednesday.

**Leo O'Toole**

WATSTEIN TEREPKA LLP
(404) 779-5190
lotoole@wtlaw.com
www.wtlaw.com

---

**From:** David Meadows <dmeadows@wtlaw.com>
**Date:** Thursday, October 16, 2025 at 9:21 AM
**To:** Tiasha Palikovic <tpalikovic@wittelslaw.com>, Burkett McInturff
<jbm@wittelslaw.com>
**Cc:** Ryan Watstein <Ryan@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd
<ahowd@wtlaw.com>
**Subject:** Brous v. Eligo

Tiasha and Burkett,

I am following up on yesterday's hearing before Judge Ramos, who as you know took the
time to counsel the parties on taking reasonable positions and limiting discovery motion
practice, which has been excessive in this case.

To that end, and taking the Judge's comments to heart, we are not going to re-file our
motion to compel Ramsey Brous' emails in another court, even though we would be within
our rights to do so. In that spirit, we ask you to withdraw Plaintiffs' pending motion with
respect to our privilege log. Our position is that the motion exemplifies precisely the sort of
unreasonable, take-no-prisoners approach the Court counseled us all the avoid. Both
sides have more important, substantive matters to address, including experts and
upcoming summary judgment motions. We suggest that everyone's time and money —
including that of Judge Ramos and his staff — is better spent on issues that will resolve the
case on the merits, as opposed to fighting over irrelevant documents.

Please let us know if you plan to press your letter motion despite Judge Ramos'
admonitions at yesterday's hearing.

David