FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

**Via ECF**                                                             November 21, 2025

Honorable Edgardo Ramos
United States District Court
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    <u>*Brous et al. v. Eligo Energy, LLC, et al.*, No. 1:24-cv-1260 (ER)</u>

Dear Judge Ramos,

Pursuant to the Court's Individual Rule 2.A, Plaintiffs write to request a pre-motion conference in anticipation of their motion to exclude the Expert Report of Dr. Debra Aron ("Aron Report"), Defendants' only designated expert witness, and any related testimony she might offer at trial.

This is an appropriate time for the Court to consider Plaintiffs' *Daubert* motion. Eligo has repeatedly stated that it intends to file a motion for summary judgment, and it recently represented that this motion is imminent.[1] Eligo's motion will no doubt rely heavily on the Aron Report. *See Freeman v. Deebs-Elkenaney*, No. 22-02435, 2024 WL 3634738, at *1 (S.D.N.Y. Aug. 1, 2024) ("'[I]t is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment,' including the admissibility of expert evidence."), *report and recommendation adopted*, 2024 WL 4850811, at *2 (S.D.N.Y. Nov. 21, 2024); *see also Comfortex Co., Ltd. v. Xcel Brands, Inc.*, No. 21-7326, 2024 WL 1255535, at *7, 13 (S.D.N.Y. Mar. 25, 2024) (Ramos, J.) (excluding expert testimony and denying motion for summary judgment).

**A. Dr. Aron Lacks Expertise Concerning New York's Electricity Markets.**

Although Dr. Aron is an economist and professional testifying expert, she lacks expertise in the relevant field—New York's electricity markets. All Eligo can point to are two previous litigation engagements purportedly related to energy markets over the last fourteen years. But those two engagements do not make Dr. Aron's general expertise in economics relevant here. "Being a professional testifying expert in the financial area does not give an individual the qualification to opine in every financial area as to every type of analysis." *SEC v. Tourre*, 950 F. Supp. 2d 666, 679 (S.D.N.Y. 2013) (excluding expert as unqualified due to lack of experience with financial instruments at issue).[2]

---

[1] Most recently Eligo told the Judicial Panel on Multidistrict Litigation that it "anticipates filing a motion for summary judgment before the end of the year." No. 3169, ECF 1-1 at 15.

[2] In contrast, Plaintiffs' three experts have deep energy market expertise. Mr. Macan has "30 years of experience in economic and financial issues in the electricity markets." Dr. O'Brien has "over forty-five years of experience in energy markets, including studying energy markets and regulations concerning the oversight of electric utilities and services provided by third-parties to utility customers." Dr. Felder has over thirty years' experience "conduct[ing] research and teach[ing] in the areas of energy markets and policy."

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Dr. Aron's lack of relevant expertise is disqualifying. *See, e.g.*, *City of N.Y. v. FedEx Ground Package Sys.*, No. 13-9173, 2018 WL 4961455, at *2 (S.D.N.Y. Oct. 10, 2018) (Ramos, J.) ("a proposed expert witness must be, in fact, an expert in the area about which he or she intends to testify . . . an expert who is qualified in one field cannot offer an opinion about aspects of the case in another field for which she is not qualified.") (quotations omitted); *Wiener v. AXA Equitable Life Ins. Co.*, No. 16-4019, 2019 WL 1228074, at *6 (S.D.N.Y. Mar. 15, 2019) (Ramos, J.) (excluding experts as unqualified in relevant field), *aff'd in part*, 113 F.4th 201 (2d Cir. 2024); *Dollman v. Mast Indus.*, No. 08-10184, 2011 WL 3911035, at *4 (S.D.N.Y. Sep. 6, 2011) (excluding expert with "an extensive background in labor economics . . . [but with] no specific experience, however, relating to the fashion industry or the fashion industry job market.").

**B. Dr. Aron's Opinions Are Also Inadmissible Because They Are Unhelpful and Irrelevant.**

Dr. Aron's lack of expertise led her to offer opinions that are unhelpful and irrelevant. For example, Dr. Aron analyzes Eligo's conduct as if it were an ordinary consumer-facing business while repeatedly failing to account for the regulatory constraints New York places on companies that sell utility services to consumers. For instance, Dr. Aron assumed that Eligo's variable rates need not be "calculated on a monthly basis in response to market pricing, transportation costs, and other market price factors" (the pricing term in the written contracts at issue in this case). Instead, Dr. Aron incorrectly assumes—without any support or analysis of her own—that Eligo's contractual pricing term contains an additional authorization for Elgo to deploy "pricing strategies" when setting customers' electricity rates. This "pricing strategies" phrase comes from scripted phone calls between customers and third parties whose regulatory task is to verify that customers actually want to switch to Eligo; "pricing strategies" is not in the written contract New York regulations require Eligo to provide and follow. Dr. Aron nonetheless opines that the "pricing strategies" phrase allows Eligo to base variable rates on its estimate of how high it can ratchet up rates before too many customers notice and quit. Had Dr. Aron possessed the relevant expertise, she would have known that governing New York regulations required ESCOs like Eligo to set rates based solely on the terms in written contracts, not prior oral statements by third parties. *See* NYPSC Case 12-M-0476, Uniform Business Practices. Indeed, Plaintiffs' expert Dr. O'Brien detailed these regulations in his opening report. Dr. Aron did not take note of these regulations and provided no rebuttal of Dr. O'Brien's analysis.

