# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------X
DANIELLE BELL, individually and on behalf of
others similarly situated,

                         Plaintiffs,                  **DECISION & ORDER**
                                                              **(Motion #12)**
        -against-

                                                          Index No.: 31168/2018

GATEWAY ENERGY SERVICES CORP.,

                        Defendant.
----------------------------------------------------X
EISENPRESS, J.

The following papers numbered 1-7 were read on this motion by Plaintiff Danielle Bell, for an Order granting Class Certification and appointing Plaintiff and her counsel as Class Representative and Class Counsel:

| **PAPERS** | **NUMBERED** |
|---|---|
| NOTICE OF MOTION/MEMORANDUM OF LAW IN SUPPORT/AFFIRMATION IN SUPPORT/EXHIBITS 1-19 | 1-3 |
| MEMORANDUM OF LAW IN OPPOSITION/AFFIRMATION IN OPPOSITION/ EXHIBITS A-P | 4-5 |
| MEMORANDUM OF LAW IN REPLY/AFFIRMATION IN REPLY/EXHIBITS 1-6 | 6-7 |

Upon the foregoing papers, these motions are determined as follows:

Plaintiff Danielle Bell, a resident of New City, New York, commenced this putative class action by Summons and Verified Complaint dated March 1, 2018, alleging that defendant Gateway Energy Services Corporation ("Gateway"), of Montebello, New York, overcharged her and thousands of New York consumers for natural gas and/or electricity, in violation of General Business Law ("GBL") Section 349. Plaintiff seeks to certify the following class:

> All Gateway customers who were charged on a fixed rate plan at any time and were converted to a variable rate plan for natural gas and/or electricity services in New York from May of 2014 to

the present.[1]

Plaintiff's claims, and those of the proposed class, arise from an alleged unlawful and deceptive misrepresentation made by Gateway Energy Services Corporation ("Gateway") regarding the competitiveness of its variable rate energy pricing plans made in the "Welcome Letter" and/or "Renewal Letter" provided by Gateway to its customers before they entered into a contract with Gateway.

"CPLR article 9, which authorizes class action suits in New York, and sets forth the criteria to be considered in granting class action certification, is to be liberally construed. The determination to grant class action certification rests in the sound discretion of the Supreme Court, 'and any error should be resolved in favor of allowing the class action. [internal citations omitted]'" Kidd v Delta Funding Corp., 289 AD2d 203, 734 N.Y.S.2d 848 (2d Dept 2001) "The primary issue on a motion for class certification is whether the claims as set forth in the complaint can be efficiently and economically managed by the court on a classwide basis. The class representative has the burden of establishing the prerequisites of certification. [internal citations omitted]" Globe Surgical Supply v GEICO Ins. Co., 59 AD3d 129, 136-37, 871 N.Y.S.2d 263 (2d Dept 2008).

CPLR Section 901(a) states:

"One or more members of a class may sue or be sued as representative parties on behalf of all if: (1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

---

[1] Excluded form the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which any Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, legal representative, predecessor, successor, or assignee of a Defendant.

These CPLR Sec. 901(a) criteria, which are commonly referred to a numerosity, commonality, typicality, adequacy of representation, and superiority, are to be "liberally construed" by the reviewing Court. Wilder v. May Dept. Stores Co., 23 A.D.3d 646, 649, 804 N.Y.S.2d 423 (2d Dept. 2005).

**Numerosity**. Plaintiff contends that the class is so numerous that joinder of all members is impracticable. According to Plaintiff, Gateway's records indicate that the proposed Class encompasses more than 8,000 gas and electricity accounts with service addresses in New York. Defendant Gateway disputes numerosity and argues that Ms. Bell has produced no evidence that the same letters were sent to anyone else in the putative class. Gateway argues that even if on reply Plaintiff shows evidence that others received the letters, she cannot show that all persons who received the letter were influenced by it. Upon reply, Plaintiff points out that defense counsel on August 6, 2019, produced spreadsheets affixed with Bate stamps, which contained the entire charge history of all accounts meeting the putative class definition in the Verified Class Action Complaint dated March 1, 2018, and more specifically, those New York customers who enrolled with Gateway on a fixed rate and were later charged a variable rate because they failed to cancel or renew on or after May 23, 2014. Additionally, Defendant produced a multitude of documents which al contain the same "competitive" representation. In the instant case, the Court finds that the numerosity requirement has been met with some 8,223 proposed class members. See Pruitt v. Rockefeller Center Properties, Inc., 167 A.D.2d 14, 21, 574 N.Y.S.2d 672 (1st Dept. 1991)(action involving thousands of class members clearly meets the statute's numerosity requirement.)

