# Exhibit 3

| | |
|---|---|
| **Subject:** | Re: Brous v. Eligo - post conference conferral |
| **Date:** | Friday, October 24, 2025 at 4:51:44 PM Eastern Daylight Time |
| **From:** | Tiasha Palikovic |
| **To:** | David Meadows, Leo O'Toole, Abigail Howd, Ryan Watstein |
| **CC:** | Andrey Belenky, Burkett McInturff, Daniel Kieselstein, Ethan Roman, Daniel Martin, Jessica L. Hunter, Luke Kopetsky, Greg Blankinship |
| **Attachments:** | image001.png |

David,

I believe you are misremembering the order of operations that flow from the Judge's order. The Judge expressly granted our motion regarding the chats and directed Eligo to provide the dates and participant information for all chats. He also emphasized several times that supplying this information—even for 2,000 documents—should not be especially difficult or time-consuming. However, he stopped short of ordering Eligo to do so immediately and instead required Eligo to investigate the feasibility of doing so and to submit a declaration for any documents where such information could not be provided.

To jog your memory, I recall him saying he thought the task could be done in a week or less and suggesting you assign a junior associate to handle it. He then advised Plaintiffs to focus on a narrower set of documents if and when we bring another motion to compel. I confirmed that we would do so and that I hoped we could either avoid further motion practice or limit it to a small subset of documents. But this focus on select documents was to come *after* Eligo's provision of additional information and a conferral.

If you still believe you are not required to do anything unless Plaintiffs first focus on a smaller set of documents, we will request clarification as soon as the transcript is ready. But I think we're all better off being practical here and not spending more resources delaying the inevitable.

Thank you for confirming you are looking into the feasibility of providing family relationships; please let us know if you encounter a roadblock and we'll be happy to assist.

With respect to the third parties, you prevailed on your claim that we have not fully conferred about the "specific documents" referenced in our motion. I am now offering to do just that. The specific documents for this conferral are listed in Exhibit B. I hope you can clarify who these individuals are so that we can follow Judge Ramos' guidance to focus on a limited number of documents if we're before him again.

I had assumed Leo would continue leading the meet and confers on this issue, but if you are planning to take over, we will wait until you are back from vacation. We are available any time Monday through Wednesday, November 3–5. Please let us know what time works for you.

Thanks and have a nice vacation,

Tiasha

**From:** David Meadows <dmeadows@wtlaw.com>
**Date:** Friday, October 24, 2025 at 2:49 PM
**To:** Tiasha Palikovic <TPalikovic@wittelslaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Andrey Belenky <abelenky@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Daniel Martin <dmartin@fbfglaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Luke Kopetsky <lkopetsky@fbfglaw.com>, Greg Blankinship <gblankinship@fbfglaw.com>
**Subject:** Re: Brous v. Eligo - post conference conferral

Tiasha,

I am not available next week because I will be on vacation. But we're off to a bad start because your email not at all in keeping with what Judge Ramos stated today. First, he did not grant any part of your motion. Towards the end of the call, and before he adjourned the call in frustration with your needlessly argumentative and unreasonable approach, Judge Ramos directed the parties to focus on documents that are "important, relevant and cogent to the case," rather than take a shotgun approach. He specifically stated that any dispute must be over discrete documents, and not a re-presentation of the 1,000-document laundry list Plaintiffs improperly presented the first time around.

Your email utterly ignores those directives and essentially seeks everything your motion requested, other than the privilege waiver that Judge Ramos specifically denied.

We fully intend to confer per Judge Ramos' directive, but it is incumbent on plaintiffs to come up with a targeted list of what is truly "important, relevant and cogent to the case." Please supply us with that as a basis for further discussions. In the meantime we are evaluating the cost and feasibility of further specifying the log as to chats and family relationships.

David

---

**From:** Tiasha Palikovic <TPalikovic@wittelslaw.com>
**Date:** Friday, October 24, 2025 at 1:03 PM
**To:** David Meadows <dmeadows@wtlaw.com>, Leo O'Toole <lotoole@wtlaw.com>, Abigail Howd <ahowd@wtlaw.com>, Ryan Watstein <Ryan@wtlaw.com>
**Cc:** Andrey Belenky <abelenky@wittelslaw.com>, Burkett McInturff <jbm@wittelslaw.com>, Daniel Kieselstein <djk@wittelslaw.com>, Ethan Roman <edr@wittelslaw.com>, Daniel Martin <dmartin@fbfglaw.com>, Jessica L. Hunter <jlh@wittelslaw.com>, Luke Kopetsky <lkopetsky@fbfglaw.com>, Greg Blankinship <gblankinship@fbfglaw.com>

**Subject:** Brous v. Eligo - post conference conferral

[Warning – external]

David,

Following Judge Ramos' directive at today's conference, please let us know your availability for a meet and confer regarding a) the third parties and unidentified individuals on Eligo's fourth privilege log and b) the feasibility of identifying families on Eligo's log. As you know, the color annotations in Exhibit A of Plaintiffs' motion (ECF 285-1) denote in red all 204 documents which list authors or recipients who are either third parties or for whom Plaintiffs' counsel was unable to find an Eligo connection. Exhibit B provides further context for 67 of the documents coded in red on Exhibit A. With respect to identifying family members, we understand a conferral may not be necessary, but to the extent Defendants cannot figure out a way to supply this information, we are happy to offer some ideas for simple ways to do so. Please let us know your availability early next week; we are available any time Monday through Tuesday, except 2–3pm on Tuesday.

Please also let us know when to expect Eligo's revised privilege log. Per Judge Ramos' directive, in addition to family relationships, this revised log should identify the dates and participants for all logged chats, and fill in the missing date and author/sender/recipient fields for all entries where Eligo is able to discern that information from the face of the document. For your convenience, Exhibit A identifies all such entries in pink, orange and green. To the extent Eligo is unable to provide this information, please provide a declaration explaining why the information could not be supplied.

Thanks,

Tiasha


**Tiasha Palikovic**

WMP | Partner
305 Broadway, Floor 7 | New York, NY 10007
Phone: 646 266 2630 | Fax: 914 775 8862



The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.