**Wittels McInturff Palikovic**

March 12, 2026

<u>**Via ECF**</u>
Honorable Edgardo Ramos
United States District Court

Re:     <u>***Brous, et al. v. Eligo Energy, LLC, et al., 24 Civ. 1260 (ER)***</u>

Dear Judge Ramos,

Plaintiffs and the proposed Class submit this response to Eligo's unauthorized "reply" letter regarding its pre-motion application to have the Court decide its not-yet-filed summary judgment motion <u>before</u> Plaintiffs' <u>pending</u> motion for class certification. ECF 355. There is no provision in this Court's rules or the Local Rules allowing reply letters.

Defendants claim their reply is needed because Plaintiffs raised the one-way intervention rule for the first time in opposition to Eligo's pre-motion letter. Not so. The parties discussed this issue at length during their February 26 meet and confer. During that meeting defense counsel informed the undersigned that Defendants intended to move for summary judgment *without* waiving the one-way intervention protections. That same day Plaintiffs sought an extension *sine die* of the deadline on their anticipated motion for partial class-wide summary judgment because Plaintiffs did not want to "risk violating the 'one way intervention rule,' which prevents class plaintiffs from seeking pre-certification merits rulings." ECF 346. Defendants reviewed that letter before it was filed, and they were plainly aware that one-way intervention was an issue that should be addressed.

In any event, the Court should proceed with deciding the already-filed class certification motion before entertaining Defendants' summary judgment motion, even if Defendants waive the one-way intervention protections. Indeed, Eligo has repeatedly agreed that Plaintiffs' motion for class certification should be filed and (presumably) decided. *See* ECF 23, n. 1 (joint proposed scheduling order with briefing schedule for class certification); ECF 160 (joint request for revised scheduling order with briefing schedule for class certification); ECF 216 (same); ECF 264 (same); ECF 301 (same); ECF 321 (same). Indeed, just one month ago, Defendants sought—and the Court granted—a comprehensive class certification and *Daubert* briefing schedule that does not even mention summary judgment. ECF 338. Now, after almost two years of intensive class discovery, and six weeks after Plaintiffs <u>filed</u> their class certification motion (ECF 324), Defendants ask the Court to put aside the pending class certification motion so that they can move for summary judgment on Plaintiffs' individual claims.

Plaintiffs respectfully suggest that the better course is to stick to the motion schedule already agreed upon by the parties and set by the Court. *See* ECF 338. Doing so allows notice to be sent to the Class before a merits decision is reached, which is aligned with Second Circuit precedent, the traditional approach to class rulings, and Rule 23.

Dated: March 12, 2026	Respectfully submitted,

By:	*/s/ J. Burkett McInturff*
J. Burkett McInturff
Tiasha Palikovic
Jessica L. Hunter
**WITTELS MCINTURFF PALIKOVIC**
305 Broadway, 7th Floor
New York, New York 10007
Tel: (917) 775-8862

D. Greg Blankinship
Daniel J. Martin
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281

*Attorneys for Plaintiffs and the*
*Proposed Class*

CC: All Counsel of Record via ECF