UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANNE BROUS *and* MICHELLE SCHUSTER, *on behalf of themselves and all others similarly situated*,

                        Plaintiffs,

          – against –

ELIGO ENERGY, LLC, *and* ELIGO ENERGY NY, LLC,

                        Defendants.

**ORDER**

24-cv-01260 (ER)

RAMOS, D.J.:

      Anne Brous and Michelle Schuster (together, "Plaintiffs") brought this putative class action against Eligo Energy, LLC and Eligo Energy NY, LLC (collectively, "Eligo") alleging breach of contract and violations of various state consumer protection statutes. Doc. 272.  Eligo requested leave to file a motion for summary judgment on February 27, 2026.  Doc. 348.  Plaintiffs opposed the request, but argued that, if the Court allowed the motion, "it should find on the record a waiver of the one-way intervention protections and authorize Plaintiffs to file their pre-motion application for summary judgment without risking violating the [one-way intervention] rule."  Doc. 351.  The Court held a conference regarding the anticipated motion on March 11, 2026.

      The Court will permit Eligo to file the motion for summary judgment.  In general, "[t]he rule against one-way intervention prevents *plaintiffs* from moving for class certification after acquiring a favorable ruling on the merits of a claim."  *Chery v. Conduent Education Services, LLC*, 581 F. Supp. 3d 436, 445 (N.D.N.Y. 2022) (emphasis added) (quoting *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016)).  The rule does not, however, preclude defendants from moving for summary judgment prior to class certification.  *See Costello*, 810 F.3d at 1057 n.3; *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) (affirming grant of summary judgment to defendant

prior to class certification because "[t]here is nothing in Rule 23 which precludes the court from examining the merits of plaintiff's claims on a proper . . . motion for summary judgment simply because such a motion precedes resolution of the issue of class certification" (internal quotation marks omitted)); *Christensen v. Kiewit-Murdock Investment Corp.*, 815 F.2d 206, 214 (2d Cir. 1987) (holding district court "was well within its discretion" to "reserv[e] decision on [plaintiffs'] class certification motion pending disposition of [defendants'] motions to dismiss"); *Wright & Miller's Federal Practice & Procedure* § 1798 (3d ed. 2025) ("Defendant also may move for summary judgment prior to class certification. If it is granted, however, the absentees will not be bound by the judgment."). Indeed, the advisory committee notes to Rule 23 list the fact that "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification" as one of "many valid reasons that may justify deferring the initial certification decision." Fed.R.Civ.P. 23(c)(1)(A) advisory committee's note to 2003 amendment. And while a defendant may waive its one-way intervention protections—for example, by failing to object to the plaintiff's filing of a merits-based motion prior to class certification—the Court does not find Eligo waived any objection here. *See Mendez v. The Radec Corp.*, 260 F.R.D. 38, 45 (W.D.N.Y. 2009); *Chery*, 581 F. Supp. 3d at 446.

Eligo's request to file a motion for summary judgment is therefore GRANTED. Eligo is directed to file its motion for summary judgment by March 23, 2026. Plaintiffs' opposition is due April 20, 2026. Eligo's reply is due May 4, 2026. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 348.

It is SO ORDERED.

Dated:   March 16, 2026
          New York, New York

                                                      EDGARDO RAMOS, U.S.D.J.