**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANNE BROUS, AS THE EXECUTOR OF THE ESTATE OF IRA BROUS and MICHELLE SCHUSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELIGO ENERGY, LLC and ELIGO ENERGY NY, LLC,<br><br>Defendants. | Civil Case No.: 1:24-cv-01260-ER |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S ORDER FINDING THAT DEFENDANTS HAVE NOT WAIVED THEIR ONE-WAY INTERVENTION PROTECTIONS**

---

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Daniel J. Martin
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
dmartin@fbfglaw.com

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff
Andrey Belenky
Ethan D. Roman
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (914) 775-8862
jbm@wittelslaw.com
abelenky@wittelslaw.com
edr@wittelslaw.com

Dated: March 30, 2026

In accordance with Local Civil Rule 6.3 and Your Honor's Individual Practice Rule 2.A.ii, Plaintiffs respectfully move for limited reconsideration of the Court's March 16, 2026 Order granting Defendants' request for leave to file their summary judgment motion, ECF No. 376 (the "March 16 Order").

Specifically, while Plaintiffs do not object to the Court's decision to allow Defendants to file a pre-certification summary judgment motion, Plaintiffs respectfully ask that the Court reconsider and reverse the March 16 Order's finding that Defendants have not waived the protections afforded to them under the rule against "one-way intervention." *Id.* at 2. Plaintiffs' request has two bases. ***First,*** prior to the March 16 Order, Defendants expressly stated in a court filing that "Defendants have waived the one-way intervention rule as to its motion for summary judgment by asking permission to move for summary judgment." ECF No. 355 at 2. ***Second***, even without this express waiver, it is well-settled that Defendants' pursuit of a pre-certification merits decision implicitly waives the rule's protections.

The rule against one-way intervention protects a class action defendant from the scenario where a class action plaintiff moves for a merits ruling *before* class notice has been distributed and the class opt-out period has expired. *Chery v. Conduent Educ. Servs., LLC*, 581 F. Supp. 3d 436, 445–46 (N.D.N.Y. 2022). The rule is meant to prevent absent class members from awaiting a merits decision before deciding whether to be bound. *Id.* at 445.  "In other words:

> [i]f an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of a favorable ruling. If an individual plaintiff got an unfavorable ruling on the merits prior to class certification, class members are incentivized to opt out of the class to avoid application of the unfavorable ruling."

*Id.* (quoting *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016)). Thus, "[c]ourts have held that in general, issues relating to class certification should be decided before a decision on the merits is rendered." *Mendez v. Radec Corp.*, 260 F.R.D. 38, 44 (W.D.N.Y. 2009).

A class action defendant can waive this protection, however, either expressly (as here), or implicitly (also as here) by seeking a merits ruling before class notice has been distributed and the class opt-out period has expired. *See Mendez*, 260 F.R.D. at 45 (collecting cases for both express and implied waiver); *see also Rivell v. Private Healthcare Systems, Inc.*, 2007 WL 1221315, at *3 (S.D.Ga. Apr. 20, 2007) ("In this case, Defendants expressly waive any invocation on such protection" of the rule against one-way intervention), *vacated on other grounds and remanded,* 520 F.3d 1308 (11th Cir. 2008).

When a class action defendant waives the one-way intervention rule, the class action plaintiff can, for example, cross-move for summary judgment and obtain a favorable merits ruling before absent class members have decided whether to opt out. *See Chery*, 581 F. Supp. 3d at 446, 449–54 (finding the defendant waived one-way intervention protections by seeking summary judgment and granting the plaintiff's cross-motion for summary judgment on a class-wide basis).

Here, Defendants affirmatively waived their one-way intervention protections. On March 11, 2026, Defendants docketed a letter containing an express waiver:

> Defendants have waived the one-way intervention rule as to its motion for summary judgment by asking permission to move for summary judgment. Defendants are within their right to do so and the Court has unquestioned discretion to consider Defendants' motion for summary judgment before deciding class certification.

