**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ANNE BROUS, AS THE EXECUTOR OF THE ESTATE OF IRA BROUS** and **MICHELLE SCHUSTER**, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

**ELIGO ENERGY, LLC** and **ELIGO ENERGY NY, LLC**,

    Defendants.

Case No. 1:24-CV-01260-ER

---

**DEFENDANTS' BRIEF IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I.      Introduction

In their latest motion for reconsideration (ECF No. 393), Plaintiffs ask the Court to partially reconsider its March 16, 2026 order (the "Order") granting Defendants leave to file a motion for summary judgment. *See* ECF No. 376. Plaintiffs take no issue with the Court's decision to permit Defendants to file that motion but ask the Court to reconsider the Order to the extent it prohibits them from filing their own affirmative motion for summary judgment. Because Plaintiffs have not made the "strict" showing necessary to justify reconsideration, their motion should be denied. *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012); *see also Suazo v. Ocean Network Express (N. Am.), Inc.,* 2024 WL 68428, at *2 (S.D.N.Y. Jan. 5, 2024) (Ramos, J.).

## II.     Argument

### A.      Legal Standard

"The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys*, 684 F.3d at 52. "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (citation omitted). *Suazo*, 2024 WL 68428, at *2.

### B.      Plaintiffs Have Not Met the Stringent Standards Necessary for Reconsideration.

Plaintiffs concede there is no change in controlling law or new evidence that wasn't

1

available when the Court issued the Order. Nor do they contend the Cort made any "clear error." Instead, the Plaintiffs argue only that the Court "overlooked" two issues in deciding that the Defendants (and not the Plaintiffs) should be permitted to file a motion for summary judgment, notwithstanding Rule 23's "one way intervention" rule. Motion at 3. Even if Plaintiffs were correct that the Court "overlooked" those two issues – which they are not – that still would not establish the "clear error" necessary to justify reconsideration. *YLL Irrevocable Trust*, 729 F.3d at 104.

Indeed, Plaintiffs do not identify a single fact or legal issue "overlooked" by the Court. Instead they argues that the Court drew the wrong conclusions from the record before it, which included Defendants' briefs and statements to the Court. For that reason alone, Plaintiffs have all but conceded that their motion is precisely the sort of "second bite at the apple" that this Court (and others) have held to be an inappropriate use of a motion for reconsideration. *Suazo*, 2024 WL 68428, at *2.

**C.      The Order is Entirely Correct and There is No Cause to Reconsider It.**

Not only has the Court not "overlooked" anything, but its reasoning and ultimate decision -- that although Defendants had requested leave to move for summary judgment, they had not waived the protections of the one-way intervention rule – was entirely correct.

The one-way intervention rule exists to protect defendants in class actions by precluding plaintiffs from seeking a judgment in their favor before a decision on class certification has been rendered. *Amati v. City of Woodstock,* 176 F.3d 952, 957 (7th Cir.); *see also Ndugga v. Bloomberg L.P.*, 2023 WL 4744184, at *7 (S.D.N.Y. July 25, 2023). Thus, "courts that have decided summary judgment either before or simultaneously with class action motions have generally done so when the defendants moved for summary judgment as opposed to the plaintiffs." *DDMB, Inc. v. Visa, Inc.*, 2021 WL 6221326, at *11 (E.D.N.Y. Sept. 27, 2021). It is therefore within a district court's discretion to permit a defendant to seek summary judgment before the issue of class certification

has. been resolved. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998).

While the protections of the one-way intervention rule may be waived, a waiver does not occur merely because the defendant files a motion for summary judgment. Indeed, many decisions recognize that a defendant's pre-certification summary judgment motion is a well-recognized (and even favored) tactic. *Cowen v. Bank United of Texas, FSB,* 70 F.3d 937, 941 (7th Cir. 1995) (stating that a defendant may elect to seek summary judgment prior to decision on class certification as a "way to try to knock ... off [the action] at low cost," by disqualifying the named plaintiffs as proper class representatives, in order to moot the question whether to certify the suit as a class action."); *Steele-Warrick v. Microgenics Corp.*, 2024 WL 4987020, at *1 (E.D.N.Y. Oct. 8, 2024) ("[Judicial economy encourages deciding first on summary judgment when a merits determination could inform and even moot class certification issues without prejudicing the parties."). Nothing in Rule 23 says that a defendant automatically waives the one-way intervention rule by filing a motion for summary judgment. Such a ruling would turn the one-way intervention rule on its head. *See generally* § 1798 Pleadings and Motions in Class Actions, 7B Fed. Prac. & Proc. Civ. § 1798 (3d ed.) (stating that a "[d]efendant also may move for a summary judgment prior to the class certification.")

