**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**ANNE BROUS, AS THE EXECUTOR OF THE ESTATE OF IRA BROUS** and **MICHELLE SCHUSTER,** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ELIGO ENERGY, LLC** and **ELIGO ENERGY NY, LLC,**

Defendants.

Civil Case No.: 1:24-cv-01260-ER

---

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S ORDER FINDING THAT DEFENDANTS HAVE NOT WAIVED THEIR ONE-WAY INTERVENTION PROTECTIONS**

---

**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Daniel J. Martin
One North Broadway, Suite 900
White Plains, New York 10601
Telephone: (914) 298-3281
gblankinship@fbfglaw.com
dmartin@fbfglaw.com

**WITTELS MCINTURFF PALIKOVIC**
J. Burkett McInturff
Andrey Belenky
Ethan D. Roman
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (914) 775-8862
jbm@wittelslaw.com
abelenky@wittelslaw.com
edr@wittelslaw.com

Dated: April 20, 2026

In accordance with Local Civil Rule 6.3 and Your Honor's Individual Practice Rule 2.A.ii, Plaintiffs respectfully submit this reply in further support of their motion for limited reconsideration of the Court's March 16, 2026 Order granting Eligo's request for leave to file its summary judgment motion but leaving in place Eligo's right to object to Plaintiffs doing the same. ECF No. 376 (the "March 16 Order").

Eligo's Brief in Opposition to Plaintiffs' reconsideration motion admits that Eligo's March 11, 2026 letter *expressly* waived its one-way intervention protections. Def. Mem. at 3–4, ECF No. 402 (citing the March 11 letter, ECF No. 355). The Court should hold Eligo to this waiver.

Nevertheless, Eligo now argues for the first time that its express waiver applied only to Eligo's summary judgment motion and that Plaintiffs should still be blocked from cross-moving for summary judgment. *Id.* Eligo's new claim is both factually and legally incorrect. Eligo's Brief in Opposition makes Plaintiffs' point that the Court overlooked Eligo's express (and now confirmed) waiver and that reconsideration is warranted.

First, Eligo agrees that it expressly waived the one-way intervention rule but misleadingly seeks to recharacterize its express waiver as applying only to its own summary judgment motion. The Court should reject this revisionist history. As Eligo's March 11 letter makes clear, Eligo understood that its waiver applied to *both* Plaintiffs' and Eligo's anticipated summary judgment motions. Eligo wrote:

> it is well-established that "a defendant can waive *any objection* to a decision on the merits prior to, or simultaneous with, a decision on class certification." *Mendez v. The Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009); *see also Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir. 1998) ("The decision to award summary judgment before acting on class certification [is] well within the discretion of the trial court.").

ECF No. 355 at 1–2 (emphasis added). Nothing in *Schweizer* or *Mendez* suggests that a class action defendant's early summary judgment motion triggers waiver as to a decision on the merits based

on defendant's motion alone and not a plaintiff's cross-motion as well. Eligo's letter makes no effort to connect those two cases to its new claim that its waiver was limited only to its own motion. Indeed, Eligo's letter did not offer any legal basis for allowing a defendant to move for summary judgment while still holding the one-way intervention rule over the head of the class action plaintiff.

In fact, Eligo's reliance on *Mendez* in its March 11 letter is directly at odds with Eligo's position now. The *Mendez* court found that the defendants' pre-certification summary judgment motion constituted a "waiv[er] [of] any objections" to a pre-certification merits decision (whether based on plaintiffs' motion or defendants'), thus authorizing the court to grant the ***plaintiffs***' pre-certification summary judgment motion on a class-wide basis. 260 F.R.D. at 45. To support its holding, the *Mendez* court cited four circuit-level cases for the proposition that an implied waiver occurs "where the *defendant* moves for summary judgment prior to class certification." *Id.* (emphasis in original). As the *Mendez* court reasoned, it was a matter of simple fairness for defendants who seek a pre-certification merits decision to assume the risk of plaintiffs successfully seeking the same. *Id.* ("[D]efendants were well aware that this action had been brought against them as a class action, and they must have known that any determinations against them might well inure to the benefit of the class as a whole."); *see also Chery v. Conduent Educ. Servs., LLC*, 581 F. Supp. 3d 436, 446 (N.D.N.Y. 2022) (citing *Mendez* and *Schweizer*, finding the defendant waived one-way intervention protections by seeking summary judgment, and granting the plaintiff's cross-motion on a class-wide basis).[1]