Courts exclude expert opinions that are based on the wrong contract terms. *Anthem, Inc. v. Express Scripts, Inc.*, 660 F. Supp. 3d 169, 181-82 (S.D.N.Y. 2023); *Mirkin v. XOOM Energy, LLC*, No. 18-2949, 2025 WL 16333, at *4 (E.D.N.Y. Jan. 2, 2025).

For another example, Dr. Aron opines that Eligo can charge its very high rates because it also buys renewable energy credits ("RECs") and markets its electricity as renewable. This opinion further demonstrates Dr. Aron's lack of applicable expertise. The New York Public Service Commission ("NYPSC") requires that the "premium charged by the ESCO for a renewable product must be commensurate with the incremental costs it incurs to provide the product." NYPSC Order Adopting Changes to the Retail Access Energy Market and Establishing Further Process, December 12, 2019 ("NYPSC Order") at 81. Dr. Aron's opinion that purchasing RECs allowed Eligo to circumvent applicable constraints on its rate setting is thus irrelevant. Plaintiffs' expert

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Dr. Felder addressed this specific portion of the NYPSC Order in his opening report, which Dr. Aron ignored in her Report and did not later seek to rebut.

Dr. Aron's unhelpful and irrelevant opinions should be excluded because they do not fit the facts and regulatory overlay of this case. *See Anthem*, 660 F. Supp. 3d at 181 ("In considering relevance . . . the Court must determine whether the expert testimony sufficiently and adequately corresponds with the facts of the case.").

### C. Dr. Aron's Opinions Are Also Inadmissible Because They Are Not Reliable.

Neither *Daubert* nor the Rules of Evidence allow "opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.'" *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, (1997)). "Thus, when an expert opinion is based on data, a methodology, or studies that are simply inadequate to support the conclusions reached, *Daubert* and Rule 702 mandate the exclusion of that unreliable opinion testimony." *Amorgianos v. Amtrak*, 303 F.3d 256, 266 (2d Cir. 2002).

Dr. Aron's Report is replete with unsupported speculation and *ipse dixit* assertions. For example, Dr. Aron claims that "an ESCO that advertises a 100 percent renewable product must purchase" RECs to cover *more* than 100 percent of the projected energy load. Aron Report ¶ 54. This claim is flatly contradicted by the NYPSC. NYPSC Order at 77. Similarly, Dr. Aron posits that New York utilities charge "artificially high" prices for distribution services and "artificially low" prices for retail electricity supply. Aron Report ¶ 108. These assertions are based solely on an undisclosed "[i]nterview with Eligo staff[,]" *id.* ¶ 54 n.91, and statements by consultants paid by energy companies like Eligo, *id.* ¶ 108 n.172. Dr. Aron neglects to support her opinions with empirical evidence or analysis, nor does she address the ample contrary evidence from NYPSC regulations and industry practice. Again, these issues were addressed in Plaintiffs' opening experts' reports, which Dr. Aron chose not to rebut.

Accordingly, Dr. Aron "fail[ed] to comply with *Daubert*'s reliability requirement" because she relied on information that "is speculative and conjectural[.]" *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 54–55 (S.D.N.Y. 2016) (excluding expert testimony based solely on party representations with "no reference to the underlying data" or indication of "any attempts to verify" the information's accuracy); *see also Comfortex*, 2024 WL 1255535, at *7 (excluding report "based on data that is simply inadequate to support the conclusions reached").

These are merely two examples of Dr. Aron's numerous unreliable opinions. While either is sufficient for the Court to exclude Dr. Aron's testimony, Plaintiff's forthcoming motion will address multiple additional deficiencies. *See Amorgianos*, 303 F.3d at 267 (expert witness's opinion must be "reliable at every step" to warrant admission, which "means that *any* step that renders the analysis unreliable under the *Daubert factors renders the expert's testimony inadmissible*." (emphasis in original, quotation omitted)).

Plaintiffs therefore respectfully request that the Court allow Plaintiffs to file a motion to exclude the opinions of Dr. Aron. Plaintiffs can file that motion promptly after the Court's Order authorizing them to do so.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

One North Broadway, Suite 900
WHITE PLAINS, NY 10601
Phone: (914) 298-3281
Fax: (845) 562-3492
www.fbfglaw.com

Dated: November 21, 2025　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　*/s/ D. Greg Blankinship*
　　　　　　　　　　　　　　　　　　　D. Greg Blankinship
　　　　　　　　　　　　　　　　　　　Daniel J. Martin
　　　　　　　　　　　　　　　　　　　**FINKELSTEIN, BLANKINSHIP,**
　　　　　　　　　　　　　　　　　　　**FREI-PEARSON & GARBER, LLP**
　　　　　　　　　　　　　　　　　　　One North Broadway, Suite 900
　　　　　　　　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　　　　　　　　Tel: (914) 298-3281

　　　　　　　　　　　　　　　　　　　J. Burkett McInturff
　　　　　　　　　　　　　　　　　　　Tiasha Palikovic
　　　　　　　　　　　　　　　　　　　Jessica L. Hunter
　　　　　　　　　　　　　　　　　　　**WITTELS MCINTURFF PALIKOVIC**
　　　　　　　　　　　　　　　　　　　305 Broadway, 7th Floor
　　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　　Tel: (917) 775-8862

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs and the Proposed Class*

CC: All Counsel of Record via ECF

4