**Commonality**. Plaintiff argues that the requirement of commonality is met here since there are at least two common questions that are determinative of every class member's claim. First, common to every class member's claim is whether Gateway represented that its variable rate would be competitive and second is a determination of the proper amount of damages, i.e. the difference between what Gateway charged or what customers would have

paid had they been utility customers. Plaintiff argues that the entire proposed class' claims can be adjudicated using a common set of proof, including the Welcome and Renewal Letters based upon the documents themselves. Damages can be adjudicated using common proof, to wit, Gateway's business records as compared to publicly available date regarding utility rates.

Defendant contends that there is no commonality because Ms. Bell offers no method of determining the "net impression" of Gateway's statements on a class-wide basis. Gateway contends that Plaintiff must prove that the challenged statements were made to all 8,000 plus putative class members and she fails to show there is some common thread running through the communications sent to all class members that would enable the jury to assess the "net effect" of the statements. Gateway further argues that there is no workable damages model, as comparison to utility rates is not proper.

To meet the standard of commonality, class members' claims need only be substantially similar, not identical in every aspect. Freeman v. Great Lakes Energy Partners, LLC, 12 A.D.3d 1170, 1171, 785 N.Y.S.2d 640 (4th Dept. 2004). "[I]ndeed, [the commonality] rule requires predominance, not identity or unanimity, among class members." Id. Moreover, the mere presence of a question of individual reliance does not preclude class action certification. Super Glue Corp v. Avis Rent A Car System, Inc., 132 A.D.2d 604, 607, 517 N.Y.S.2d 764 (2d Dept. 1987)

In the instant matter, the Court finds that Plaintiff has met the commonality standard. Although some of the letters and terms and conditions may vary somewhat, each contains the representation that Gateway's rates would be competitive, thus posing a common question. Additionally, the Court finds that comparison to the local utility rates is appropriate given the fact that Orange and Rockland had approximately 80% of the market and Defendant's own employee, Sam Gifford, compared Gateway's rates to the local utility, finding that Gateway's rates were 190% above the local utility.

### **Typicality**.

Plaintiff argues that typicality is satisfied because all class members were victims of the same misconduct, i.e. Gateway's deceptive representations regarding its variable rate, and they suffered the same injury, i.e. paying a rate that was higher than they would have paid had Gateway not misrepresented that its variable rate would be competitive. Additionally, the Complaint contains allegations of plan-wide misrepresentations and non-disclosures, which she alleges, by definition, were not individualized.

In opposition, Defendant Gateway contends that typicality is not present because Ms. Bell was not influenced or injured by Gateway's statement that its variable rates would be competitive, since she never wanted variable rates. Defendant further argues that Ms. Bell is subject to unique rebuttals and defenses that preclude her from serving as a class representative, including that she had easily navigated the renewal process on three prior occasions; was aware variable rates could go up and down each month; and Gateway's action in sending a "no-strings attached" un-cased check and partially used gift card, means Ms. Bell has no standing.

To be typical, "it is not necessary that the claims of the named plaintiff be identical to those of the class." Super Glue Corp v. Avis Rent A Car System, Inc., 132 A.D.2d 604, 607, 517 N.Y.S.2d 764 (2d Dept. 1987). The requirement is satisfied even if the class representative cannot personally assert all the claims made on behalf of the class. Pruitt, 167 A.D.2d at 22. Typicality is satisfied by establishing that the claims representative parties arise "out of the same course of conduct and are based on the same theories as the other class members." Ackerman v. Price Waterhouse, 252 A.D.2d 179, 201, 683 N.Y.S.2d 179 (1st Dept. 1998). Moreover, the typicality requirement relates to the nature of the claims and the underlying transaction, not the amount or measure of damages, and the claim that plaintiff's damages may differ from those of other members of the class is not a proper basis to deny class certification. Vickers v. Home Federal Sav. And Loan Ass'n of East Rochester, 56 A.D.2d

62, 65, 390 N.Y.S.2d 747 (4th Dept. 1977).