ECF No. 355 at 2. Defendants have also implicitly waived the rule by seeking leave to file a pre-certification motion for summary judgment. *See Mendez*, 260 F.R.D. at 45 (waiver implied "where the *defendant* moves for summary judgment prior to class certification") (emphasis in original).

2

Notwithstanding Defendants' express and implied waiver, the March 16 Order finds that Defendants did not waive the one-way intervention rule: "while a defendant may waive its one-way intervention protections—for example, by failing to object to the plaintiff's filing of a merits-based motion prior to class certification—the Court does not find Eligo waived any objection here." *Id.* at 2 (citing *Mendez*, 260 F.R.D. at 44–45 and *Chery*, 581 F. Supp. 3d at 446).

Plaintiffs respectfully ask that the Court reconsider this finding. Motions for reconsideration are governed by Local Rule 6.3, which provides that the moving party shall set forth "the matters or controlling decisions which the moving party believes the court has overlooked." Here, there are two matters the Court overlooked.

*First*, before the Court issued its March 16 Order, Defendants affirmatively *agreed* with Plaintiffs that Defendants' proposed pre-certification summary judgment motion resulted in waiver. Defendants' express concession put the issue of waiver outside of the adversarial process. Under those circumstances, it was error for the Court to find that waiver had not occurred. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) ("A motion for reconsideration performs a valuable function where the Court . . . has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.").

*Second*, the March 16 Order's finding regarding one-way intervention appears to have been mistakenly focused on the question of whether *Plaintiffs'* anticipated motion for summary judgment would trigger Defendants' waiver. The March 16 Order states that "while a defendant may waive its one-way intervention protections—for example, by failing to object to the plaintiff's filing of a merits-based motion prior to class certification—the Court does not find Eligo waived any objection here." *Id.* at 2. The March 16 Order next cites *Mendez*, *id.*, where the defendants

3

were found to have waived their one-way intervention protections by failing to object to the plaintiff simultaneously moving for summary judgment and class certification. *Mendez*, 260 F.R.D. at 45; *see also id.* at 48 (defendants "must have known that any determinations against them might well inure to the benefit of the class as a whole" and their awareness "should have been heightened by the fact that plaintiffs had moved for class certification and for summary judgment at the same time.").

Here, unlike in *Mendez*, it is Defendants that first sought a pre-certification merits ruling. Even if Defendants had not already expressly waived the protections of the one-way intervention rule, their application to file an early summary judgment motion constitutes an implicit waiver. *See Chery*, 581 F. Supp. 3d at 446 (finding waiver when defendant moved for summary judgment); *see also Mendez*, 260 F.R.D. at 45 (waiver implied "where the *defendant* moves for summary judgment prior to class certification") (emphasis in original).

Accordingly, Plaintiffs respectfully request that the Court reconsider and amend the March 16 Order to grant Plaintiffs' original request, noted in the March 16 Order and renewed here, that the Court "find on the record a waiver of the one-way intervention protections and authorize Plaintiffs to file their pre-motion application for summary judgment without risking violating the one-way intervention rule." March 16 Order at 1 (cleaned up).

Dated: March 30, 2026                    Respectfully submitted,

                                         **WITTELS MCINTURFF PALIKOVIC**

                                         By: */s/ J. Burkett McInturff*

                                         J. Burkett McInturff
                                         Andrey Belenky
                                         Ethan D. Roman
                                         305 Broadway, 7th Floor
                                         New York, New York 10007

Tel: (914) 775-8862
jbm@wittelslaw.com
abelenky@wittelslaw.com
edr@wittelslaw.com

**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Daniel J. Martin
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com
dmartin@fbfglaw.com

*Counsel for Plaintiffs and the Proposed Class*

5

## <u>LOCAL CIVIL RULE 7.1 CERTIFICATION</u>

I certify that this Memorandum of Law contains 1,190 words and complies with Local

Civil Rule 7.1's requirements.


Dated: March 30, 2026                    By:    */s/ J. Burkett McInturff*
                                                J. Burkett McInturff

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, the foregoing was served via ECF on all counsel of record.

By:    /s/ *J. Burkett McInturff*
J. Burkett McInturff