None of the cases cited by Plaintiffs – all of which were cited to the Court prior to the issuance of its Order – are to the contrary. Plaintiffs rely principally on *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 44 (W.D.N.Y. 2009). But in that case, the court found a potential waiver only where the defendant did not object to the plaintiff's filing of simultaneous motions for class certification and summary judgment. Nothing similar has occurred here. Defendants have consistently made clear that they do not consent to Plaintiffs' filing of a motion for summary judgment prior to a decision on class certification, and in that way expressly invoked the protections of the one-way intervention rule. *See* ECF No. 355 at 2 ("Defendants have waived the one-way intervention rule

*as to its motion for summary judgment by asking permission to move for summary judgment.*")(emphasis added.) Moreover, *Mendez* addressed a motion to de-certify a class based on the alleged inadequacy of plaintiffs' counsel. It did not deal with the issue presented here – namely, whether Defendants' filing of a motion for summary judgment means the Plaintiffs must also be granted that same right. *Mendez* is therefore inapposite.

Plaintiffs reliance on *Chery v. Conduent Educ. Servs., LLC,* 581 F. Supp. 3d 436, 446 (N.D.N.Y. 2022) is equally misplaced. There the court found a waiver of the one-way intervention rule only where the defendant "buried its intervention objection in the final two pages of its opposition to Chery's own motion for partial dispositive relief." *Id.* Here, Defendants did not wait for a response brief to raise an objection to Plaintiffs' filing of a motion for summary judgment. Both in their briefs and during a hearing, Defendants consistently maintained their objection to Plaintiffs' filing of a pre-certification motion for summary judgment. Defendants further made clear that any waiver of the one-way intervention rule applied only to their own "motion for summary judgment," and not to any such motion by Plaintiffs. *See* ECF No. 355 at 2. The Court was therefore correct to find that Defendants did not waive the protections of the one-way intervention rule.

Moreover, the Court found a waiver in *Chery* only where the "Class involves at most only a few thousand borrowers (ascertained by the Class Data provided by Conduent) who have alleged harm over a closed-ended period of time and who stand to receive relatively meager individual sums, the likelihood of opt-outs are low and therefore the risk of prejudice to Conduent is minimal." *Id.* at 446. Plaintiffs make no similar claim here. Nor could they, given that they are seeking tens of millions in alleged damages from Eligo.

## III.    Conclusion

The Court correctly concluded that Defendants within its right to move for summary judgment, just as the defendants had done in earlier class actions against ESCOs. *Martinez v. Agway*, 88 F.4th 401, 418 n. 13 (2d. Cir. 2023); *Richards v. Direct Energy Servs*., LLC, 915 F.3d 88, 106 (2d. Cir. 2019). Plaintiffs cite no new case or piece of evidence at all, much less one that could change the Court's initial decision. All they present is more argument about the very same cases and facts presented to the Court before it issued the Order. That alone is reason enough to deny their Motion. But on top of that, the Court correctly determined that Defendants did not waive the protections of the one-way intervention rule, which exists to prevent plaintiffs (but not defendants) from seeking judgment prior to class certification.

Dated: April 13, 2026

Respectfully submitted,

/s/ Ryan Watstein
Ryan D. Watstein (*pro hac vice*)
David Meadows (*pro hac vice*)
Leo P. O'Toole
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Tel: (404) 782-0695
ryan@wtlaw.com
dmeadows@wtlaw.com
lotoole@wtlaw.com
*Attorneys for Defendants Eligo Energy, LLC
and Eligo Energy NY, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2026, I caused to be electronically filed a true and correct copy of the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Ryan D. Watstein
Ryan D. Watstein

6