---

[1] Eligo's efforts to distinguish *Mendez* and *Chery* likewise fail. As discussed above, Eligo is simply incorrect that *Mendez* "did not deal with the issue presented here–namely, whether Defendants' filing of a motion for summary judgment means the Plaintiffs must also be granted that same right." Def. Mem. at 4. It is also irrelevant that *Mendez* was decided in the decertification context. The reason Plaintiffs ask that the Court find Eligo to have waived its one-way intervention protections as to Plaintiffs' anticipated partial

2          (*footnote continued on following page*)

Second, Eligo's new position is legally incorrect. Eligo cannot expressly (and implicitly) waive the one-way intervention rule as to its own summary judgment motion but then invoke that rule to block a cross-motion from Plaintiffs. A class action "defendant cannot pick and choose when it is protected from one-way intervention." *Rodriguez v. GC Pizza LLC*, No. 4:20-CV-3106, 2022 WL 4368353, at *7 (D. Neb. Sept. 21, 2022) (refusing to strike plaintiff's class-wide summary judgment motion because defendant's motion waived one-way intervention protections); *see also id.* ("[S]everal other circuits have persuasively concluded that a defendant waives its one-way intervention protection when it moves for summary judgment prior to class certification."); *Reynolds v. Turning Point Holding Co., LLC*, No. 2:19-CV-01935, 2020 WL 7336932, at *4 (E.D. Pa. Dec. 14, 2020) ("When [the defendant] filed its summary judgment motion, it waived the protection of the one-way intervention doctrine for issues that it raised in its summary judgment motion. It cannot now invoke that doctrine to bar [the plaintiff's] motion on the same issues."); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 762 (3d Cir. 1974) (where a "defendant is willing to run the risk that the determination of liability, if he loses, will be given effect in favor of the class, with notice in the event of such determination, the district court must seriously consider that alternative, and should, absent other compelling circumstances, pursue that course.").

As the court noted in *Ahne v. Allis-Chalmers Corp.*, 102 F.R.D. 147, 151 (E.D. Wis. 1984), when a class action defendant seeks a pre-certification summary judgment ruling, it makes a "double-edged gamble." "The risk to the defendant is, of course, that if he loses on the liability issue, that result will be given effect as to a class of yet undefined numbers and composition; if he

---

summary judgment motion is to take this issue off the table at class certification. *See Mendez,* 260 F.R.D. at 45 ("[D]efendants should not be permitted to wait and see how the Court will rule on plaintiff's summary judgment and Rule 23 class certification motions . . . and then, after the Court rules against defendants, belatedly seek to decertify the class on the ground that the Court should never have followed that procedure in the first place."). Likewise, what was key in *Chery* (as here) was the fact that the defendant chose to "move[] for affirmative relief" before class certification issues were settled. 581 F. Supp. 3d at 446.

3

wins, he may still face subsequent prosecution by other potential class members[.]" *Id.* And of course, Eligo's leading case—*Mendez*—relied on *Ahne.* 260 F.R.D. at 45. Eligo has chosen to take that "double-edged gamble" here, and Plaintiffs respectfully request that the Court hold Eligo to the well-established consequences of its choice.

Accordingly, Plaintiffs respectfully request that the Court reconsider and amend the March 16 Order to grant Plaintiffs' original request, noted in the March 16 Order and renewed here, that the Court "find on the record a waiver of the one-way intervention protections and authorize Plaintiffs to file their pre-motion application for summary judgment without risking violating the one-way intervention rule." March 16 Order at 1 (cleaned up).

Dated: April 20, 2026

Respectfully submitted,

**WITTELS MCINTURFF PALIKOVIC**

By: */s/ J. Burkett McInturff*
J. Burkett McInturff
Andrey Belenky
Ethan D. Roman
305 Broadway, 7th Floor
New York, New York 10007
Tel: (914) 775-8862
jbm@wittelslaw.com
abelenky@wittelslaw.com
edr@wittelslaw.com

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
D. Greg Blankinship
Daniel J. Martin
One North Broadway, Suite 900
White Plains, New York 10601
Tel: (914) 298-3281
gblankinship@fbfglaw.com
dmartin@fbfglaw.com

*Counsel for Plaintiffs and the Proposed Class*

## **LOCAL CIVIL RULE 7.1 CERTIFICATION**

I certify that this Memorandum of Law contains 1,225 words and complies with Local

Civil Rule 7.1's requirements.


Dated: April 20, 2026                              By:      */s/ J. Burkett McInturff*
                                                            J. Burkett McInturff

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2026, the foregoing was served via ECF on all counsel of record.

By:    /s/ *J. Burkett McInturff*
J. Burkett McInturff