Here, whether or not Ms. Bell may have navigated the renewal process better than other proposed class members, or whether she did not intentionally seek to be placed on the variable rate, does not negate typicality where Ms. Bell's claims arise out of the same course of conduct- i.e. the representation that Gateway's energy rates would be competitive-as other class members. Moreover, contrary to Gateway's contentions, there are no unique defenses related to lack of standing. The Court made a finding with respect to the summary judgment motions that there exists a live controversy sufficient to confer standing. The Court noted that defendant's reliance on a single 78 year old case, Tractor & Equipment Corp v. Chain Belt Co., 50 F. Supp. 1001, 1004 (S.D.N.Y. 1942), for the proposition that her retention of a check for an unreasonable period of time constitutes acceptance of an offer, is simply misplaced. In Tractor and Equipment Corp., the Court did not rule that plaintiff had accepted the offer based upon retention of the check, but rather, that this raised a triable issue of fact to be determined by the jury. In the instant matter, however, a plain reading of the letter accompanying the check and gift cards- which stated that there were "no-strings attached"- make clear that no settlement offer was being made. If there was no settlement offer being made, Plaintiff's failure to cash the check could not constitute an acceptance of an offer, rendering the Tractor and Equipment Corp. case inapplicable to the instant facts.

**Adequacy and Superiority.** The Court finds that Plaintiff and her counsel will fairly and adequately protect the class, as there does not appear to be any conflicts which exists between class representatives and class members; the representative appears to have familiarity with the lawsuit and financial resources; and counsel has demonstrated both competence and experience as class counsel. Additionally, the Court finds that the class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly given the modest value of each individual claim and the cost of individual litigation. Additionally, Plaintiff represents that she is unaware of any other litigation concerning class

members' claims.

**CPLR Sec. 902**. Once the Court has determined the prerequisites set forth in CPLR Sec. 901 have been met, the Court must then consider the additional factors set forth in CPLR Sec. 902. Among the matters which the court shall consider in determining whether the action may proceed as a class action are (1)The interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) The impracticability or inefficiency of prosecuting or defending separate actions; (3) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (4) The desirability or undesirability of concentrating the litigation of the claim in the particular forum; (5) The difficulties likely to be encountered in the management of a class action." CPLR §902.

Here, the Court finds that these additional factors, called "feasibility considerations," favor certification in this case. There is no evidence that individual class members are seeking to control their own action, as it does not appear that there is other pending litigation which seeks to raise the same claims. Additionally, New York is the most desirable and suitable forum since the claims arise under New York law, the suit arises from Gateway's conduct in New York and all of the class members and accounts are, or were, maintained in New York. Additionally, the class action will conserve judicial resources and prevent inconsistent adjudications.

Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Certify the Class is GRANTED in its entirety; and it is further

**ORDERED** that the certified class will consist of: "All Gateway customers who were charged on a fixed rate plan at any time and were converted to a variable rate plan for

natural gas and/or electricity services in New York from may of 2014 to the present.[2]"; and it is further

**ORDERED** that Danielle Bell is appointed as Class Representative and Kohn, Swift & Graf, P.C. and the Frederick Law Group, PLLC are appointed as Plaintiff's counsel; and it is further

**ORDERED** that the parties are directed to appear for a conference via Microsoft Teams on February 18, 2021 at 2 p.m. The Court shall provide the link for the conference the day prior.

The foregoing constitutes the Decision and Order of this Court on Motion #10.

Dated: New City, New York
January 8, 2021

HON. SHERRI L. EISENPRESS, A.J.S.C.

To: All Counsel via NYSCEF

---

[2]Excluded form the Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which any Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, legal representative, predecessor, successor, or assignee of a Defendant.

8